DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper (SBN 259463)
  *jharper@dwt.com*
Nicole S. Phillis (SBN 291266)
  *nicolephillis@dwt.com*
Heather F. Canner (SBN 292837)
  *heathercanner@dwt.com*
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Telephone:  (213) 633-6800
Facsimile:  (213) 633-6899

Attorneys for Defendant
THE KROGER COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAVONDA HAWKINS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE KROGER COMPANY,<br><br>Defendant. | Case No. 15CV2320 JM BLM<br>Assigned to the Hon. Jeffrey T. Miller<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**<br><br>***[Declaration in support filed concurrently]***<br><br>Action Filed:  October 15, 2015 |

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...............................................................................1

II.   BACKGROUND ...............................................................................2

III.  LEGAL STANDARD .......................................................................3

IV.   THE MOTION TO COMPEL SHOULD BE DENIED ......................4

    A.    Ms. Hawkins's Motion and Discovery Suffers Numerous General Defects .................................................................................4

        1.    Ms. Hawkins's Counsel Failed to Meet and Confer on the Supplemental Discovery Responses, and Her Motion May Be Denied On That Basis. ..............................................4

        2.    Ms. Hawkins Fails To Meet Her Burden To Show Her Requests Are Relevant and Proportional at This Stage of the Case. .............................................................................5

        3.    Ms. Hawkins's Discovery Time Periods Violate Rule 26(b)(1)..........................................................................7

    B.    Ms. Hawkins's Motion Should Be Denied on Numerous Request-Specific Grounds. ...................................................8

        1.    Products Not at Issue (Rog. Nos. 3, 6)................................8

        2.    Product Feedback (RFP Nos. 11, 20)..............................10

        3.    Employees and Third Parties (RFP Nos. 2, 3, 4)..............10

        4.    Labeling Changes (RFP Nos. 5, 6, 7, 8, 10) ...................11

        5.    Retention Policies (RFP No. 1)........................................12

        6.    PHO and Trans Fat (RFP Nos. 13, 17, 25) ....................12

        7.    Manufacturing (RFP Nos. 14, 15 and Rog. Nos. 4, 5, 7, 8).......13

        8.    "0g Trans Fat Per Serving" (RFP No. 16) .....................13

        9.    Pricing, Revenues, and Sales (RFP Nos. 18, 24 and Rog. No. 1)..................................................................14

        10.   Preparation of Discovery Responses (Rog. No. 2) ...........15

    C.    Ms. Hawkins Is Not Entitled to Fees.................................15

V.    CONCLUSION ...............................................................................15

i
OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## Cases

*Allen v. Similasan Corp.*,
  2014 WL 1672594 (S.D. Cal. Apr. 28, 2014)......................................................8

*Beem v. Providence Health & Servs.*,
  2011 WL 13228175 (E.D. Wash. July 7, 2011) ................................................12

*Caccamise v. Credit One Bank, N.A.*,
  2019 WL 1900908 (S.D. Cal. Apr. 26, 2019)......................................................8

*Council on Am.-Islam Relations Action Network, Inc. v. Schlussel*,
  2012 WL 4513605 (E.D. Mich. Oct. 2, 2012)....................................................14

*DirecTV v. Trone*,
  209 F.R.D. 455 (C.D. Cal. Aug. 14, 2002)................................................*passim*

*Gottesman v. Santana*,
  2017 U.S. Dist. LEXIS 196260 (S.D. Cal. Nov. 28, 2017) .................................8

*Grossman v. Directors Guild of Am., Inc.*,
  2018 WL 5914242 (C.D. Cal. Aug. 22, 2018)....................................................11

*Gusman v. Comcast Corp*,
  298 F.R.D. 592 (S.D. Cal. 2014) ...................................................................6, 10

*Heilman v. Silva*,
  2015 WL 1632693 (S.D. Cal. Apr. 13, 2015)....................................................11

*In re Donnelly*,
  --- F. App'x ---, 2019 WL 3284759 (9th Cir. 2019).............................................7

*In re USA Comm. Mtg. Co.*,
  2010 WL 11538037 (D. Nev. June 9, 2010).......................................................12

*Jenkins v. U.S.*,
  90 Fed. Cl. 585 (2009) ........................................................................................5

*Katiroll Co., Inc. v. Kati Roll & Platters Inc.*,
  2014 WL 12634921 (D.N.J. Apr. 8, 2014).........................................................15

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Mantolete v. Bolger*,
   767 F.2d 1416 (9th Cir. 1985) ....................................................................*passim*

*Millare v. Stratton*,
   2017 WL 4102398 (S.D. Cal. Sept. 15, 2017)....................................................4

*Montgomery v. Wal-Mart Stores, Inc.*,
   2015 WL 11233390 (S.D. Cal. Sept. 4, 2015)..................................................12

*Munoz v. InGenesis STGI Partners, LLC*,
   2015 WL 13554994 (S.D. Cal. July 15, 2015) ...........................................3, 4, 5

*Organogenesis Inc. v. Ness*,
   2016 WL 3002375 (D. Nev. May 23, 2016).......................................................15

*Ortolani v. Freedom Mtg. Corp.*,
   2018 WL 324813 (C.D. Cal. Jan. 8, 2018) .....................................................7, 4

*Owino v. Corecivic, Inc.*,
   2019 WL 2867278 (S.D. Cal. July 3, 2019) .......................................................6

*Perrotte v. Johnson*,
   2019 WL 176786 (E.D. Cal. Jan. 11, 2019) ......................................................3

*Red v. Kraft Foods Inc.*,
   2011 WL 13128159 (C.D. Cal. July 25, 2011)..........................................*passim*

*Rich v. Hewlett-Packard Co.*,
   2009 WL 10628294 (N.D. Cal. Dec. 14, 2009)................................................11

*Robinson v. Potter*,
   453 F.3d 990 (8th Cir. 2006) ............................................................................4

*Sharma v. BMW of N. Am. LLC*,
   2016 WL 1019668 (N.D. Cal. Mar. 15, 2016)...................................................2

*Shaw v. Experian Info. Sol'ns, Inc.*,
   306 F.R.D. 293 (S.D. Cal. 2015) .......................................................................7

*Thomas v. Cate*,
   715 F. Supp. 2d 1012 (E.D. Cal. 2010) .............................................................7

*Thomas-Byass v. Michael Kors Stores (Cal.), Inc.*,
   2015 WL 5568609 (C.D. Cal. Sept. 22, 2015) ...........................................6, 7, 15

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

*Trident Mgmt. Grp. v. GLF Constr. Corp.*,
  2017 WL 3011144 (E.D. La. July 14, 2017) ........................................................ 14

*Underwriters at Lloyd's London v. Bear LLC*,
  2016 WL 3092120 (S.D. Cal. June 2, 2016)........................................................... 8

*Van Patten v. Vertical Fitness Grp.*,
  2013 WL 1899724 (S.D. Cal. May 7, 2013)............................................................ 9

*Zheng-Lawson v. Toyota*,
  2019 WL 3413253 (N.D. Cal. July 29, 2019).................................................. 9, 10

**Rules**

Federal Rule of Civil Procedure
  23 ................................................................................................................................ 7
  26 ....................................................................................................................... *passim*
  33 ......................................................................................................................... 5, 14
  34(b)(1)(A)...................................................................................................... 9, 12
  37(a) ................................................................................................................. *passim*


S.D. Cal. Local Rule
  26.1 .................................................................................................................... 4, 5

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# I.    INTRODUCTION

This lawsuit is one of many in plaintiff's crusade against trans fat, on behalf of a plaintiff who admittedly has suffered no injury from the purportedly harmful ingredient and has not relied on the allegedly misleading label, on behalf of a putative class that is not suitable for certification.  Prior to class certification, federal courts impose significant restrictions on plaintiffs' discovery, in addition to the relevancy and proportionality requirements under Rule 26.  Ms. Hawkins flouts these limitations, serving Requests for Production and Interrogatories seeking over a decade's worth of information and documents on expansive and irrelevant topics, including for example, products that Kroger does not even sell.  But filing a putative class action does not entitle Plaintiff to any and all discovery *carte blanche*.  In no world is this far-reaching discovery relevant and proportional to the needs of the case at this pre-certification stage.  Kroger thus asserted its many valid objections on these bases (and more) in response to this discovery.

Ms. Hawkins's counsel disputed Kroger's objections and, without explaining how this discovery falls within the scope of Rule 26 (it does not), demanded it all now.  After an initial meet and confer, in the interest of avoiding court intervention, Kroger offered to supplement its responses.  Ms. Hawkins's counsel refused and insisted on running immediately to the Court.  The Court, however, set a briefing schedule two weeks out so Kroger could supplement, which it did on July 11.  Ms. Hawkins's counsel never attempted to meet and confer on those supplemental responses and instead hastily filed this motion to compel nearly all of her requests.

Her motion fails on a number of independent grounds.  As an initial matter, Ms. Hawkins did not sufficiently confer on Kroger's supplemental responses as required by Federal, Local, and this Court's chamber rules.  This alone is grounds to deny the motion.  In any event, as to all discovery, she has not met and cannot meet her burden of showing—as instructed by this Court at the June 5, 2019 hearing— her discovery is ***relevant and proportional at the pre-class certification phase***.

OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Indeed, Ms. Hawkins does not even attempt to explain the relevance of her requests to her claims or class certification, or how the burden of complying with her all-encompassing requests could be proportional to the benefit (if any) of production at this stage. Nor does she make the showing required to obtain pre-class certification discovery. She likewise fails to make these showings for the sweeping time periods she applies to all her requests. Each of her discovery requests also suffers from additional defects. Kroger's objections are well-founded and responses are sufficient, and Ms. Hawkins fails to carry her burden to demonstrate otherwise.

## II.    BACKGROUND

On October 15, 2015, plaintiff Shavonda Hawkins filed this putative class action premised on the labeling and purported use of trace amounts of trans fat in Kroger Bread Crumbs ("KBC"). Ms. Hawkins alleges she purchased KBC six times per year from 2001 until her final purchase in 2015, at which time she allegedly began reading articles about possible health dangers from over-consumption of certain amounts of trans fat. *Id.* ¶¶ 17–72, 75, 111. These reports allegedly led her to conclude that KBC were harmful and the "0g Trans Fat" statement on the front of the KBC packaging—which is identical to the federally-mandated statement in the nutrition label on the package—is misleading. *Id.* ¶¶ 76, 104. On these grounds, Ms. Hawkins brings claims for violations of the California Unfair Competition Laws, Consumer Legal Remedies Act, False Advertising Law, and claims for breach of warranty. *Id.* ¶¶ 122–87. She proposes two putative classes: a class of "[a]ll persons who purchased in the United States, on or after January 1, 2008, Kroger bread crumb products containing partially hydrogenated oil ['PHO']"; with a subclass for those who purchased KBC products "containing the front labeling claim '0g Trans Fat.'" Dkt. 1 ¶ 114.

On May 15, 2019, Ms. Hawkins served Requests for Production and Interrogatories. Mot. at 1:8–9. The requests were broadly drafted (among other defects), seeking over a decade of documents and information from Kroger on

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

expansive topics reaching far beyond the matters at issue.  *See* Dkt. 69-2 Exs. 1–2. On June 17, Kroger served its responses and well-founded objections.  Decl. of H. Canner ("Decl.") ¶ 2, filed herewith.  On June 19, Ms. Hawkins's counsel requested to meet and confer without identifying any bases for the discovery, and the parties scheduled a call for June 28.  *Id.* ¶ 3.  Prior to the call, Ms. Hawkins's counsel sent a letter, which did not explain why Ms. Hawkins is entitled to the discovery under Rule 26, but rather merely argued that each of Kroger's objections was technically insufficient because they are purportedly "boilerplate" (they are not).  *Id.* ¶ 4.

On the meet and confer call, Ms. Hawkins's counsel again failed to explain why she has any right to the requested discovery, nor did she meaningfully narrow any of her requests.  *Id.* ¶ 5.  In an effort to avoid court intervention, Kroger offered to supplement its responses to both the Interrogatories and Requests for Production. *Id.*  Nonetheless, counsel insisted on filing a motion to compel immediately.  *Id.* Kroger objected the motion was premature, but Ms. Hawkins's counsel arranged a call with the Court for July 8.  *Id.* ¶¶ 5–6.  The clerk set a schedule two weeks out to allow Kroger to first supplement its responses (Dkt. 63), which it did on July 11, agreeing to provide information and documents, while preserving its valid objections.  *Id.* ¶ 6.  Kroger produced product labels the week of July 22.  *Id.* ¶ 7. Ms. Hawkins's counsel never attempted to meet and confer regarding Kroger's supplemental responses.  *Id.* ¶ 8.  Instead, she filed her motion, repeating the same hollow arguments as in the June 26 letter.

## III.   LEGAL STANDARD

On a motion to compel, the moving party has the burden of identifying for "each disputed response," why the information sought is relevant and proportional to the needs of the case under Rule 26(b)(1), and why the objections are not justified.  *Perrotte v. Johnson*, 2019 WL 176786, at *2 (E.D. Cal. Jan. 11, 2019); *see Munoz v. InGenesis STGI Partners, LLC*, 2015 WL 13554994, at *2 (S.D. Cal. July 15, 2015) ("The party seeking to compel discovery has the burden of

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).”); Civ. Chamber R. V.F. (“The discovery motion must contain at a minimum . . . an explanation as to why the response is inadequate . . . and the legal authority supporting the motion.”). In addition, a party may move to compel discovery only upon “certification that the movant has in good faith conferred or attempted to confer with the opposing party.” Fed. R. Civ. P. 37(a)(1); *see* L.R. 26.1; Hon. Major Civ. Chamber Rules V.A. If those burdens are met, the opposing party “has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining, and supporting its objections.” *Munoz*, 2015 WL 13554994, at *2. As discussed below, Ms. Hawkins fails to meet her burdens.

## IV.    THE MOTION TO COMPEL SHOULD BE DENIED.

**A.    Ms. Hawkins's Motion and Discovery Suffers Numerous General Defects**

      **1.    Ms. Hawkins's Counsel Failed to Meet and Confer on the Supplemental Discovery Responses, and Her Motion May Be Denied On That Basis.**

As an initial matter, Ms. Hawkins's motion is barred—at least as to the several requests Kroger supplemented—because her counsel failed to sufficiently meet and confer prior to filing.[1] Under Rule 37(a)(1), a party must “in good faith confer[] or attempt[] to confer” prior to filing a motion to compel. Fed. R. Civ. P. 37(a)(1); *Robinson v. Potter*, 453 F.3d 990, 994–95 (8th Cir. 2006) (affirming denial of motion to compel for failure to sufficiently meet and confer); *Millare v. Stratton*, 2017 WL 4102398, at *1 (S.D. Cal. Sept. 15, 2017) (“Failure to meet and confer in good faith is grounds for denial.”). The Local Rules and Judge Major's Chamber Rules explicitly require the conference be “in person” or “by telephone” and the issues discussed thoroughly. L.R. 26.1; Civ. Chamber R. V.A.

---

[1] In particular, Kroger supplemented its responses to Interrogatory Nos. 1, 4, 5, 7, 8 and Request for Production Nos. 1, 2, 4, 5, 6, 7, 14, 15. Dkt. 69-2 Exs. 7, 8.

OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Although the parties discussed Kroger's initial responses by telephone on June 28, Ms. Hawkins's counsel never attempted to meet and confer after Kroger substantially supplemented its responses on July 11. Decl. ¶¶ 6–8. Rather, Ms. Hawkins's counsel only emailed Kroger to ask about its production, and to confirm Kroger's position regarding the three "narrowed" document requests offered prior to Kroger's supplemental responses. *Id.* ¶ 8. But that does not constitute a good faith effort to meet and confer, let alone one over the phone. *Jenkins v. U.S.*, 90 Fed. Cl. 585, 589 (2009) (denying motion to compel where parties had "conversations" about discovery, but plaintiff's counsel failed to confer "after plaintiff's receipt of the responses"). Ms. Hawkins failed to satisfy this prerequisite, which independently warrants denial of her motion.

## 2. Ms. Hawkins Fails To Meet Her Burden To Show Her Requests Are Relevant and Proportional at This Stage of the Case.

Even if the Court considers the motion, virtually all of the discovery Ms. Hawkins seeks is irrelevant or otherwise fails to meet the proportionality requirements under Rule 26 (among other defects). As the moving party, she bears the burden of showing the requested discovery is relevant and proportional under Rule 26(b)(1). *Munoz*, 2015 WL 13554994, at *2. At the pre-class certification phase, discovery is even further limited and requires a heightened showing. *See infra* at 6. Ms. Hawkins glosses over these foundational requirements, and instead spends nearly her entire motion attacking (unsuccessfully) the *format* of Kroger's objections.[2] She is required—and failed—to do far more.

---

[2] Contrary to Ms. Hawkins's repeated contention (Mot. at 5:1–6:6, 8:6), Kroger is not required to explain in detail every ground for its objections in the responses—if it did, there would be no need for an opposition. Rather, a party objecting to discovery "has the burden of clarifying, explaining, and supporting its objections" in its opposition. *Munoz*, 2015 WL 13554994, at *2. Because of page limitations, Kroger does not address each of its objections herein, but incorporates and preserves the objections in its discovery responses. *See* Dkt. 69-2 Exs. 7, 8. This includes Kroger's objections that Ms. Hawkins's Interrogatories are improperly compound and/or conjunctive, and that she therefore has fewer than 17 remaining interrogatories under Rule 33. *See* Mot. at 8:1.

OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Indeed, this Court expressly stated at the June 5, 2019 hearing that all discovery must be relevant and proportional at this pre-class certification stage.  Ms. Hawkins apparently attempts to bypass this requirement by arguing "the Court's Scheduling Order does not limit discovery in any way."  Mot. at 10:13.  She ignores this Court's instruction, as well as the Federal Rules.  Fed. R. Civ. P. 26(a)(1) (requiring proportionality).  She further overlooks the authority in this Circuit recognizing significant limitations on pre-class certification discovery.

Regardless of whether discovery is bifurcated, "pre-class certification . . . discovery . . . is limited to certification issues such as the number of class members, the existence of common questions, typicality of claims, and the representative's ability to represent the class."  *Gusman v. Comcast Corp*, 298 F.R.D. 592, 595 (S.D. Cal. 2014); *Owino v. Corecivic, Inc.*, 2019 WL 2867278, at *2 (S.D. Cal. July 3, 2019) (same).  Moreover, Ms. Hawkins may only obtain pre-certification discovery if she makes specific showings—she did not.  As the Ninth Circuit explained in *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985):

> Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations. Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion.

*Id.*  When evaluating specific requests, the court considers "its need, the time required, and the probability of discovery resolving any factual issue necessary for the determination. Where the necessary factual issues may be resolved without discovery, it is not required."  *Thomas-Byass v. Michael Kors Stores (Cal.), Inc.*, 2015 WL 5568609, at *4 (C.D. Cal. Sept. 22, 2015).  In light of these many restrictions, Kroger objected to the disputed discovery requests on these grounds.

Although Ms. Hawkins mentions these requirements in her brief—relevance, proportionality, and pre-certification limits—she never explains how each of them

OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

are met. *First*, the only point in her brief where she even broaches relevance is where she attempts to dispute Kroger's relevance objections. Mot. at 5–7. But she makes only the bare assertion that a few of her requests seek relevant information, without any explanation. *Id.* at 6:6–10, 7:14–18. That falls short of her burden. *Second*, she quotes proportionality as the "Legal Standard" (*id.* at 1:20–25), but never applies it. Instead, she makes the conclusory (and incorrect) statement that Kroger bears this burden, and makes no effort to explain how her requests overcome this restriction. *Id.* at 5:8–10.[3] *Third,* she notes the specific showing for pre-certification discovery (*id.* at 6:25–7:11), but stops there. Nowhere does she outline how her discovery is "likely" to substantiate class allegations (it is not).

Ms. Hawkins's failure to meet these burdens is grounds to deny her motion. *Mantolete*, 767 F.2d at 1425 (affirming denial of motion to compel where plaintiff failed to show the requests "will produce persuasive information substantiating the class action allegations"); *Thomas-Byass*, 2015 WL 5568609, at *4 (same); *Ortolani v. Freedom Mtg. Corp.*, 2018 WL 324813, *3 (C.D. Cal. Jan. 8, 2018) (same). She cannot remedy this failure in her reply. *See In re Donnelly*, 2019 WL 3284759, *1 (9th Cir. 2019) (affirming court's refusal to consider arguments "raised for the first time in [the] reply brief"); *see infra* Part IV.B (addressing each request).

### 3.    Ms. Hawkins's Discovery Time Periods Violate Rule 26(b)(1)

In any event, Ms. Hawkins's discovery requests all span either (i) January 1, 2006 to present, or (ii) January 1, 2010 through May 31, 2018, which she refers to as "class period," without explanation. Dkt. 69-2 Exs. 1, 2. These periods are untethered to the realities of this case. Ms. Hawkins bears the burden of showing these ranges are entirely relevant and proportional, but absent from her brief is any

---

[3] Ms. Hawkins conflates demonstrating "undue burden" with proportionality. Mot. at 5:6–17 (citing *Shaw v. Experian Info. Sol'ns, Inc.*, 306 F.R.D. 293, 301 (S.D. Cal. 2015) (discussing "undue burden" under Rule 26(b)(2)(C))). Ms. Hawkins cites another case in support that pre-dates the 2015 addition of the proportionality requirement to the Federal Rules, and is thus inapplicable. *Id.* at 5:17–19 (citing *Thomas v. Cate*, 715 F. Supp. 2d 1012 (E.D. Cal. 2010)).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

explanation linking these sweeping periods to class certification or the matters at issue.  At most, she argues that in *some cases* discovery might extend outside the limitations period, but says nothing to justify why it should here.  Mot. at 10:28–11:28.[4]  Gathering information from a decade ago or longer (to the extent it is even accessible) is objectively unduly burdensome, and disproportionate to the minimal benefit, if any, from production.  Kroger identifies the relevant time period as the four years preceding the complaint, because the statutes of limitations for Ms. Hawkins's claims are three and four years.  Dkt. 65 at 25; *Red v. Kraft Foods Inc.*, 2011 WL 13128159, at *2 (C.D. Cal. July 25, 2011) (in case brought by Ms. Hawkins's counsel, court limited discovery to four year limitations period, because plaintiff failed to explain how broader period is relevant); Mot. at 11:4–5.

**B.     Ms. Hawkins's Motion Should Be Denied on Numerous Request-Specific Grounds.[5]**

Each of the discovery Requests suffer additional defects and Kroger's objections should be sustained.

**1.     Products Not at Issue (Rog. Nos. 3, 6)**

---

[4] The cases she cites in support are inapposite.  Mot. at 11:4–19.  In both cases, the court concluded the moving party, unlike Ms. Hawkins, met its Rule 26(b)(1) burdens.  *Allen v. Similasan Corp.*, 2014 WL 1672594, at *2–3 (S.D. Cal. Apr. 28, 2014); *Gottesman v. Santana*, 2017 U.S. Dist. LEXIS 196260 (S.D. Cal. Nov. 28, 2017).  Further, In *Allen*, the court permitted discovery post-dating the complaint because plaintiff alleged the defendant's misconduct continued after filing and sought injunctive relief, neither of which is true here. 2014 WL 1672594, at *2.  *Gottesman* did not even involve a putative class representative seeking pre-certification discovery. 2017 U.S. Dist. LEXIS 196260, at *5.

[5] Kroger preserves its privilege and work product objections, and informed Ms. Hawkins that to the extent it withholds any documents it otherwise agreed to produce, it will provide a privilege log. Decl. ¶ 8 Ex. B.  Ms. Hawkins's suggestions to the contrary are simply unfounded.  Mot. at 9:16–10:6.  There is no further relief to be provided.  Ms. Hawkins's cited cases are inapposite, as they merely address the information to provide once a specific document is withheld on this basis, *Underwriters at Lloyd's London v. Bear LLC*, 2016 WL 3092120 (S.D. Cal. June 2, 2016), or provide the exact relief to which Kroger has already agreed—a privilege log for any withheld documents, *Caccamise v. Credit One Bank, N.A.*, 2019 WL 1900908 (S.D. Cal. Apr. 26, 2019).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

These requests ask Kroger to identify "products" that it "ha[s] considered at different times" to be "primary competitors" to KBC, and every "Kroger Bread product" it "sold" with PHO during 8.5 years. Dkt. 69-2 Exs. 1, 7. These requests are plainly irrelevant to this action—they seek information solely about ***products not at issue***. *See Red*, 2011 WL 13128159 (denying motion to compel in trans fat class action to "identify all products [defendant] sold during the relevant period"). They are overbroad for the same reason. Producing information spanning 8.5 years regarding irrelevant products is disproportionate to the benefit, if any, of such discovery.[6] Ms. Hawkins also fails to show this discovery meets the threshold *Mantolete* requirements. Most important, information about competition is proprietary. *See Zheng-Lawson v. Toyota*, 2019 WL 3413253, at *2–4 (N.D. Cal. July 29, 2019) (recognizing competitor analysis as proprietary). Ms. Hawkins does not dispute that this information—or any information to which Kroger objected on this basis—is in fact proprietary. Mot. at 9:1–13. Rather, she suggests the protective order in place grants her full access to all proprietary information. *Id.* Not so. Ms. Hawkins must show that this commercially sensitive information is highly relevant, and the need for its production outweighs the risk of substantial harm by disclosing it. *See DirecTV v. Trone*, 209 F.R.D. 455, 459–60 (C.D. Cal. Aug. 14, 2002); Fed. R. Civ. P. 26(c)(1)(G). She does not, nor could she. These requests are also impermissibly vague—"competitor" by what measure? What are the metrics for "primary"? When are the referenced "different times"?[7]

---

[6] The Court has no obligation to rewrite requests that are overbroad, vague, or irrelevant. *E.g.*, *Van Patten v. Vertical Fitness Grp.*, 2013 WL 1899724, at *2 (S.D. Cal. May 7, 2013) ("This RFP is overbroad. The Court will not rewrite it.").

[7] Ms. Hawkins responds to *all* of Kroger's "vague and ambiguous" objections by summarily stating that "th[e] terms are not vague as used in their context." Mot. at 8:19–20. She does not bother to expound, or even begin to explain how her document requests are stated with the requisite "particularity" under Rule 34(b)(1)(A). She fails to meet her burden to overcome these objections.

OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## 2.   Product Feedback (RFP Nos. 11, 20)[8]

These requests seek all documents referencing "call center feedback" regarding KBC, and communications with customers in response to "any complaint about the ingredients" in KBC since 2006.  Dkt. 69-2 Exs. 2, 8.  Ms. Hawkins purportedly offered to narrow these requests to documents concerning trans fat or PHO (Mot. at 4:23–24), but that does not render them relevant or proportional.  Ms. Hawkins has not shown she is entitled to this proprietary information.  *See DirecTV*, 209 F.R.D. at 459–60; *see also Toyota*, 2019 WL 3413253, at \*2 (recognizing customer surveys as confidential and proprietary).  Nor does she do anything to clarify how this would be "likely to substantiate" class allegations—a showing she is required to make.  *See supra* at 6.  If Ms. Hawkins intends to posit this goes to numerosity—which Kroger does not concede—there are "less burdensome means" to obtain such discovery.  *Gusman*, 298 F.R.D. at 596 (denying discovery because "plaintiff has less intrusive and burdensome means" to obtain numerosity evidence).  To the extent Ms. Hawkins intends to argue it bears on Kroger's knowledge, that issue is irrelevant to class certification.  *See Red*, 2011 WL 13128159, at \*3 (denying pre-certification motion to compel as to defendant's knowledge of alleged product issues).  These requests also fail as vague, e.g., feedback from whom?

## 3.   Employees and Third Parties (RFP Nos. 2, 3, 4)

Ms. Hawkins seeks "[a]ll organizational charts" reflecting, and "documents sufficient to identify" employees "involved in" or "third parties with whom YOU contracted for services" in "research, MARKETING, ADVERTISEMENT, manufacturing, or development" of KBC.  Dkt. 69-2 Ex. 8.  As for organizational

---

[8] Kroger maintains all of its objections that the requests are duplicative.  Ms. Hawkins does not dispute her requests are duplicative, but rather argues they are permitted because Kroger is excused from producing the same documents twice. Mot. at 10:15–26.  She confuses duplicative requests with *unreasonably* duplicative requests, which should be prohibited. *See* Fed. R. Civ. P. 26(b)(2)(C); *Heilman v. Silva*, 2015 WL 1632693, at \*7 (S.D. Cal. Apr. 13, 2015) (denying motion to compel request on the sole ground that it was duplicative of another request).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

charts (RFP 2), Kroger responded it has none from 2011 through 2015 within its possession, custody, or control. *Id.* Ms. Hawkins does not explain why this response is insufficient, nor could she, as nothing exists to compel. *Grossman v. Directors Guild of Am., Inc.*, 2018 WL 5914242, at *7 (C.D. Cal. Aug. 22, 2018) ("Because defendant represents it located no responsive nonprivileged documents, nothing more is required."). In any case, she fails to illustrate how documents during these expansive 8.5 or 14-year periods, identifying employees "involved" in any of the listed fields, are relevant or proportional at this stage. *Red*, 2011 WL 14128159, at *2 (denying motion to compel the same discovery in trans fat case where plaintiff made "no showing" it was relevant to class certification). They are not. Moreover, these requests are vague—"research" of what? What kind of "development"? What constitutes a "contract for services"?

### 4. Labeling Changes (RFP Nos. 5, 6, 7, 8, 10)

These requests ask for "exemplars" of labels from January 2006 through the present and their dates of use, documents concerning potential "changes" to the labels and "reasons" therefor, and Kroger's marketing strategy for KBC, since January 2006. Dkt. 69-2 Exs. 2, 8. Kroger agreed to produce—**and did produce**—copies of KBC labels from 2011 through 2015, and agreed to produce documents sufficient to identify the periods during which they were used, to the extent within its possession, custody, or control. *Id.*; Decl. ¶ 7. Ms. Hawkins does not explain how this is insufficient, other than to say, without reason, it is somehow "suspect." Mot. at 12:26–27. Nor does she clarify how any contemplated "changes" to the labels or marketing "strategies" have any bearing on class certification—they do not. And again, she does not satisfy the *Mantolete* test for class discovery. Requiring this expansive proprietary discovery, whether for five years or fourteen, is simply not proportional, as it has no significance at this stage. *See DirecTV*, 209 F.R.D. at 459–60; *see also Rich v. Hewlett-Packard Co.*, 2009 WL 10628294, at *1 (N.D. Cal. Dec. 14, 2009) (design and marketing strategies are proprietary).

OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### 5.       Retention Policies (RFP No. 1)

Ms. Hawkins seeks "written document retention policies" since 2006. Dkt. 69-2 Ex. 8. Kroger responded with valid objections, confirmed it was preserving documents per its legal obligations, and that, to the extent it agrees to produce documents responsive to a request, it would "inform plaintiff, if after a reasonable search" it did not locate any. *Id.* That is more than sufficient. Retention policies are not relevant to the claims or class certification. *Beem v. Providence Health & Servs.*, 2011 WL 13228175, at *4 (E.D. Wash. July 7, 2011) (denying motion to compel, retention policies are "peripheral matter" "related to the ongoing discovery disputes . . . rather than pertaining to the merits"); *In re USA Comm. Mtg. Co.*, 2010 WL 11538037, at *10 (D. Nev. June 9, 2010) (same).[9] Nor is the undue burden of producing 14 years' of policies proportional to the benefit, if any.

### 6.       PHO and Trans Fat (RFP Nos. 13, 17, 25)

Ms. Hawkins asks for "all documents" that "discuss [PHO] or trans fat"; "relat[e] to the effects of" trans fat on "humans or animals" dating back to 2006; or relate to a 2006 "press release" regarding fried chicken. Dkt. 69-2 Exs. 2, 8. Ms. Hawkins cannot credibly claim that "all documents" discussing PHO or trans fat over 14 years is not overbroad—it is. The other requests are likewise impermissibly overbroad and disproportionate, capturing documents involving products and issues that have no bearing on this case, for well over a decade. Nor do these amorphous requests state with "reasonable particularity" what they are seeking. Fed. R. Civ. P. 34(b)(1)(A). Moreover, the sought discovery does not go to class certification, nor

---

[9] Further, unlike in authority cited by Ms. Hawkins, Kroger has not indicated that any documents have been destroyed pursuant to such a policy. Mot. at 6:11–24 (citing *Montgomery v. Wal-Mart Stores, Inc.*, 2015 WL 11233390, at *2–3 (S.D. Cal. Sept. 4, 2015)). Ms. Hawkins attempts to manufacture this issue by misstating Kroger's discovery response (Mot. at 13:25–27), which merely explained Kroger lacks information regarding the "unique number of buyers of all bread crumbs in California." Dkt. 69-2 Ex. 7 at 4. The other cited case is likewise inapposite, as the plaintiff there only sought policies at three discrete points in time, and not, as here, all retention policies without limitation over 14 years. *See Sharma v. BMW of N. Am. LLC*, 2016 WL 1019668 (N.D. Cal. Mar. 15, 2016).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  does Ms. Hawkins even attempt to show the *Mantolete* prerequisite.  To the extent

2  she intends to argue this bears on Kroger's knowledge of the purported effects of

3  trans fat, that makes no difference.  *Red*, 2011 WL 13128159, at *3 (rejecting

4  defendant's "knowledge" as grounds for discovery of "effects" of trans fat).

### 7.   Manufacturing (RFP Nos. 14, 15 and Rog. Nos. 4, 5, 7, 8)

6  These requests seek documents and information regarding who

7  "manufactured, distributed, or sold" KBC; where it was manufactured; the "amount

8  of PHO and trans fat" and proposed or actual "changes thereto" and costs thereof;

9  and the "composition, source, and vendors" of PHO.  Dkt. 69-2 Exs. 7, 8.  Kroger

10  responded that during 2011 through 2015, it sold the product, which contained less

11  than 0.5 grams of trans fat.  *Id.* Ex. 7 at 7.  Kroger purchased the KBC through a

12  third-party supplier, but is not aware of the entity that "manufactured" KBC.  *Id.*

13  Ex. 7 at 4–11.  As a result, Kroger is not able to provide the requested information.

14  *Id.*  No further relief can be granted.  Nor is Ms. Hawkins entitled to further

15  responses, because the requests are overbroad, encompassing a prohibitively wide

16  array of matters over 8.5 years, including proprietary strategy and development

17  information, that have no bearing at this stage.  *DirecTV*, 209 F.R.D. at 459–60.

18  Ms. Hawkins has not evidenced she satisfies the *Mantolete* test.  *Red*, 2011 WL

19  13128159, at *3–4 (denying pre-certification motion to compel "costs" and

20  "amounts" of "ingredients in products at issue" and "identity" of "suppliers,

21  vendors or distributors").  These requests are also vague, e.g., what is a "source" of

22  PHO, and to which role does "distributor" refer?

### 8.   "0g Trans Fat Per Serving" (RFP No. 16)

24  This request seeks "all documents" Kroger "contend[s] support or

25  substantiate the following statement used on" KBC: "0g Trans Fat Per Serving."

26  Dkt. 69-2 Ex. 2.  This is an improper and premature contention request bearing on a

27  disputed issue central to this action.  Courts routinely deny motions to compel

28  contention requests, particularly where, as here, they are served early in discovery.

OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1     *Trident Mgmt. v. GLF Constr. Corp.*, 2017 WL 3011144 (E.D. La. July 14, 2017)

2     (contention document requests are "premature" as the parties are in the midst of

3     exchanging discovery").[10]  The request is also overbroad and unduly burdensome in

4     that it spans 14 years and multiple products, and requires the production of "all

5     documents" that in any way "support" the referenced statement.  Even if identifying

6     such documents were feasible, the burden of production would not be proportional

7     to the parties' needs at this time.  *See Council*, 2012 WL 4513605, at *3 ("[F]orcing

8     [a party] to respond to contention requests for documents" is not "sufficiently

9     productive to justify the burden that responding would entail.").  Moreover, it fails

10     to state with "reasonable particularity" the documents it seeks.  *Id.* (requests for

11     documents responding to legal arguments lack sufficient particularity).

12         **9.**      **Pricing, Revenues, and Sales (RFP Nos. 18, 24 and Rog. No. 1)**

13         These requests ask for documents regarding the "wholesale or retail" price of

14     KBC, and annual revenue and quarter "unit sales" from KBC in California. Dkt. 69-

15     2 Exs. 1, 2.  As to the "unit sales" (Rog. 1), Kroger responded it "lacks information

16     . . . to show the unique number of buyers of all bread crumbs in California."  *Id.* Ex.

17     7 at 4.  If this was intended to identify the *number* of putative class members, it

18     fails, as the requested discovery does not provide that information (Ms. Hawkins

19     herself admits to buying around 90 units of KBC, Dkt. 1 ¶¶ 71–72).  *See Ortolani*,

20     2018 WL 324813, at *3 (denying motion to compel as requested employee records

21     "would not likely substantiate" commonality).  Nor is this information "likely" to

22     substantiate any other class allegation.  *Red*, 2011 WL 13128159, at *3 (denying

23     pre-certification motion to compel prices and revenues in trans fat case).  Ms.

24     Hawkins makes no argument to the contrary.  And given the breadth and irrelevance

25     of this discovery, and stage of the case, production is not proportional to the burden

26

27          [10] While Rule 33 permits certain contention interrogatories, Rule 34 has no

28     corollary for document requests. *Council on Am.-Islam Relations Action Network, Inc. v. Schlussel*, 2012 WL 4513605, at *3 (E.D. Mich. Oct. 2, 2012).

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   of producing this proprietary information.  *Supra* at 9; *see Organogenesis Inc. v.*

2   *Ness*, 2016 WL 3002375, at *4 (D. Nev. May 23, 2016) (sales data are proprietary).

3         **10.**     **Preparation of Discovery Responses (Rog. No. 2)**

4         This request inquires about individuals who "participated . . . or in any way

5   assisted" in answering discovery, or searched, collected, reviewed, or produced

6   documents, and the "nature" of their "involvement."  Dkt. 69-2 Ex. 1.  This is

7   overbroad in that it encompasses attorney work product and irrelevant individuals

8   involved only for purposes of litigation, like document vendors, legal secretaries,

9   and IT personnel.  *See Katiroll Co., Inc. v. Kati Roll & Platters Inc.*, 2014 WL

10  12634921, at *6 (D.N.J. Apr. 8, 2014) (denying motion to compel individuals'

11  names by similar interrogatory).  Moreover, if Ms. Hawkins is looking for

12  individuals with personal knowledge of the claims and defenses, there is a "less

13  burdensome means" to obtain it—Rule 26 initial disclosures, which Kroger has

14  already provided.  Requiring production of this sweeping discovery is not

15  proportional to the need for it, most of which has no bearing on this litigation.

16  **C.**    **Ms. Hawkins Is Not Entitled to Fees.**

17        Contrary to her contention, Ms. Hawkins is not entitled to fees for bringing

18  this motion.  "The Court must not order [] payment if the movant filed the motion

19  before attempting in good faith [to meet and confer]," the "nondisclosure" was

20  "substantially justified," or if "other circumstances" make the award "unjust."  Fed.

21  R. Civ. P. 37(a)(5)(A); *Thomas-Byass*, 2015 WL 5568609, at *2.  Ms. Hawkins's

22  requests were overbroad, vague, irrelevant, and not proportional at this stage,

23  among other defects, as set forth above, and Kroger's objections on these bases

24  were warranted.  Further, Ms. Hawkins brought this motion without sufficiently

25  meeting and conferring, and without bothering to explain the grounds for her

26  expansive discovery requests.  No basis exists for awarding her fees.

27                    **V.**    **CONCLUSION**

28        Kroger respectfully requests Ms. Hawkins's motion to compel be denied.

15

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1

2   DATED: August 2, 2019                DAVIS  WRIGHT  TREMAINE  LLP

3                                        JACOB M. HARPER
                                         NICOLE S. PHILLIS
4                                        HEATHER F. CANNER

5

6                                        By: /s/ Heather F. Canner
                                             _____
7                                                Heather F. Canner
                                             Attorneys for Defendant
8                                            THE KROGER COMPANY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# CERTIFICATE OF SERVICE

*Shavonda Hawkins v. The Kroger Company*
U.S.D.C. Southern District of California Case No. 3:15-cv-2320-JM-BLM

I the undersigned, declare:

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California.  My business address is 865 S. Figueroa Street, Suite 2400, Los Angeles, CA 90017.

On August 2, 2019, I served true copies of the following documents described as**:**

## OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the documents with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 2, 2019, at Los Angeles, California.

/s/ Heather F. Canner
Heather F. Canner

OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899