# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAVONDA HAWKINS, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>THE KROGER COMPANY,<br><br>Defendant. | Case No.: 15cv2320 JM(BLM)<br><br>**ORDER ON JOINT STIPULATION TO AMEND ANSWER AND MOTION TO STRIKE AFFIRMATIVE DEFENSES** |

Presently before the court is Plaintiff Shavonda Hawkins' motion to strike affirmative defenses filed pursuant to Federal Rules of Civil Procedure Rules 12(f). (Doc. No. 60.) The motion has been briefed and the court finds it suitable for submission on the papers and without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

## I. **BACKGROUND**

On October 15, 2019, Plaintiff Shavonda Hawkins filed this putative class action asserting a myriad of violations of California's consumer protection laws, along with claims for breach of express warranty and implied warranty of merchantability. All of the claims are premised on the labeling and purported use of partially hydrogenated oil ("PHO") and trans fat in Kroger Bread Crumbs. (Doc. No. 1, "the Compl.") Plaintiff alleges that Kroger advertises the product as containing "0g Trans Fat" on the front of the

1 product when, in fact, the product contains more than 0g but less than 0.5g Trans Fat. (Compl. at ¶¶ 6 -9, 79.)

On June 7, 2019, Kroger filed an amended answer. (Doc. No. 59.) In response, Plaintiff filed a second motion to strike Defendant's affirmative defenses. Defendant filed its response in opposition (Doc. No. 65). Plaintiff did not file a reply.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f) a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispersing with those prior to trial …" *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds* 510 U.S. 517 (1994)). "However, striking the pleadings is considered "an extreme measure," thus, Rule 12(f) motions are generally "viewed with disfavor and infrequently granted." *Stanbury Law Firm v. IRS,* 221 F.3d 1059, 1063 (8th Cir. 2000) (quoting *Lunsford v. United States,* 570 F.2d 221, 229 (8th Cir. 1977)); *see also* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed. 2010) ("Both because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory or harassing tactic, numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted." (footnotes omitted)).

A motion to strike "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation. If there is any doubt whether the portion to be stricken might bear on an issue in litigation, the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004). The court is to "view the pleadings in the light most favorable to the non-moving party." *Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1152 (C. D. Cal. 2003).

### III. DISCUSSION

Plaintiff moves to strike eighteen of Defendant's twenty-four affirmative defenses, asserting that many are boilerplate in nature, have not been pled with the requisite specificity, or fail as a matter of law.

First, Plaintiff argues that the defenses of failure to state a claim, lack of standing, no misrepresentation, justifiable reliance, causation, unjust enrichment, benefit of the bargain, and the related defenses to class certification of adequacy, commonality, typicality, superiority, predominance, and generality, are not affirmative defenses because they simply negate elements of claims. The court is not persuaded. Although Plaintiff's reasoning may be sound, because these defenses are sufficient under Rule 8(b), the court declines to strike them simply because they were incorrectly labeled. *See, e.g., Natural-Immunogenics Corp. v. Newport Trial Grp., No. 14-2034,* 2016 WL 11520759, at *4 (C.D. Cal. Nov. 3, 2016); *Pac. Dental Servcs., LLC. 2013 WL 3776337 at *3, 6* (denying motion to strike defenses related to failure to state a claim, damages and class certification; *Belvedere P'ship, Ltd. v. SSI Inv. Mgmt., Inc.* 2010 WL 11508362, *3 (allowing defense of failure to state a claim, reasoning that an answer is a pleading explicitly provided for in Rule 7(a)). S*ee also* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1269 (3d ed. 2010) ("[a] defendant may occasionally label his negative averment as an affirmative defense rather than as a specific denial. But as long as the pleading clearly indicates the allegations in the complaint that are intended to be placed at issue, the improper designation should not operate to prejudice the pleader. If the pleader has been given 'plain notice" of the matters to be litigated … he should be put to his proof on those issues, irrespective of any error by the defendant regarding terminology."). Finally, the court notes that Plaintiff has failed to show that the inclusion of any of these defenses would result in any prejudice.

Second, Plaintiff moves to strike the defenses of preemption, primary jurisdiction, puffery and economic loss doctrine, arguing that they fail as a matter of law. For Plaintiff to be successful in her contention that these defenses are insufficient as a matter of law she

would have to demonstrate that "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Pac. Dental Servs., LLC, v. Homeland Ins. Co. of N.Y.,* No. SACV 13-749-JST (JPRx), 2013 WL 3776337 (C.D. Cal. July 17, 2013). Plaintiff must clearly show that the affirmative defense could have no possible bearing on the subject of the litigation. *Platte ,*352 F. Supp. 2d at 1057. *See also Boba Inc. v. Blue Box Opco LLC,* Case No.: 19-cv-00304-H-NLS, 2019 WL 2140597, * 3 ("An affirmative defense is legally insufficient only if it clearly lacks merit under any set of facts the defendant might allege.") (internal quotations marks and citations omitted); 5C WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1381 (3d ed. 2010) ("a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted).

In regard to the defense of pre-emption, it is not precluded to the extent it is used consistent with the prior orders issued in this case. On appeal, the Ninth Circuit held that Plaintiff's labeling claims are not pre-empted but declined to address the preemption issue in regard to the use claims, therefore it left "it to the district court on remand to decide in the first instance to what extent, if at all, the state law use claims are federally preempted.") (Doc. No. 27 at 10, 17.) In the second round of motion to dismiss briefing, in discussing whether the use of PHO claims were preempted, this court concluded: (1) "the statement "0g Trans Fat," contained in the nutrition label is preempted (Doc. No. 40 at 6); and (2) "the statement "0g Trans Fat," made outside the nutrition label, is not preempted because it does not impermissibly conflict with federal law." (Doc. No. 40 at 7.). The affirmative defense of primary jurisdiction is, however, stricken as the court sees no circumstance where it need apply in this case. *See United States v. W. Pac. R. R. Co*., 352 U.S. 59, 64 (1956) (citation omitted) ("it applies where a claim is originally recognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such case the judicial process is suspended pending referral of such

4

issues to the administrative body for its views.") At this stage of the litigation, both the puffery and economic loss doctrine defenses are not precluded given the court's present inability to determine whether the challenged defenses would not, under the facts alleged, constitute valid defenses.

Finally, the court turns to the Plaintiff's third argument for dismissal, and begins by noting that Plaintiff has supplied the court with no binding authority for her assumption that the heightened pleading standards of *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544 (2007), apply to affirmative defenses, and the court is unaware of any circuit court that has addressed this issue. This court previously held in *Henry v. Ocwen Loan Servicing, LLC,* CASE NO. 17cv0688 JM(NLS), 2018 WL 1101097, at * 2-3 (S.D. Cal. Feb. 26, 2018), that it would not apply such a heightened pleading standard to Defendant's affirmative defenses (noting that under this standard even boiler-point defenses "that are not necessarily applicable under the particular circumstances of the case" can survive a motion to strike). The court continues to stand by its reasoning, finding "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank,* 607 F.2d 824, 827 (9th Cir. 1979) (citing *Conley v. Gibson,* 355 U.S. 41, 47-48 (1957)). Applying this standard, Defendant has plainly stated its "boilerpoint" affirmative defenses of justifiable reliance, third parties, laches, unclean hands, waiver/consent/release, estoppel, unjust enrichment, benefit of the bargain, and statute of limitation. Accordingly, the court declines to strike on these grounds.

In sum, a majority of the defenses challenged by Plaintiff depend on the development of facts through discovery and summary judgment. At this stage of the litigation, when discovery is just beginning, the court is unwilling to take the extreme measure of limiting

///

///

///

the defenses available to Defendant.  Accordingly, Plaintiff's motion to strike the eighteen affirmative defenses of Defendant is **GRANTED IN PART** and **DENIED IN PART**.

IT IS SO ORDERED.

Dated:  November 25, 2019

_____
Hon. Jeffrey T. Miller
United States District Judge