DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper (SBN 259463)
  *jharper@dwt.com*
Nicole S. Phillis (SBN 291266)
  *nicolephillis@dwt.com*
Heather F. Canner (SBN 292837)
  *heathercanner@dwt.com*
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Facsimile: (213) 633-6899

Attorneys for Defendant
THE KROGER COMPANY

*Additional Counsel in Signature Block*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAVONDA HAWKINS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE KROGER COMPANY,<br><br>Defendant. | Case No. 3:15-cv-2320-JM-AHG<br>Hon. Allison H. Goddard<br><br>**STIPULATION REGARDING CONDUCTING DEPOSITIONS BY REMOTE MEANS**<br><br>Action Filed: October 15, 2015 |

Plaintiff Shavonda Hawkins and defendant The Kroger Company jointly stipulate pursuant to Federal Rule of Civil Procedure 30(b)(4) as follows:

WHEREAS:

1. Under the operative Scheduling Order in this action, the expert discovery cutoff is May 1, 2020, Dkt. 58 ¶ 8;

2. Kroger seeks to depose Ms. Hawkins's three expert witnesses—Beatrice Golomb, Ph.D; Nathan Wong, Ph.D; and Robert Bowen, Ph.D—who all reside in California;

3. As a result of the COVID-19 pandemic, risk of infection exists to persons who come into close contact during April 2020, during which time the depositions of Plaintiff's expert witnesses are scheduled in this action;

4. Government and judicial orders require that residents stay at home, practice social distancing, and otherwise have required judicial proceedings to be conducted remotely; and

5. The parties and witnesses wish to and are prepared to proceed with depositions remotely to eliminate the risk of infection and to abide by the orders in effect;

IT IS HEREBY STIPULATED AND AGREED, by and between the parties and the witnesses, through their respective undersigned counsel as follows:

1. The depositions of Nathan Wong, Ph.D; and Robert Bowen, Ph.D shall be conducted remotely by an accredited court reporting service, such as Veritext, using the reporting service's remote deposition software and guidelines.

2. The parties have agreed to depositions on following dates:
   a. Nathan Wong:  April 27, 2020 (recorded transcription, audio, and video);
   b. Robert Bowen:  April 29, 2020 (recorded transcription, audio, and video);

3. The parties have agreed the deposing party will advance fees in advance of the deposition as follows;

    a. Nathan Wong: $3,650 ($350 hourly rate x (7 hours deposition time + 3.5 hours preparation time))

    b. Robert Bowen: $4,750 ($500 hourly rate x (7 hours deposition time + 2.5 hours preparation time))

4. The parties, the witnesses, and their counsel (the "**Attendees**") will abide by the remote court reporting service's guidelines, including but not limited to the following:

5. At least two days prior to the deposition, counsel for the parties and the witness will exchange a complete list of the Attendees, and attendance at the deposition will be limited to these individuals (excluding any staff from Veritext required for the administration of the deposition);

    a. Attendees will connect to the secure video platform at least 15 minutes prior to the scheduled time for the deposition with a webcam equipped laptop, desktop or mobile device and a stable internet connectio ;

    b. The witness will position his or her webcam to provide a wide angle sufficient to capture his or her hand and other movements, and to provide a clear picture of the witness, to the witness's best ability.  The witness shall not communicate with plaintiff, plaintiff's counsel or any third party while the deposition is in session by electronic or telephonic means other than as provided in this stipulation;

    c. The deposition will be recorded through the video conference software;

    d. No other participants in the deposition will be recorded on video and only their audio will be recorded;

    e. Real time transcription will be provided to counsel;

2

     f.     The court reporter or stenographer will not be physically present in the same room as the deponent.  The oath will be administered and the stenographic record will be taken remotely;

     g.     In lieu of an oath administered in-person, the witness will orally declare his/her testimony in this matter under penalty of perjury as directed by the remote court reporter;

     h.     The court reporter will at all times have access to the same interface as the witness;

     i.     All Attendees other than the witness, court reporter, deposing attorney and the objecting attorney will set their audio connection to mute to avoid unintentional noise;

     j.     If and to the extent that the witness brings documents with him or her to the deposition that the deposing party wishes to have marked as exhibits, the witness will email the court reporter and the parties' counsel a full and complete copy of those documents one day in advance of the deposition;

     k.     To the greatest extent possible, the parties will mark and share exhibits using the court reporter's exhibit sharing technology, Exhibit Share, which facilitates the sharing and review of exhibits through document or screen share features;

     l.     The deposing party may direct the witness to a certain part of an exhibit during the deposition by using a pointer, drawing or highlighting function as provided by the deposition software or other electronic means;

     m.     Any private communication, such as via phone, private chat, text message or other electronic or virtual means, between the witness and counsel is strictly prohibited while the deposition is in session;

     n.     Any attorney-client conversations should be held outside the presence of the audio/video interface;

1 | Unless otherwise stated, all other rules contained in the Federal Rules of Civil Procedure and Civil Local Rules govern the deposition.

SO STIPULATED.

DATED: April 20, 2020

**DAVIS WRIGHT TREMAINE LLP**

/s/ Jacob M. Harper

JACOB M. HARPER
865 South Figueroa St., Ste. 2400
Los Angeles, CA 90017-2566
Telephone: (213) 633-6800
Facsimile: (213) 633-6899
*Counsel for The Kroger Company*

DATED: April 20, 2020

**THE WESTON FIRM**

/s/ Gregory S. Weston

GREGORY S. WESTON
1405 Morena Blvd., Ste. 201
San Diego, CA 92110
Telephone:  (619) 798-2006
Facsimile:  (619) 343-2789
*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

*Shavonda Hawkins v. The Kroger Company*
U.S.D.C. Southern District of California Case No. 3:15-cv-2320-JM-BLM

I the undersigned, declare:

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 865 S. Figueroa Street, Suite 2400, Los Angeles, CA 90017.

On April 20, 2020, I served true copies of the following documents described as**:**

**STIPULATION REGARDING CONDUCTING DEPOSITIONS BY REMOTE MEANS**

on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the documents with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 20, 2020, at Los Angeles, California.

/s/ Jacob Harper
Jacob Harper