UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAVONDA HAWKINS, on behalf of herself and all others similarly situated<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE KROGER COMPANY,<br><br>　　　　　　　　　　　Defendant. | Case No.:  15cv2320 JM(AHG)<br><br>**ORDER REQUESTING ADDITIONAL BRIEFING; VACATING EXISTING DATES SUBJECT TO BEING RESET** |

　　　Upon review of the motion for class certification, the court has determined that supplemental briefing on a handful of questions would be beneficial.  Accordingly, the parties are instructed to research and brief the following issues:

1. How does the availability of individual atypical defenses (statute of limitations, lack of reliance) as to a proposed class representative disqualify a plaintiff from advocating and proving, if possible, the reasonable consumer standard?  In other words, do defenses such as absence of reliance, causation, or a statute of limitations bar disqualify the Plaintiff from being an eligible class representative?

2. Under CAFA, the court possesses original jurisdiction where the amount in controversy exceeds $5,000,000, there are more than 100 class members and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  For diversity purposes, a corporation is

a citizen of its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). Now that Plaintiff is seeking to only pursue her individual claims and those brought solely on behalf of a California class, the court has concerns regarding subject matter jurisdiction under CAFA that the parties need to address. These questions need to be evaluated and answered in the context of this case, namely the existence of CAFA jurisdiction in a class action originally filed in federal court. Based on the evidence submitted in connection with Plaintiff's motion to certify the class, questions are now raised relevant to the amount in controversy.

(a) What remaining relevance, if any, exists for Plaintiff's original allegations of compliance with CAFA's jurisdictional threshold of $5,000,000 in light of the pending motion to certify solely a California class?

(b) May, or should, the court allow Plaintiff to pursue only California class certification where Plaintiff (i) has never sought to amend the operative complaint which seeks certification of a nationwide class only, and (ii) first raises the request in a motion for class certification?

(c) What categories of damages should be included in the amount in controversy? Can a request for an award of punitive damages "in amount to be proven at trial" be included in the amount in controversy? And, if inclusion of punitive damages in the amount in controversy is proper here, how are such damages to be calculated?

(d) A putative California class also raises questions regarding the minimal diversity requirement. All Plaintiffs, including the unnamed class members, are now California citizens, but there is some confusion regarding Defendant's citizenship. While Plaintiff has consistently alleged that Kroger is incorporated in Delaware, she has made conflicting representations regarding its principal place of business, alleging in the complaint that its principle place of business is in California, yet asserting

in its Class Certification Reply that it is a resident of Ohio. (*Compare* Doc. No. 1 at ¶ 13 *with* Doc. No. 115 at 9.)  Therefore, the parties are required to file declarations clarifying the states in which Kroger is a citizen and its principle place of business (or headquarters).  If minimal diversity no longer exists, the parties need to address whether CAFA allows a court to retain jurisdiction over a class action, where, as here, (i) certification of the original class is no longer being sought, (ii) Plaintiff has unilaterally through an exclusive amended class eliminated diversity, and (iii) the class seeking to be certified was not previously pled.

Plaintiff's responsive brief, not to exceed **twenty** (20) pages, must be filed on or before **_July 6, 2020_**.  Defendant's brief, not to exceed **twenty** (20) pages, must be filed on or before **_July 27, 2020_**.

The pending Objections to Judge Goddard's sanctions order are taken under submission.  (Doc. Nos. 152, 153.)  As a consequence, the need to enroll in continuing legal education is stayed pending further order of this court.

IT IS SO ORDERED.

Dated: June 15, 2020

Hon. Jeffrey T. Miller
United States District Judge