1  DAVIS WRIGHT TREMAINE LLP
2  Jacob M. Harper (SBN 259463)
     *jharper@dwt.com*
3  Nicole S. Phillis (SBN 291266)
     *nicolephillis@dwt.com*
4  Heather F. Canner (SBN 292837)
     *heathercanner@dwt.com*
5  865 South Figueroa Street, Suite 2400
6  Los Angeles, California 90017-2566
   Telephone:  (213) 633-6800
7  Facsimile:  (213) 633-6899
8
9  Attorneys for Defendant
10 THE KROGER COMPANY
11
12            UNITED STATES DISTRICT COURT
13          SOUTHERN DISTRICT OF CALIFORNIA
14

| | |
|---|---|
| 15 SHAVONDA HAWKINS, on behalf of herself and all others similarly situated, | Case No. 3:15-cv-2320-JM-BLM Assigned to the Hon. Jeffrey T. Miller |
| 16 | |
| 17            Plaintiff, | **KROGER'S OPPOSITION TO MOTION TO EXCLUDE THE EXPERT REBUTTAL REPORT AND TESTIMONY OF RONALD T. WILCOX** |
| 18     vs. | |
| THE KROGER COMPANY, | |
| 19 | No Hearing Unless Requested by Court |
| 20            Defendant. | Dept.:     5D |
| 21 | **[*Declaration of Jacob M. Harper filed concurrently*]** |
| 22 | |
| 23 | Action Filed:  October 15, 2015 |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................... 1

II.   BACKGROUND .................................................................................... 1

     A.    Plaintiff's Claims and the Expert Report of Robert Bowen ................... 1

     B.    Rebuttal Declaration of Ronald T. Wilcox ............................................ 3

III.   LEGAL STANDARD ............................................................................. 4

IV.   ARGUMENT ......................................................................................... 5

     A.    Dr. Wilcox's Report Sets Forth Proper Expert Testimony. ................... 6

     B.    Dr. Wilcox's Rebuttal Testimony Regarding Plaintiff's Faulty Damages Model Is Relevant ................................................................. 9

     C.    Dr. Wilcox's Testimony Regarding Customer Purchasing Decisions is Relevant. .......................................................................... 14

V.    CONCLUSION ..................................................................................... 15

i

OPPOSITION TO MOTION TO EXCLUDE REPORT AND TESTIMONY OF RONALD T. WILCOX

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**Cases**

*A.B. v. Cty. of San Diego*,
  2020 WL 4431982 (S.D. Cal. July 31, 2020) ....................................................... 7

*Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*,
  738 F.3d 960 (9th Cir. 2013) ................................................................................ 9

*Allen v. Hyland's Inc.*,
  300 F.R.D. 643 (C.D. Cal. 2014) .............................................................. 12, 13, 14

*Amazon.Com, Inc. v. Comm. of Internal Revenue*,
  148 T.C. 108 (2017) .............................................................................................. 7

*Astiana v. Ben & Jerry's Homemade, Inc.*,
  2014 WL 60097 (N.D. Cal. Jan. 7, 2014) ............................................................ 12

*Bruno v. Quten Research Ins., LLC*,
  280 F.R.D. 524 (C.D. Cal. 2011) ......................................................................... 14

*Caldera v. J.M. Smucker Co.*,
  2014 WL 1477400 (C.D. Cal. Apr. 15, 2014) ............................................... 11, 14

*Chowning v. Kohl's Dep't Stores, Inc.*,
  2016 WL 1072129 (C.D. Cal. Mar. 15, 2016), *aff'd,* 735 F. App'x
  924 (9th Cir. 2018), *amended on denial of reh'g,* 733 F. App'x 404
  (9th Cir. 2018) ............................................................................................... 10, 14

*Colgan v. Leatherman Tool Grp., Inc.*,
  135 Cal. App. 4th 663 (2006), *as modified on denial of reh'g* (Jan.
  31, 2006) ............................................................................................................. 12

*Corvello v. Wells Fargo Bank N.A.*,
  2017 WL 3449072 (N.D. Cal. May 4, 2017) ................................................. 10, 14

*Daubert v. Merrell Dow Pharm., Inc.*,
  509 U.S. 579 (1993) .............................................................................................. 5

*Guido v. L'Oreal USA, Inc.*,
  284 F.R.D. 468 (C.D. Cal. 2016) ......................................................................... 14

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Hadley v. Kellogg Sales Co.*,
   2019 WL 3604661 (N.D. Cal. Aug. 13, 2019) ..................................................... 7

*Hangarter v. Provident Life & Accident Ins. Co.*,
   373 F.3d 998 (9th Cir. 2004) .......................................................................... 6

*In re Morning Bird Song Food Litig.*,
   320 F.R.D. 540 (S.D. Cal. 2017) ..................................................................... 13

*In re POM Wonderful LLC*,
   2014 WL 1225184 (C.D. Cal. Mar. 25, 2014) ..................................................... 11

*In re Tobacco II*,
   240 Cal. App. 4th 779 (2015) ................................................................... 9, 12

*In re Vioxx Class Cases*,
   180 Cal. App. 4th 116 (2009) ........................................................................ 9

*Korolshteyn v. Costco Wholesale Corp.*,
   2017 WL 1020391 (S.D. Cal. Mar. 16, 2017) .............................................. 12, 13

*Lambert v. Neutraceutical Corp.*,
   870 F.3d 1170 (9th Cir. 2017), *rev'd and remanded*, 139 S. Ct. 710
   (2019) ..........................................................................................12, 13

*Martinez v. Welk Grp., Inc.*,
   907 F. Supp. 2d 1123 (S.D. Cal. 2012).......................................................... 14

*McCrary v. Elations Co.*,
   2014 WL 12589137 (C.D. Cal. Dec. 2, 2014)..................................................... 15

*McDevitt v. Guenther*,
   522 F. Supp. 2d 1272 (D. Haw. 2007)............................................................. 8

*Miller v. Fuhu Inc.*,
   2015 WL 7776794 (C.D. Cal. Dec. 1, 2015) ............................................... 11, 14

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*,
   2017 U.S. Dist. LEXIS 123645 (S.D. Cal. Aug. 4, 2017).................................... 8

*Oddo v. Arocaire Air Conditioning & Heating*,
   2020 WL 5267917 (C.D. Cal. May 18, 2020) ...................................................... 6

*Ogden v. Bumble Bee Foods, LLC*,
   2014 WL 27527 (N.D. Cal. Jan. 2, 2014)...................................................... 9, 11

iii

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Plexxikon, Inc. v. Novartis Pharm. Corp.*,
   2020 WL 2301213 (N.D. Cal. May 8, 2020) ........................................................ 8

*Red v. Kraft Foods, Inc.*,
   2012 WL 8019257 (C.D. Cal. Apr. 12, 2012) ................................................ 11, 14

*Regions Bank of La. v. Rivet*,
   224 F.3d 483 (5th Cir. 2000) .............................................................................. 13

*Ries v. Ariz. Beverages USA LLC*,
   287 F.R.D. 523 (N.D. Cal. 2012) ........................................................................ 14

*Robinson v. OnStar, LLC*,
   2020 WL 364221 (S.D. Cal. Jan. 22, 2020) ............................................. 10, 13, 14

*Sonner v. Schwabe N. Am., Inc.*,
   2019 WL 4266808 (C.D. Cal. July 2, 2019) ........................................................ 14

*Specht v. Jensen*,
   853 F.3d 805 (10th Cir. 1988) .............................................................................. 7

*Stathakos v. Columbia Sportswear Co.*,
   2017 WL 1957063 (N.D. Cal. May 11, 2017) ................................................. 10, 14

*Townsend v. Monster Beverage Corp.*,
   303 F. Supp. 3d 1010 (C.D. Cal. 2018) ............................................................... 15

*United States v. Finley*,
   301 F.3d 1000 (9th Cir. 2002) .......................................................................... 4, 5

*United States v. Pritchard*,
   993 F. Supp. 2d 1203 (C.D. Cal. 2014) ................................................................. 4

*United States v. Ruvalcaba-Garcia*,
   923 F.3d 1183 (9th Cir. 2019) .......................................................................... 5, 9

*Washington v. Franciscan Health Sys.*,
   2018 WL 3546802 (W.D. Wash. July 24, 2018) .................................................... 8

*Werdebaugh v. Blue Diamond Growers*,
   2014 WL 2191901 (N.D. Cal. May 23, 2014) ...................................................... 11

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Statutes**

15 U.S.C. § 1 ...........................................................................................................8

**Rules**

Federal Rule of Evidence
    702 ..............................................................................................4, 5, 9
    703 ..................................................................................................7
    704 ..................................................................................................6

v

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# I.   INTRODUCTION

Dr. Ronald T. Wilcox's rebuttal expert report directly addresses the many deficiencies in the four-page report of Dr. Bowen, Plaintiff's proffered damages expert.  Dr. Wilcox, drawing on his deep marketing and economics background, thoroughly addresses the unsupported assumptions, unreliable methodology, and several calculation errors that pervade Dr. Bowen's damages calculations.  Plaintiff Shavonda Hawkins, apparently acknowledging the strength of Dr. Wilcox's credentials and analyses, does not dispute that Dr. Wilcox has satisfied many of the admissibility requirements for expert testimony: she does not dispute, for example, that he is qualified to render his opinions, or that his methodology is sufficiently reliable.  Rather, her rambling motion to exclude advances only two grounds for exclusion: (1) that Dr. Wilcox's opinions regarding proper economic modeling constitutes impermissible legal opinions—they do not; and that (2) Mr. Wilcox's opinions directly rebutting Dr. Bowen's damages models are somehow "irrelevant" and "wrong"—equally unavailing arguments.  Neither ground warrants exclusion of Dr. Wilcox's expert testimony.  The Court should therefore deny Plaintiff's motion to exclude Dr. Wilcox's testimony.

# II.   BACKGROUND

## A.    Plaintiff's Claims and the Expert Report of Robert Bowen

Plaintiff Shavonda Hawkins sued Kroger on October 15, 2015 based on Kroger's purported mislabeling of its private label bread crumbs as containing "0g trans fat."  Compl. ¶ 9.  Ms. Hawkins's claims fall into two categories:  (1) Kroger misleadingly advertises the bread crumbs as containing "0g Trans Fat" on the front of the package when, in fact, the product contains partially-hydrogenated oil (PHO), which in turn contains between 0g and 0.5g trans fat (the "Mislabeling Claims"); and (2) there is no safe level of trans fat and that the product's inclusion of PHO causes adverse health effects (the "Use Claims").  Dkt. 40 (Order on Motion to Dismiss) at 2.  For the mislabeling claims, Ms. Hawkins alleges that she would not

OPPOSITION TO MOTION TO EXCLUDE REPORT
AND TESTIMONY OF RONALD T. WILCOX

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

have purchased the bread crumbs but for the "0g trans fat" statement on the product, and that the Kroger bread crumbs are therefore worth $0. *See id.* ¶ 107.  For the use claims, Ms. Hawkins alleges that because the bread crumbs contained partially-hydrogenated oil, they are worthless. *Id.* ¶ 106.

At Ms. Hawkins's January 3, 2020 deposition, however, Ms. Hawkins's testimony told a different story.  In particular, Plaintiff's testimony revealed that she purchased the Kroger private label bread crumbs for years before the "0g trans fat" statement appeared on the label, and continued purchasing with the same frequency after the statement appeared, based—not on the 0g trans fat label—but on her preference for the flavor, the ease with which it worked into her weekly meatloaf, and her family's expectations that her weekly meatloaf would remain consistent week after week.  Harper Decl. Ex. 1 (Hawkins Dep. Tr.) at 74:15–77:9, 99:6–24, 101:3–102:22; *see also* Harper Decl. Ex. 2 (Bowen Decl.) ¶¶ 7–10.

On January 10, 2020, Ms. Hawkins served the Expert Report of Dr. Robert Bowen, which is little over three pages.  Dkt. 177-2 (Weston Decl. Ex. 1).[1]  In the report, Dr. Bowen purports to calculate class-wide damages for Ms. Hawkins and the putative class's claims.  Dr. Bowen employs a "full restitution" damages model, "based on the amount of money Kroger received from the sale of the bread crumbs at issue."  *Id.* ¶ 5.  Dr. Bowen does not provide any foundation for the application of a "full restitution" model to this analysis, nor does he describe his methodology at all.   Nor does Dr. Bowen otherwise explain how the "full restitution" damages model is an accurate, acceptable, or reliable methodology for calculating class-wide damages for either of Ms. Hawkins's set of claims.  *Id.* ¶ 5.

---

[1] Kroger filed a Motion to Exclude the Expert Testimony of Dr. Bowen, which is pending.  Dkt. 188.

OPPOSITION TO MOTION TO EXCLUDE REPORT
AND TESTIMONY OF RONALD T. WILCOX

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## B.       Rebuttal Declaration of Ronald T. Wilcox

On April 3, 2020, Kroger served the Rebuttal Declaration of Ronald T. Wilcox, Ph.D.  Dkt. 177-2 (Weston Decl. Ex. 2) (the "Wilcox Report").  Dr. Wilcox is a marketing and economics expert.  *Id.* ¶¶ 1–5, App'x 1.  He graduated from Xavier University with an Honors Bachelor of Arts Degree in Classics and Economics, holds a M.S. in Business Administration from Washington University, and earned a Ph.D. in Business Administration from Washington University in St. Louis.  *Id.*  From 1999 to 2000, he worked as an economist for the U.S. Securities and Exchange Commission.  *Id.*  For the past twenty years he has worked as a Professor and/or Dean for the Darden School of Business at the University of Washington.  *Id.*  There, he focuses his research on studying marketing and consumer behavior, as well as, *inter alia*, economic analyses of marketing phenomena and econometric modeling of consumer choice.  *Id.*  Over the course of his career, he has published three books and authored numerous articles and other publications about marketing and customer purchasing habits and spending, including econometric modeling for consumer purchases.  *Id.*  In addition to his researching and authoring publications, Dr. Wilcox currently teaches MBA courses on marketing and pricing.  *Id.*

Dr. Wilcox's declaration draws on his extensive economic and marketing experience to addresses the many defects, unwarranted and unsupported assumptions, and methodological flaws in Dr. Bowen's damages calculation.  *Id.* ¶¶ 10–13.  In particular, Dr. Wilcox opines that:

(i)       Dr. Bowen's full restitution damages model is not economically consistent with either of Plaintiff's alleged theories of harm, i.e., the alleged harm from her misrepresentation claims (which Dr. Wilcox refers to as "benefit of the bargain"), or her use claims.  *Id.* ¶¶ 13, 15– 20.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(ii)    Based on economic theory, Dr. Bowen's full restitution damages model cannot reliably estimate class-wide economic damage under the benefit of the bargain theory, because it fails to account for the value of the product without the "0g trans fat" statement, i.e., the value that the putative class received notwithstanding the allegedly misleading label. The only possible way in which such a model could be reliable is if no putative class member would be willing to pay more than $0 for the Kroger bread crumbs without the "0g trans fat" statement, but Dr. Bowen has no evidence to support such assumption, and industry research as well as the evidence in this case indicate the contrary is true. *Id.* ¶¶ 13, 21–28.

(iii)   Based on economic theory, Dr. Bowen's damages model also cannot reliably estimate class-wide economic damages under Plaintiff's use theory claims, because it assumes, without any support, that the putative class members received no value from the Kroger bread crumbs, which is contradicted by academic research and the evidence in the record. *Id.* ¶¶ 13, 29–32.

(iv)   Dr. Bowen's damages calculations contains several errors and unsupported extrapolations. *Id.* ¶¶ 13, 33–36.

Fact discovery ended on February 14, 2020, and expert discovery ended on May 1, 2020. Dkt. 58. Ms. Hawkins chose not to depose Dr. Wilcox. Harper Decl. ¶ 2.

## III.   LEGAL STANDARD

"Federal Rule of Evidence 702 governs admission of expert testimony." *United States v. Finley*, 301 F.3d 1000, 1007 (9th Cir. 2002). "Expert testimony is liberally admitted under the Federal Rules." *United States v. Pritchard*, 993 F. Supp. 2d 1203, 1207 (C.D. Cal. 2014). Rule 702 "consists of three distinct but related requirements": "(1) the subject matter at issue must be beyond the common

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

knowledge of the average layman," i.e., it is helpful to a jury or "relevant"; "(2) the witness must have sufficient expertise; and (3) the state of the pertinent art or scientific knowledge permits the assertion of a reasonable opinion." *Id.* The Rule 702 analysis is "guided" by *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), in which the Supreme Court "articulated a two-step inquiry for determining whether scientific testimony or evidence is admissible." *Finley*, 301 F.3d at 1007–08. First, the trial court makes "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* (citation omitted). "The test 'is not the correctness of the expert's conclusions but the soundness of his methodology,' and when an expert meets the threshold established by Rule 702, the expert may testify and the fact finder decides how much weight to give that testimony." *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1189 (9th Cir. 2019). Second, the court must ensure that the proposed expert testimony is relevant and will serve to aid the trier of fact." *Finley*, 301 F.3d at 1008. In other words, the testimony must "logically advance a material aspect of the party's case." *Ruvalcaba-Garcia*, 923 F.3d at 1188.

## IV.    ARGUMENT

Ms. Hawkins's motion does not dispute that Dr. Wilcox's testimony satisfies nearly all of the requirements under Rule 702—e.g., that Dr. Wilcox is qualified to opine on his rendered opinions; or that Dr. Wilcox's methodology is based upon sufficient facts or data, reliable methodology, and is reliably applied to the facts of this case. Instead, Ms. Hawkins claims that Dr. Wilcox's testimony should be excluded because (1) his report purportedly contains legal conclusions; (2) the damages model Dr. Wilcox explains Dr. Bowen should have used is irrelevant and Dr. Wilcox is "wrong"; and (3) Dr. Wilcox's purported testimony regarding evidence of consumer purchasing decisions is irrelevant. Mot. at 1–7. None

OPPOSITION TO MOTION TO EXCLUDE REPORT
AND TESTIMONY OF RONALD T. WILCOX

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

prevents Dr. Wilcox from satisfying the Rule 702 standards, or otherwise precludes admissibility of his testimony.

## A.    Dr. Wilcox's Report Sets Forth Proper Expert Testimony.

Dr. Wilcox's proffered testimony consists of appropriate opinions regarding reliable economic valuations, academic studies and research regarding consumer valuation, and Dr. Bowen's faulty methodology.   Ms. Hawkins attempts to exclude this proper expert testimony by claiming select portions of four sentences in the report constitute "legal conclusions," without any explanation. Mot. at 1:13–2:12. None of the quoted excerpts, however, in fact constitute legal conclusions.[2]

In the first quoted statement, Dr. Wilcox discusses the calculations required, based on economic theory, to determine the effect of an allegedly false statement, such as "0g trans fat," on the benefit-of-the-bargain value to a consumer.  Mot. at 2:1–2 (quoting Bowen Report ¶ 30).  In the second, Dr. Wilcox similarly discusses what the calculation requires, again based on economic theory, to value a product beyond its allegedly harmful ingredient.  Mot. at 2:3–5 (quoting Bowen Report ¶ 16).  These statements are nothing more than academic explanations, based on Dr. Wilcox's economics and marketing expertise, of how such figures are calculated, and how Dr. Bowen's calculations fell short.  That is not a legal conclusion. *Oddo v. Arocaire Air Conditioning & Heating*, 2020 WL 5267917, at *16 n.6 (C.D. Cal. May 18, 2020) (rejecting plaintiffs' argument that opinion regarding "whether plaintiffs have set forth a damages model that is consistent with their legal claims that can be applied on a class-wide basis" is an "impermissible legal conclusion," explaining the opinion is "from an economic perspective" and "based on economic principles").  Notably, an expert witness "may refer to the law in expressing opinion

---

[2] To the extent Ms. Hawkins contends Dr. Wilcox's opinions embody an ultimate issue in the case, the federal rules expressly permit such testimony. Fed. R. Evid. 704 ("An opinion is not objectionable just because it embraces an ultimate issue.").

OPPOSITION TO MOTION TO EXCLUDE REPORT
AND TESTIMONY OF RONALD T. WILCOX

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

without that reference rendering the testimony inadmissible." *Hangarter v.*
*Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (quoting
*Specht v. Jensen*, 853 F.3d 805, 809 (10th Cir. 1988)).  Thus, Dr. Wilcox's use of
the term "damages" in the quoted sentences does not somehow transform his proper
economic and consumer valuation opinions into "legal conclusions."[3]

 In the third quoted statement, Dr. Wilcox simply states that he is "aware of no
evidence that supports an assumption that every, most, or even some putative class
members would have been unwilling to pay more than $0 for the Kroger Bread
Crumbs absent the '0g Trans Fat' label."  Mot. at 2:5–7 (quoting Bowen Report ¶
22).  This is likewise proper expert testimony.  Dr. Wilcox's statement is based on
his knowledge of academic literature and research, as explained by his next
sentence: "Instead, academic evidence and lead Plaintiff's own behavior indicate
that consumers consider (and hence value) a variety of factors when purchasing
food[.]"  Wilcox Report ¶ 22.  Experts are permitted to opine based on their
inferences from the evidence in the record, as well as the academic studies and
research in their field of expertise.  Fed. R. Evid. 703 (stating experts may rely on
materials that "experts in the particular field would reasonably rely on"); *see also*
*A.B. v. Cty. of San Diego*, 2020 WL 4431982, at *7 (S.D. Cal. July 31, 2020) (use
of the term "no evidence" does not render an expert's statement a legal conclusion).
Dr. Wilcox does just that here.

---

[3] Indeed, multiple federal courts have previously recognized Dr. Wilcox as an expert and deemed his previous similar opinions admissible. *Hadley v. Kellogg Sales Co.*, 2019 WL 3604661, at *25–26 (N.D. Cal. Aug. 13, 2019) (denying motion to strike Dr. Wilcox's opinion that "Plaintiff's proposed damages models are not tied to Plaintiff's theory of harm . . . and that Plaintiff's experts damages models do not actually address the portion of the price premium 'attributable to [the allegedly misleading statement]'"; noting that plaintiff's "criticisms of Dr. Wilcox's report go to 'weight' and not admissibility"); *Amazon.Com, Inc. v. Comm. of Internal Revenue*, 148 T.C. 108, 235 (2017) ("recogniz[ing] Dr. Wilcox as an expert in marketing, marketing modeling, and consumer behavior").

OPPOSITION TO MOTION TO EXCLUDE REPORT
AND TESTIMONY OF RONALD T. WILCOX

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

The fourth statement is similar to the first two, in that Dr. Wilcox merely states that, under the applicable economic calculations, and in light of evidence that the Kroger bread crumbs have value notwithstanding the "0g trans fat" statement and PHO ingredient, "disgorging all revenue associated with the Kroger Bread Crumbs would result in a windfall to the putative class members." Mot. at 2:8–10 (quoting Wilcox Report ¶ 17). Again, Dr. Wilcox simply rebuts Dr. Bowen's faulty calculations, which implicitly uses a $0 valuation without any conceivable grounds to do so.

Ms. Hawkins also suggests that Dr. Wilcox's opinions are legal conclusions because "the legal question of whether full restitution is appropriate damages model under *Comcast* is one for the Court." Mot. at 3:9–10. But Dr. Wilcox issues no opinion regarding what is appropriate under federal authority; to the contrary, he makes unmistakably clear throughout his report that he is "not providing any opinions as to whether this remedy is appropriate from a legal perspective[.]" Wilcox Report ¶ 17; *id.* ¶ 29 ("nor am I providing an opinion as to the appropriate legal remedy for the sale of illegal products"). Ms. Hawkins cannot convert Dr. Wilcox's proper expert opinions, which are founded in established economic theory, academic literature, and marketing studies, into "legal conclusions" by disputing opinions Dr. Wilcox never reached.

Last, none of Ms. Hawkins's cited cases have any bearing on the facts here, and each are inapposite.[4]

_____

[4] *Cf.* Mot. at 1:13–2:13, citing *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, 2017 U.S. Dist. LEXIS 123645, at *9–10 (S.D. Cal. Aug. 4, 2017) (finding expert's statement that plaintiff has not "establish[ed] a material, causal nexus" and "has not shown that the alleged false claims were material" is a legal conclusion regarding materiality); *Plexxikon, Inc. v. Novartis Pharm. Corp.*, 2020 WL 2301213, at *2 (N.D. Cal. May 8, 2020) (denying motion to exclude); *Washington v. Franciscan Health Sys.*, 2018 WL 3546802, at *6–7 (W.D. Wash. July 24, 2018) (on summary judgment, declining to "consider" opinion regarding whether entities have a "principal-agent relationship" or a 'contract, combination or conspiracy'" under 15 U.S.C. § 1); *McDevitt v. Guenther*, 522 F. Supp. 2d 1272, 1292–94 (D. Haw. 2007) (expert's statements that defendant "breach[ed] standard

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Ms. Hawkins's efforts to exclude Dr. Wilcox's testimony on this basis fail.

**B.     Dr. Wilcox's Rebuttal Testimony Regarding Plaintiff's Faulty Damages Model Is Relevant.**

Ms. Hawkins also argues that Dr. Wilcox's criticisms of her "full restitution" damages model are "wrong" under federal authority, and therefore she implies his opinions are irrelevant. Mot. at 2:15–5:14. Ms. Hawkins's argument fails for two independent reasons.

*First*, whether Ms. Hawkins contends Dr. Wilcox is "wrong" has no bearing on admissibility, and the Court can dismiss this argument out of hand. *Ruvalcaba-Garcia*, 923 F.3d at 1189 ("The test 'is not the correctness of the expert's conclusions but the soundness of his methodology,' and when an expert meets the threshold established by Rule 702, the expert may testify and the fact finder decides how much weight to give that testimony."); *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 970 (9th Cir. 2013) ("The district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury.").   Nor does Ms. Hawkins offer any authority to even suggest that an expert may be excluded on this basis.

*Second*, in any event, Dr. Wilcox in fact does use the proper economic calculations to value the putative class's alleged injury here. To support an award of restitution (as Ms. Hawkins seeks here), a plaintiff must be able to demonstrate "the difference between what the plaintiff paid and the value of what the plaintiffs received"—the same measurement Dr. Wilcox opines is missing here under applicable economic principles. *Ogden v. Bumble Bee Foods, LLC*, 2014 WL 27527, at *12 (N.D. Cal. Jan. 2, 2014) (quoting *In re Vioxx Class Cases,* 180 Cal. App. 4th 116, 131 (2009)); *see also In re Tobacco II*, 240 Cal. App. 4th 779, 801–

of care" and "engaged in the unauthorized practice of law," *inter alia*, were legal conclusions).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

02 (2015) (rejecting full refund model where class members retained some value from a particular type of cigarette).

Ms. Hawkins insists that her full restitution damages model is appropriate here because she **alleges** she would not have bought the products if they did not contain the "0g trans fat statement," or if she knew it contained PHO, and therefore the products are worthless. Mot. at 3:6–10. But she mischaracterizes the legal landscape on this point, which consistently rejects her "full restitution" damages model, except in the rare case where a plaintiff has **proven** the product had $0 value—a showing Ms. Hawkins does not and cannot make here, and which is plainly contradicted by the record. *E.g.*, Harper Decl. Ex. 1 (Hawkins Dep. Tr.) at 101:3–102:22 (testifying regarding the many sources of value she obtained from the bread crumbs); Wilcox Report ¶¶ 13, 22–26, 31–32.

Indeed, courts throughout the Ninth Circuit have consistently rejected "full refund" models of damages in mislabeling class actions as impermissible "nonrestitutionary disgorgement" where a plaintiff has retained some value from the allegedly mislabeled product, including in cases litigated by counsel of record for Plaintiff. *See, e.g.*, *Robinson v. OnStar, LLC*, 2020 WL 364221, at *24 (S.D. Cal. Jan. 22, 2020) (rejecting "full refund" damages model and holding "full refund" model is limited to where "an aggrieved party . . . proves either that the defendant's product had no value or that she would not have purchased the defendant's product absent the alleged misrepresentations. Because Plaintiff has made neither showing here, the Court concludes that Plaintiff has failed adequately to establish that her full restitution damages model measures class-wide damages"); *Stathakos v. Columbia Sportswear Co.,* 2017 WL 1957063, at *10 (N.D. Cal. May 11, 2017) (granting summary judgment for defendants on the grounds plaintiffs are not entitled to a full refund where plaintiff "presented no evidence suggesting that the [products] themselves were deficient"); *Corvello v. Wells Fargo Bank N.A.*, 2017 WL 3449072, at *2 (N.D. Cal. May 4, 2017) ("But full restitution is not appropriate

in this case because the restitution award must account for benefits that the homeowners received."); *Chowning v. Kohl's Dep't Stores, Inc.*, 2016 WL 1072129, at *1 (C.D. Cal. Mar. 15, 2016), *aff'd,* 735 F. App'x 924 (9th Cir. 2018), *amended on denial of reh'g,* 733 F. App'x 404 (9th Cir. 2018), and *aff'd,* 733 F. App'x 404 (9th Cir. 2018) ("The Court disapproves of the Full Refund Model under the present circumstances. This model fails to account for the value Plaintiff received and, therefore, runs afoul of the limiting principle discussed above."); *Miller v. Fuhu Inc.*, 2015 WL 7776794, at *19 (C.D. Cal. Dec. 1, 2015) ("Here, even where the [products] malfunctioned, consumers were often able to derive at least some benefit from their tablets. Accordingly, a measure of damages granting class members a full refund of their purchase price is entirely inapplicable to this case."); *Caldera v. J.M. Smucker Co.,* 2014 WL 1477400, at *4 (C.D. Cal. Apr. 15, 2014) ("As evidenced by Plaintiff's own deposition testimony, class members undeniably received some benefit from the products. Awarding class members a full refund would not account for these benefits conferred upon class members."); *Red v. Kraft Foods, Inc.*, 2012 WL 8019257, at *11 (C.D. Cal. Apr. 12, 2012) (where Plaintiff's counsel, Mr. Gregory Weston, was attorney of record, holding "[t]he Court thus cannot approve Plaintiffs' proposal that Kraft disgorge the full profits earned from sales of the Products within the class period, as Plaintiffs undeniably received some benefit from the Products and thus awarding class members full refunds on their purchases would constitute nonrestitutionary disgorgement."); *see also In re POM Wonderful LLC,* 2014 WL 1225184, at *3 (C.D. Cal. Mar. 25, 2014) ("Plaintiffs do not cite, nor is the court aware of, any authority for the proposition that a plaintiff seeking restitution may retain some unexpected boon, yet obtain the windfall of a full refund and profit from a restitutionary award. Nor can Plaintiffs plausibly contend that they did not receive any value at all from Defendant's products.  Because the Full Refund model makes no attempt to account for benefits conferred upon Plaintiffs, it cannot accurately measure classwide damages."); *Werdebaugh v. Blue Diamond*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Growers*, 2014 WL 2191901, at *22 (N.D. Cal. May 23, 2014) (rejecting "full refund" methodology as acceptable model of damages recoverable from alleged food mislabeling); *Ogden*, 2014 WL 27527, at *12 (granting summary judgment where damages expert failed to provide any evidence of the difference in value between what plaintiff spent and what plaintiff received in food mislabeling class action); *Astiana v. Ben & Jerry's Homemade, Inc.*, 2014 WL 60097, at *11 (N.D. Cal. Jan. 7, 2014) (rejecting model of full restitutionary damages in food mislabeling class action where plaintiff failed to provide substantial evidence of difference in value of alleged mislabeling).[5]

The few cases Ms. Hawkins relies on are easily distinguished. Mot. at 2:15–5:11. To begin, in two of the cases, the courts explicitly clarified that the homeopathic products at issue there were "readily distinguishable" from "food products," which "have some *inherent nutritional value*, and thus, [are] not worthless," whereas "Defendants' *medicinal* products have no inherent traditional value." *Allen v. Hyland's Inc.*, 300 F.R.D. 643, 671 n.25 (C.D. Cal. 2014) (emphasis in original); *accord Korolshteyn v. Costco Wholesale Corp.*, 2017 WL 1020391, at *7 (S.D. Cal. Mar. 16, 2017) (explaining that food products, unlike the homeopathic products at issue, "if nothing else, [] provide calories, hydration or good taste to the consumer" and it therefore "strains credulity to argue that no consumers would have purchased them if not for the allegedly false statement"). Another case Ms. Hawkins relies on—*Lambert v. Neutraceutical Corp.*, 870 F.3d

---

[5] California courts have reached the same result. *See, e.g.*, *In re Tobacco Cases II*, 240 Cal. App. 4th 779, 801–02 (2015) ("Under plaintiffs' theory, a full refund would be available on any product, even costly items such as cars, yachts, and planes, based on UCL violations that had little or no impact on value. That, of course, is not the law. . . . Without any showing of loss to plaintiffs, there can be no restoration of money 'which may have been acquired *by means of such unfair competition.*'"); *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 700 (2006), *as modified on denial of reh'g* (Jan. 31, 2006) ("The record therefore contains *no* evidence concerning the amount of restitution necessary to restore purchasers to the *status quo ante*. Given the absence of any evidence to support the amount of restitution awarded, the trial court erred in granting its restitution order.")

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1170, 1182–84 (9th Cir. 2017), *rev'd and remanded*, 139 S. Ct. 710 (2019)—is non-binding,[6] but in any event is distinguishable.   In *Lambert*, the Ninth Circuit made clear that class-wide damages models must "match[] [plaintiff's] theory of liability" and be "supportable on evidence that could be introduced at trial." *Id.* at 1184. Because plaintiff "presented evidence that the product at issue was valueless," the court held it was "therefore amenable to full refund treatment." *Id.* at 1182–84. Neither Ms. Hawkins nor any of her experts offers such evidence, nor does any such evidence exist in the record.  Rather, all evidence points to the opposite conclusion, including Ms. Hawkins's own testimony. *See supra* at 2, 10; Harper Decl. Ex. 1 at 101:3–102:22.[7]  Moreover none of the cases she cites address the admissibility of expert testimony on this topic, let alone actually exclude any expert report on this basis.  Mot. at 2:15–5:11, citing *Morning Bird*, 320 F.R.D. at 555–56; *Lambert*, 870 F.3d at 1182–84; *Allen*, 300 F.R.D. at 671; *Korolshteyn*, 2017 WL 1020391, at *7.

Simply stated, Ms. Hawkins fails to identify any grounds that would render Dr. Wilcox's testimony irrelevant.

---

[6] As noted in Kroger's Opposition to Motion for Class Certification (Dkt. 117 at 21–22 & n.12), the Supreme Court reversed *Lambert v. Neutraceutical Corp.*, 870 F.3d 1170 (9th Cir. 2017)—in full—because the underlying petition was untimely.  139 S. Ct. 710 (2019).  The decision therefore lacks binding force. *Regions Bank of La. v. Rivet*, 224 F.3d 483, 489 (5th Cir. 2000); *see Robinson*, 2020 WL 364221, at *23 (rejecting *Lambert* on this basis).

[7] Ms. Hawkins's reliance on *In re Morning Bird Song Food Litig.*, 320 F.R.D. 540 (S.D. Cal. 2017) is similarly misplaced.  Mot. at 2:15–3:11.  On a class certification motion, the court held that the full restitution model was appropriate because it was consistent with plaintiffs' theory of liability, premised on its claims that the subject bird food was toxic to birds and wildlife and was worthless. *Morning Bird*, 320 F.R.D. at 555–56.  Here, however, such a model is not consistent with Ms. Hawkins's theory of harm, because she personally testified to the various sources of value she received from Kroger bread crumbs.  Harper Decl. Ex. 1 at 101:3–102:22.  She cannot credibly claim economic injury equal to the full price of the products.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## C.   Dr. Wilcox's Testimony Regarding Customer Purchasing Decisions is Relevant.

In a misguided second attempt to attack relevancy, Ms. Hawkins claims that Dr. Wilcox's testimony about consumer purchasing preferences concerns the "subjective state of minds of consumers" which is "irrelevant" for UCL, CLRA, and FAL claims.  Mot. at 5:17–7:21.  Her argument misses the mark.

As an initial matter, Dr. Wilcox opines on consumer preference and valuation, based on academic studies and marketing research, ***for the purpose of calculating class-wide damages***.  In making her argument, however, Ms. Hawkins leans exclusively on cases and principles that have no bearing on damages. [8] Rather, all her authority discusses materiality, falsity, reliance, and standing, all of which are beside the point. [9]

Ms. Hawkins offers nothing to indicate Dr. Wilcox's testimony regarding how consumers value food products is irrelevant to Dr. Bowen's failed damages

---

[8] To be clear, this contention is wrong for the many reasons discussed in Kroger's Opposition to Motion for Class Certification (Dkt. 117 at 13–16, 18, 19–23) and Kroger's Supplemental Brief in Support of Opposition to Motion for Class Certification (Dkt. 227 at 4–15), though this argument is not relevant here for the reasons discussed *infra*.  *See also* Mot. at 7:7–15, citing *Allen*, 300 F.R.D. at 668 (denying class certification of UCL claim because "Plaintiffs [have not] introduced evidence that a significant portion of the general consuming public or of targeted consumers would rely on the 'natural' label").

[9] Mot. at 5:17–7:21, citing *Bruno v. Quten Research Ins., LLC*, 280 F.R.D. 524, 534 (C.D. Cal. 2011) (discussing reliance and materiality); *Ries v. Ariz. Beverages USA LLC*, 287 F.R.D. 523, 536 (N.D. Cal. 2012) (discussing Article III standing of absent class members in injunctive action for purposes of evaluating overbreadth of class definition); *Martinez v. Welk Grp., Inc.*, 907 F. Supp. 2d 1123, 1140–41 & n.27 (S.D. Cal. 2012) (granting summary judgment and dismissing UCL claim, discussing proof of falsity); *Guido v. L'Oreal USA, Inc.*, 284 F.R.D. 468, 475 n.6 (C.D. Cal. 2016) (discussing materiality and causation); *Miller v. Fuhu, Inc.*, 2015 WL 7776794, at *17 (C.D. Cal. Dec. 1, 2015) (discussing reliance); *Allen*, 300 F.R.D. at 668 (discussing reliance; later noting explicitly that the medicinal products at issue are "readily distinguishable" from food products, which "have some *inherent nutritional value*, and thus, [are] not worthless") (emphasis in original); *Sonner v. Schwabe N. Am., Inc.*, 2019 WL 4266808, at *4 (C.D. Cal. July 2, 2019) (discussing whether class is overbroad, and distinguishing cases where "the court was presented with evidence that potential class members actually had benefitted from the product").

---

14

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

calculations or class-wide damages, nor could she.  In fact, a class-wide damages model is *required* to take into consideration how consumers value the product at issue.  *See supra* at 9–12, citing, *e.g.*, *Robinson*, 2020 WL 364221, at *24; *Stathakos,* 2017 WL 1957063, at *10; *Corvello*, 2017 WL 3449072, at *2; *Chowning*, 2016 WL 1072129, at *1; *Miller*, 2015 WL 7776794, at *19; *Caldera,* 2014 WL 1477400, at *4; *Red*, 2012 WL 8019257, at *11.  Dr. Wilcox's testimony on this point is directly relevant to Dr. Bowen's proffered testimony and the related damages issues in this case.  *Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1038 (C.D. Cal. 2018) (holding expert report rebutting plaintiff's expert's "proposed methodology for evaluating class-wide damages" was relevant to determining the merits of that methodology); *McCrary v. Elations Co.*, 2014 WL 12589137, at *7, 11 (C.D. Cal. Dec. 2, 2014) (holding that damages experts in putative class action are relevant to the issue of whether "damages are capable of measurement on a classwide basis" and "the calculation of such damages . . . after liability is determined").

Ms. Hawkins's argument on this ground fails.

## V.   CONCLUSION

For the reasons above, the Court should deny Ms. Hawkins's motion, and admit Dr. Wilcox's testimony.

DATED: September 21, 2020

DAVIS WRIGHT TREMAINE LLP
JACOB M. HARPER
NICOLE PHILLIS
HEATHER CANNER

By: /s/ Jacob M. Harper
Jacob M. Harper
Attorneys for Defendant
THE KROGER COMPANY

OPPOSITION TO MOTION TO EXCLUDE REPORT
AND TESTIMONY OF RONALD T. WILCOX

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# CERTIFICATE OF SERVICE

*Shavonda Hawkins v. The Kroger Company*
U.S.D.C. Southern District of California Case No. 3:15-cv-2320-JM-AHG

I the undersigned, declare:

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California.  My business address is 865 S. Figueroa Street, Suite 2400, Los Angeles, CA 90017.

On September 21, 2020, I served true copies of the following documents described as**:**

## KROGER'S OPPOSITION TO MOTION TO EXCLUDE THE EXPERT REBUTTAL REPORT AND TESTIMONY OF RONALD T. WILCOX

on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the documents with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 21, 2020, at Los Angeles, California.

/s/ Jacob M. Harper
Jacob M. Harper

OPPOSITION TO MOTION TO EXCLUDE REPORT
AND TESTIMONY OF RONALD T. WILCOX

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899