DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper (SBN 259463)
*jharper@dwt.com*
Nicole S. Phillis (SBN 291266)
*nicolephillis@dwt.com*
Heather F. Canner (SBN 292837)
*heathercanner@dwt.com*
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Facsimile: (213) 633-6899

Attorneys for Defendant
THE KROGER COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SHAVONDA HAWKINS, on behalf of herself and all others similarly situated,

Plaintiff,

vs.

THE KROGER COMPANY,

Defendant.

Case No. 3:15-cv-2320-JM-AHG
Assigned to the Hon. Jeffrey T. Miller

**REPLY IN SUPPORT OF KROGER'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

Date: January 4, 2021
Time: 10:00 a.m.
Dept.: 5D

**[*Evidentiary Objections filed concurrently*]**

Action Filed: October 15, 2015
Trial Date: February 8, 2021

# TABLE OF CONTENTS

Page


**I. INTRODUCTION** .......... 1

**II. KROGER IS ENTITLED TO SUMMARY JUDGMENT** .......... 1

A. The Use Claims (COAs 1, 2) Fail As PHO Was Not Unlawful. .......... 1

1. The Claims Are Barred by Collateral Estoppel. .......... 1

2. The Use of PHO Was Lawful Through at Least 2018. .......... 3

3. The Unfair UCL Claim (COA 1) Likewise Fails. .......... 5

B. The Mislabeling Claims (COAs 4–8) Fail as a Matter of Law. .......... 5

C. The Warranty Claims (COAs 3, 9) Fail as a Matter of Law. .......... 7

**III. HAWKINS LACKS EVIDENCE TO SUPPORT STANDING** .......... 7

A. Hawkins Cannot Prove Causation as a Matter of law (All Claims). .......... 7

B. The Claims Are Time Barred as a Matter of Law (All Claims). .......... 9




DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Backus v. Biscomerica Corp.*,
378 F. Supp. 3d 849 (N.D. Cal. 2019) .................. 4

*Barragan v. Banco BCH*,
188 Cal. App. 3d 283 (1986) .................. 2

*Beasley v. Lucky Stores, Inc.*
2020 WL 3128873 (N.D. Cal. June 12, 2020) .................. 9, 10

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) .................. 8

*Chern v. Bank of Am.*,
15 Cal. 3d 866 (1976) .................. 3

*Clark v. Hershey Co.*,
2019 WL 6050762 (N.D. Cal. Nov. 15, 2019) .................. 9

*Clemens v. DaimlerChrysler Corp.*,
534 F.3d 1017 (9th Cir. 2008) .................. 6

*Colgan v. Leatherman Tool Grp., Inc.*,
1135 Cal. App. 4th 663 (2006) .................. 6

*Drum v. San Fernando Valley Bar Ass'n*,
182 Cal. App. 4th 247 (2010) .................. 5

*Harbeson v. Parke Davis, Inc.*,
746 F.2d 517 (9th Cir. 1984) .................. 2

*Hartman v. Wick*,
678 F. Supp. 312 (D.D.C. 1988) .................. 2

*Hawkins v. AdvancePierre Foods, Inc.*,
2016 WL 6611099 (S.D. Cal. Nov. 8, 2016), *aff'd*, 733 F. App'x 906 (9th Cir. 2018) .................. 4

*Hawkins v. Kroger*,
906 F.3d 763 (9th Cir. 2018) .................. 8



DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Jolly v. Eli Lilly & Co.*,
44 Cal.3d 1103 (1988) .......... 10

*Khasin v. Hershey Co.*,
2015 WL 13307405 (N.D. Cal. Mar. 41, 2015) .......... 6

*Lakah v. UBS AG*,
2014 WL 5475294 (S.D.N.Y. Oct. 30, 2014) .......... 2

*McGee v. S-L Snacks Nat'l*,
-- F.3d --, 2020 WL 7087008 (9th Cir. Dec. 4, 2020) .......... 9

*McGinest v. GTE Serv. Corp.*,
247 F. App'x 72 (9th Cir. 2007) .......... 2

*Mir v. Kirchmeyer*,
2017 WL 4271892 (S.D. Cal. Sept. 26, 2017), *aff'd*, 745 F. App'x 726 (9th Cir. 2018) .......... 2

*Mullins v. Premier Nutrition Corp.*,
178 F. Supp. 3d 867 (N.D. Cal. 2016) .......... 6

*Pulaski v. Middleman, LLC v. Google, Inc.*,
802 F.3d 979 (9th Cir. 2015) .......... 6

*Reid v. Johnson & Johnson*,
780 F.3d 952 (9th Cir. 2015) .......... 6

*Rosas v. BASF Corp.*,
236 Cal. App. 4th 1378 (2015) .......... 10

*Sali v. Corona Reg'l Med. Ctr.*,
909 F.3d 996 (9th Cir. 2018) .......... 8

*Schmidt v. Cty. of Nev.*,
80 F. Supp. 2d 1243 (E.D. Cal. 2011) .......... 3

*Soremekun v Thrifty Payless, Inc.*,
509 F.3d 978 (9th Cir. 2007) .......... 8

*Stearns v. Ticketmaster.*,
655 F. 3d 1013 (9th Cir. 2011) .......... 6

*U.S. ex rel Kelly v. Serco, Inc.*,
846 F.3d 325 (9th Cir. 2017) .......... 1, 8



DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Unruh-Haxton v. Regents of Univ. of Cal.*,
162 Cal. App. 4th 343 (2008) .......... 10

*Victor v. R.C. Bigelow, Inc.*,
2016 WL 4502528 (N.D. Cal. Aug. 29, 2016) .......... 6

*Williams v. Gerber Prods. Co.*,
552 F.3d 934 (9th Cir. 2008) .......... 6

*Wilson v. Frito-Lay N.A., Inc.*,
260 F. Supp. 3d 1202 (N.D. Cal. 2017) .......... 8

*Wright v. U.S. DOJ*,
379 F. Supp. 3d 1067 (S.D. Cal. 2019) .......... 4

**Statutes**

21 U.S.C. § 321(s) .......... 3

Cal. Comm. Code § 2607(3)(A) .......... 7

**Rules**

Federal Rule of Civil Procedure 56 .......... 8

**Regulations**

21 C.F.R. § 170.30(c)(1) .......... 3

80 Fed. Reg. 34650 .......... 3

81 Fed. Reg. 54960 .......... 3



**DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# I. INTRODUCTION

In its Motion for Summary Judgment, Kroger went beyond its burden and put forth ample evidence to show that plaintiff Shavonda Hawkins cannot prove her claims as a matter of law on several grounds. In response, Hawkins was required to proffer ***"significantly probative" evidence*** raising a genuine dispute of material fact as to each of the disputed elements of her claims, and affirmative defenses. *U.S. ex rel Kelly v. Serco, Inc.*, 846 F.3d 325, 329–30 (9th Cir. 2017). She has failed. Nor has she responded to the legal grounds for summary judgment, as ***she neglected to address, let alone distinguish, nearly every case Kroger cited***.

Instead, Hawkins's opposition hearkens back to the pleadings stage, arguing that, based on several cases deciding issues on the pleadings, she has sufficiently stated her claim. But Hawkins cannot depend on her pleadings anymore. With discovery long-closed, Hawkins is limited to the established record. The evidence, however, does not live up to her allegations, but tells a very different story—one that undermines all her claims as a matter of law.

Despite this wealth of evidence against her, Hawkins merely points to the same bases she raised at class certification: her pleadings, a manufactured declaration that contradicts her testimony, conclusory and threadbare statements in her deposition testimony, and an inadmissible expert report. But her burden to proffer "significantly probative" and "admissible" evidence is far higher at the summary judgment stage here, and what may have sufficed at class certification cannot carry Hawkins's claims here. None of her evidence is "significantly probative," much is inadmissible, and none is sufficient to raise the many genuine factual disputes she needs to survive summary judgment. The Court should grant Kroger's motion, against Hawkins and the Class, in its entirety.

# II. KROGER IS ENTITLED TO SUMMARY JUDGMENT

## A. The Use Claims (COAs 1, 2) Fail As PHO Was Not Unlawful.

### 1. The Claims Are Barred by Collateral Estoppel.



DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Kroger established Hawkins's use claims satisfied the requirements for defensive collateral estoppel. Mot. 11:14–13:20. Hawkins does not dispute those elements are met, but instead claims (1) Kroger waived this defense; and (2) questions of law are not precluded. Opp. 13:8–16:8. These arguments lack merit.

***First***, Kroger was not required to plead collateral estoppel to preserve it. "As long as the plaintiff is not prejudiced, affirmative defenses that were not pleaded in an answer may be raised for the first time on summary judgment." *McGinest v. GTE Serv. Corp.*, 247 F. App'x 72, 75 (9th Cir. 2007) (because collateral estoppel "can only be based on issues actually litigated," applying it does "not prejudice [] plaintiffs by depriving them of an opportunity to litigate an issue").[1] Hawkins articulates no prejudice whatsoever, let alone offers any such evidence. *E.g.*, *Mir v. Kirchmeyer*, 2017 WL 4271892, at *7 (S.D. Cal. Sept. 26, 2017), *aff'd*, 745 F. App'x 726, 727 (9th Cir. 2018) (granting summary judgment, at which stage defendant first raised collateral estoppel, as "[p]laintiff has not alleged, let alone shown, any prejudice or unfair surprise").

Moreover, this is hardly the multi-year delay in Hawkins's out-of-circuit authority.[2] In fact, Kroger first raised the preclusive case as grounds for dismissal in February 2019, just a few months after the August 2018 preclusive decision, noting specifically that Hawkins was the plaintiff there as well. Dkt. 34 at n.9. Kroger raised it again in its May 18, 2020 Motion for Summary Judgment, still less than a year after the decision. Dkt. 184 at 17:6–18:16. This defense remains viable.

***Second***, a ruling on a question of law *does* have preclusive effect. *Barragan v. Banco BCH*, 188 Cal. App. 3d 283, 296 (1986) ("The determination of a question of law . . . may be given effect as collateral estoppel . . . so long as injustice does

---

[1] Hawkins's authority changes nothing. Opp. 13:9–10, citing *Harbeson v. Parke Davis, Inc.*, 746 F.2d 517, 521 (9th Cir. 1984) (finding waiver where party "fail[ed] to raise it before the ***district court***") (emphasis added).

[2] Opp. 13:15–14:19, citing *Lakah v. UBS AG*, 2014 WL 5475294, at *2 (S.D.N.Y. Oct. 30, 2014) (6-year delay); *Hartman v. Wick*, 678 F. Supp. 312, 323 (D.D.C. 1988) (3-year delay).



DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

not result.”). Hawkins cites to an “extremely narrow exception” where “the public interest requires that litigation not be foreclosed.” *Schmidt v. Cty. of Nev.*, 80 F. Supp. 2d 1243, 1252 (E.D. Cal. 2011) (“[I]t is the exception, not the rule, and is only to be applied in exceptional circumstances”). No such interest applies here, and Hawkins cites no applicable authority establishing any.[3]

**2. The Use of PHO Was Lawful Through at Least 2018.**

Kroger previously detailed the extensive authority—from the FDA, Congress, Ninth Circuit, and district courts—acknowledging the FDA accepted PHO as GRAS, and that the use of PHO was lawful under federal and state law through at least 2018. Mot. 13:22–18:7. Rather than address a single case that Kroger cited holding her claims cannot survive, she manufactures her own unsupported interpretation of the FDA’s regulations, contrary to *all* authority. Opp. 16:10–19:2.

In particular, she erroneously claims that (1) Kroger violated FDA regulations because it did not perform some “self-determination”; and (2) the FDA’s Final Determination immediately rendered PHO unlawful, and that the CAA must be retroactive to bar her claims. Opp. 16:10–19:2. Her positions are baseless.

***First***, the “self-determination” Hawkins references—an aspect of the “food additive” approval process—does not apply here. As Kroger explained, Mot. 14:9–22, PHO was long accepted as “GRAS” by the FDA, because experience revealed it was GRAS “based on common use in food prior to January 1, 1958,” 21 C.F.R. § 170.30(c)(1); Ex. 8 (80 Fed. Reg. 34650) at 34651 (PHOs “have been considered GRAS by the food industry based on a history of use prior to 1958”)). Thus, PHO was exempt from the “food additive” approval process, and could “be marketed [] without Agency review and approval.” 81 Fed. Reg. 54960 at 54963; 21 U.S.C. §

[3] Hawkins’s single cited case only notes such public interest in “banking.” Opp. 15:25–8, citing *Chern v. Bank of Am.*, 15 Cal. 3d 866, 872–73 (1976). *Chern* is further inapposite, as the court there declined to apply collateral estoppel due to, *inter alia*, different underlying “transactions,” i.e., different facts. *Id.* at 871–72. But as Hawkins concedes, this is an issue of law (Opp. 14:25–26), and she points to no differing facts between the two cases that render preclusion inapplicable.


DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

321(s) (defining "food additive" to exclude substances recognized as GRAS based on "use[] in food prior to January 1, 1958"). In other words, ***the use of PHO did not require any purported "GRAS self-determination," as it was already accepted as GRAS by the FDA***. Hawkins's claim that "PHO is not and never was GRAS," Opp. 17:19–20, on which she premises her argument, is plainly defied by the FDA's own words. Ex. 8 at 34651; Mot. 14:19–15:12 (citing cases).

***Second***, Hawkins's other arguments, Opp. 17:1–18:26, have been rejected by numerous courts. The Ninth Circuit and district courts in this circuit have uniformly held the use of PHO in food products sold ***during the same period as those at issue here*** was lawful, because the FDA's own authority expressly permitted such use until 2018. *E.g.*, *Hawkins v. AdvancePierre Foods, Inc.*, 2016 WL 6611099, at *4 (S.D. Cal. Nov. 8, 2016), *aff'd*, 733 F. App'x 906, 906 (9th Cir. 2018) ("[T]he Court finds that the ***current use*** of PHO in food products does not violate federal law."); *Backus v. Biscomerica Corp.*, 378 F. Supp. 3d 849, 852 (N.D. Cal. 2019) ("[T]he Final Determination was not effective immediately—rather, the FDA set a compliance date of June 18, 2018."); Mot. 14:18–16:28 (citing cases).

In any case, the CAA *does* retroactively bar Hawkins's claims. *E.g.*, *Biscoamerica*, 378 F. Supp. 3d at 855 ("Section 754 [of the CAA] is retroactive, meaning [defendant] did not violate federal law by selling cookies containing PHO during the class period"; plaintiff's argument to the contrary "make[s] little sense").

***Kroger cited all this authority in its opening brief, Mot. 14:9–17:10, yet Hawkins does not mention even one of these cases.*** *Wright v. U.S. DOJ*, 379 F. Supp. 3d 1067, 1071 (S.D. Cal. 2019) (granting summary judgment based on "failure to address the arguments presented" which operates as a "concession").

Hawkins also fails to address her state law claims, other than to argue in one sentence that the CAA "deals with federal law only, and the Court has rejected Kroger's arguments for preemption of state law." But Kroger explained why the use of PHO does not violate state law, citing several cases stating the same. Mot.



DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

17:11–22 (citing cases). Moreover, Hawkins conflates lawfulness with preemption, the latter of which Kroger does not argue here.[4] Summary judgment is warranted.

**3. The Unfair UCL Claim (COA 1) Likewise Fails.**

Kroger explained that because Hawkins's unfair UCL claim is based on the same conduct as her unlawful claims—the use of PHO—it likewise fails. Mot. 17:24–18:7 (citing cases). Hawkins concedes the two claims are based on "the same conduct" (Opp. 19:9–10), yet nonetheless argues she can still assert her unfair UCL claim, again neglecting to address any of Kroger's authority to the contrary. Opp. 19:4–20:21. She cites in support only this Court's order on the second motion to dismiss (Dkt. 40), which did not address this argument, and only weighed Hawkins's *allegations*, not the *evidence* required at summary judgment.

Even if the claim were not barred on this ground (it is), Hawkins fails to explain how the use of PHO meets any of the three tests for "unfair" conduct under the UCL. *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 256 (2010) (describing three tests). She cites only to the report of her expert Dr. Wong, Opp. at 19:19–21, whose testimony is unreliable and inadmissible. Dkt. 186 (Mot. to Exclude Wong); Dkt. 184-3 at 123 (LoSasso Rebuttal Rpt.). She fails to raise a material dispute sufficient to preclude summary judgment as to this claim.

**B. The Mislabeling Claims (COAs 4–8) Fail as a Matter of Law.**

Kroger demonstrated that Hawkins lacks sufficient evidence to meet the reasonable consumer test for her mislabeling claims as a matter of law. Mot. 18:9–20:26. Hawkins responds by attacking a strawman argument—she argues the law does not *require* her to conduct a consumer survey to prove this element. Opp. 19:23–20:9. But Kroger does not contend it is an absolute requirement; rather, she was required to put forth "extrinsic evidence" beyond her own "individual testimony" to meet this standard, and that typically includes surveys or other competent expert

---

[4] The Court never rejected preemption of Hawkins's ***use*** claims; it acknowledged such claims were preempted, but held none were at issue there. Dkt. 40 at 7:5–22.



DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

evidence. *Victor v. R.C. Bigelow, Inc.*, 2016 WL 4502528, at *3 (N.D. Cal. Aug. 29, 2016); *accord Khasin v. Hershey Co.*, 2015 WL 13307405, at *5 (N.D. Cal. Mar. 41, 2015) (same); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1026 (9th Cir. 2008) ("a few isolated examples" of "anecdotal evidence" are "insufficient"); Mot. 19:3–28. She has not, nor does she address Kroger's authority.

Instead, Hawkins argues that her "evidence"—her testimony and her epidemiology "expert" Dr. Wong's conclusory statement that he believes "0g trans fat" is misleading (which is also inadmissible, Dkt. 186)—is sufficient, citing to several cases ruling at the ***motion to dismiss stage***. Opp. 20:7–21:22, 10:12–12:2.[5] It is not. Mot. 20:1–13.[6] Unlike the plaintiffs in her cited authority, Hawkins must provide ***actual evidence*** that a significant portion of the population would be misled to survive summary judgment. She proffers none to counter Kroger's substantial evidence to the contrary, Mot. 20:14–26, let alone evidence that could raise a material dispute. She argues the "0g trans fat" statement alone meets this evidentiary burden, and cites an inapposite state case, *Colgan*, that is inconsistent with Ninth Circuit authority on federal summary judgment. *Id.* 20:22–21:15.[7]

Hawkins also spends several pages arguing that the ingredient list alone is insufficient to correct a false statement, Opp. 10:13–12:12, again citing cases discussing the burden ***at the pleading stage***, not summary judgment.[8] Moreover,

---

[5] *E.g., Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (plaintiff "plausibly" alleged reasonable consumer); *Pulaski v. Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 986 (9th Cir. 2015) (injury required to "state a claim"); *Stearns v. Ticketmaster.*, 655 F. 3d 1013, 1021 n.13 (9th Cir. 2011) (same).

[6] Her conclusory assertion that the "0g trans fat" statement violates the FDA, Opp. 21:12–15, is also insufficient, and false. Dkt. 295 at 17:9–22:24.

[7] In *Colgan v. Leatherman Tool Grp., Inc.*, 1135 Cal. App. 4th 663, 681–82 (2006), the state court found the reasonable consumer test satisfied based on multiple plaintiffs' testimony and the FTC's explicit conclusion, based on surveys and discovery, that consumers would be misled. Here, Hawkins lacks such testimony and lacks any comparable statement from the FDA or any other agency.

[8] *E.g., Williams*, 552 F.3d at 938 (pleadings); *Reid v. Johnson & Johnson*, 780 F.3d 952, 959 (9th Cir. 2015) (same). Her only cited summary judgment case is inapposite. *Mullins v. Premier Nutrition Corp.*, 178 F. Supp. 3d 867, 891–92 (N.D. Cal. 2016) (relying on consumer survey to conclude reasonable consumer test met).



**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the ingredient list here is just ***one of many factors*** that undermine Hawkins's claims that (1) she relied on the "0g trans fat" statement; (2) the statement was misleading; and (3) the discovery rule applies to her claims. And the wealth of additional evidence here—that Hawkins's doctor directed her to look for PHO in the ingredient list; she intended to do so but was "too busy"; her unchanged purchase habits after the "0g trans fat" statement appeared; the FDA required trace amounts of trans fat to be disclosed as "0g"; Mot. 5:21–8:18—further distinguishes this case.

**C. The Warranty Claims (COAs 3, 9) Fail as a Matter of Law.**

Kroger proved that the warranty claims fail on four grounds (Mot. 20:28–21:18), only three of which Hawkins attempts to counter. She fails as to each.

***First***, Kroger explained no implied warranty exists because the ingredient label disclosed PHO—the same basis on which other courts have dismissed this very claim. Mot. 20:1–8 (citing cases). Hawkins claims, without support and contrary to Kroger's cited authority, which she does not address, that "she did not have an obligation to read the ingredient list." Her only cited case does not discuss warranty and is irrelevant. Opp. 22:11–20. ***Second***, food containing trace amounts of PHO is not "unfit for consumption" as required for a warranty claim. Mot. 21:15–18. Hawkins fails to address the authority holding so. *Id.* Her citation to inadmissible "studies" and expert testimony does nothing to address the authority on this point. Opp. 21:24–22:10; Dkt. 186 (Mot. to Exclude Wong). ***Third***, she claims she provided the requisite notice of her warranty claims in her CLRA Demand Letter to Kroger. Opp. 22:20–23. But that letter says nothing of any breach of warranty. Cal. Comm. Code § 2607(3)(A), Official Cmt. 4 (notification must "inform[]seller that [] transaction is claimed to involve a breach").

**III. HAWKINS LACKS EVIDENCE TO SUPPORT STANDING**

**A. Hawkins Cannot Prove Causation as a Matter of law (All Claims).**

Kroger proved that, on the record, Hawkins cannot establish the requisite causation for her claims as a matter of law. Mot. 21:23–24:17. Hawkins attempts



DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

to shrink her burden by citing cases to show she has ***pleaded*** reliance. Opp. 2:10–15, citing, e.g., *Hawkins v. Kroger*, 906 F.3d 763, 769 (9th Cir. 2018). But to survive summary judgment, she must produce actual evidence raising a material dispute as to reliance. Mot. 22:12–24:10; *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (Rule 56 "requires the nonmoving party to go beyond the pleadings").

She cites merely to the same bases she relied on at class certification: (1) her pleadings; (2) a bare declaration statement contradicting earlier testimony, Dkt. 115-1; and (3) thin, conclusory statements in her deposition at odds with the overwhelming bulk of her testimony reflecting that she did not read the product labels, did not follow her doctor's advice to look for PHO, and her purchase habits did not change after the "0g trans fat" statement appeared in 2008. Opp. 2:2–3:3; Mot. 23:3–24:10. But the evidence required at the "preliminary" class certification stage, which involves only a "limited" inquiry and does not require "admissibility," is not the same as on summary judgment. *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1004–05 (9th Cir. 2018) ("Because summary judgment ends litigation without a trial, the court must review the evidence in light of what would be admissible before either the court or jury. In contrast, a court's inquiry on a motion for class certification is 'tentative,' 'preliminary,' and 'limited.'").

And at summary judgment, none of her evidence warrants consideration. *Kelly*, 846 F.3d at 329–30 ("If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted."); *Soremekun v Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment."). Indeed, "in the Ninth Circuit[,] a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Wilson v. Frito-Lay N.A., Inc.*, 260 F. Supp. 3d 1202, 1212 (N.D. Cal. 2017). That is precisely what Hawkins attempts to do here. Thus, while her pleadings and inadmissible "evidence" may have been sufficient for the Court to



DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

conclude, at class certification, that Hawkins's reliance defense is not atypical of the class (and to be clear, that is all the Court held, Dkt. 263 at 20–25), it does not carry her to the higher burdens of summary judgment. *Lao*, 2019 WL 7312623, at 5 n.1.[9]

Hawkins cannot minimize her failure to prove causation by claiming "reliance" is only required for mislabeling claims. Opp. 4:12–6:25. That is besides the point. She still must demonstrate causation for her "use" claims, as she admits, *id.* 5:14–16, yet proffers no such evidence. Rather, she admits her purchases caused her no physical injury, Mot. 9:3–6, and offers no evidence that it caused her any economic injury, Dkt. 295 at 8:4–10:5; nor could she, as she purchased Kroger Breadcrumbs without regard to its PHO, Mot. 22:22–24:10, Dkt. 295-1 at Ex. 12 (Wilcox Rpt.) ¶¶ 13, 21–32; *see also McGee v. S-L Snacks Nat'l*, -- F.3d --, 2020 WL 7087008, at *5 (9th Cir. Dec. 4, 2020) (dismissing "use of PHO" claims for lack of economic injury; as the food product's label disclosed PHO as an ingredient, and "the health risks of consuming artificial trans fat were firmly established by" 2008, the Ninth Circuit was "not persuaded [the product plaintiff] purchased was worth objectively less than one would reasonably expect").[10]

**B. The Claims Are Time Barred as a Matter of Law (All Claims).**

Kroger established that Hawkins's claims are barred by the 3- and 4-year statutes of limitations because she ***knew or should have known*** of her alleged injury by 2009. Mot. 24:19–25:28. Hawkins's arguments fail to show otherwise.

*First*, Hawkins argues the limitations period for her 2010–2015 purchases could not run before her purchase, Opp. 7:4–19. But as Kroger explained and Hawkins fails to address, Mot. 24:1–9, once she was on inquiry notice of her injury, any later purchases "do not restart the limitation period." *Id.* (citing cases).

---

[9] The same distinctions apply for the statute of limitations defense.

[10] *Beasley v. Lucky Stores, Inc.* 2020 WL 3128873 (N.D. Cal. June 12, 2020) deals only with statutes of limitations (for which it is also inapposite, *infra* at 10). Her attempt to distinguish *Clark v. Hershey Co.*, 2019 WL 6050762, at *2 (N.D. Cal. Nov. 15, 2019) by citing an irrelevant part of the order fails. Opp. 3:27–4:3.



DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Second*, Hawkins cites to a string of irrelevant cases, Opp. 7:22–8:8, 10:13–12:12, which merely say that, ***at the pleading stage***, the ingredient list alone does not correct a false statement, and nothing of statute of limitations. *Supra* at 6 & n.8.

*Third*, *Beasley* is distinguishable. 2020 WL 3128873, at *7; Opp. 8:8–9:6, 12:18–24. There, the court concluded the plaintiff's knowledge that PHO is trans fat ***alone*** did not put him on inquiry notice, but noted "a plaintiff may possess information" to alter that conclusion, and cited another case where the plaintiff read the ingredient list. 2020 WL 3128873, at *3 & n.3. That is precisely the case here—Hawkins's doctor specifically advised her to look at the ingredient list for PHO as an indicator of trans fat, which put her on inquiry notice (she also claims she "did, sometimes" look at the ingredient list, Ex. 1 at 98:3–18). Mot. 25:10–28.

*Fourth*, Kroger sufficiently addressed Hawkins's use claims (Opp. 9:13–11), which accrue when she should have known of her alleged injury—that she paid money for a product containing trace amounts of trans fat. Her doctor's warnings put her on inquiry notice of her claims by 2009, Mot. 24:19–25:28.

*Fifth*, contrary to Hawkins's illogical contention, the claim tolls when she is on inquiry notice of her injury, not when she identifies the specific legal violations underlying her claim. Opp. at 9:13–16; *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1113 (1988) ("the discovery of facts, not their legal significance, [] starts the statute"). In addition, inquiry notice of her injury, in this case, is the same as notice that her injury was caused by wrongdoing, and Hawkins's attempt to distinguish the two fails. Opp. 12:4–13:7; *Jolly*, 44 Cal.3d at 1110 (statute of limitations runs when plaintiff "should suspect ***that her injury was caused by wrongdoing***"**)**.[11]

Kroger proved the statute of limitations bars Hawkins's claims as a matter of law, and Hawkins put forth no evidence to raise a material dispute.

---

[11] Hawkins's cases are irrelevant. *Rosas v. BASF Corp.*, 236 Cal. App. 4th 1378, 1395 (2015) (doctors gave plaintiff no reason to suspect symptoms were caused by chemical exposure); *Unruh-Haxton v. Regents of Univ. of Cal.*, 162 Cal. App. 4th 343, 364 (2008) (media coverage "alone" does not put plaintiff on inquiry notice).



DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DATED: December 11, 2020

DAVIS WRIGHT TREMAINE LLP

By: /s/ Jacob M. Harper
Jacob M. Harper

Attorneys for The Kroger Company



DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# CERTIFICATE OF SERVICE

*Shavonda Hawkins v. The Kroger Company*
U.S.D.C. Southern District of California Case No. 3:15-cv-2320-JM-BLM

I the undersigned, declare:

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 865 S. Figueroa Street, Suite 2400, Los Angeles, CA 90017.

On December 11, 2020, I served true copies of the following documents described as**:**

**REPLY IN SUPPORT OF KROGER'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the documents with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 11, 2020, at Los Angeles, California.

/s/ Jacob M. Harper
Jacob M. Harper


DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899