UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAVONDA HAWKINS, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE KROGER COMPANY,<br><br>　　　　　　　　　　Defendant. | Case No.:  15cv2320 JM (AHG)<br><br>**ORDER ON MOTION FOR RECONSIDERATION** |

Defendant, The Kroger Company ("Kroger"), moves the court to reconsider its November 9, 2020 order granting class certification. (Doc. No. 282.) The motion has been fully briefed and the court finds it suitable for submission without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the below reasons, the motion is **DENIED.**

### I.  LEGAL STANDARDS

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*,

1

229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time that could have reasonably been raised earlier in the litigation. *Id.*

## II. DISCUSSION

### A. Amount in Controversy

Kroger moves the court to reconsider its November 9, 2020 order granting class certification because, in determining that the amount in controversy requirement was satisfied, the court "improperly assumed, without explanation, that a multiplier of 1.15 (as opposed to a 1:1 multiplier) for punitive damages and 32 percent of attorneys' fees award (as opposed to 25%) was reasonable." (Doc. No. 282 at 6-7.) Kroger argues under *Harris v. KM Indus., Inc.*, 980 F.3d 694 (9th Cir. 2020), which was decided on November 13, 2020, it was improper for the court to supply assumptions of its own in order to find the amount in controversy was satisfied. (Doc. No. 282 at 7.)

The court did not, as Kroger states, apply both a 1.15 multiplier for punitive damages and 32 percent of total damages in attorneys' fees. Rather, the court found that Plaintiff met the $5,000,000 amount in controversy requirement under the Class Action Fairness Act (CAFA) by applying either a 1.15 multiplier for punitive damages, or 32 percent in attorneys' fees, as opposed to a 1 to 1 multiplier and 25 percent. (Doc. No. 263 at 16.) Additionally, Plaintiff did not, as Kroger states, limit its request for punitive damages or attorneys' fees. Rather, Plaintiff requested punitive damages at a ratio of at least 1 to 1 and cited four cases in which punitive damages were awarded at ratios of at least 2 to 1. (Doc. 223 at 23-26.) Plaintiff also did not state that she sought no more than 25% in attorneys' fees. Rather, Plaintiff argued she satisfied the amount in controversy by applying the 25% figure that other courts have applied. (*Id.* at 25.)

Moreover, in *Harris*, the Ninth Circuit did not, as Kroger states, hold that it is impermissible for district courts to make assumptions about the amount of punitive damages and attorneys' fees that should be counted towards the amount in controversy under CAFA. Rather, the Ninth Circuit found it was unreasonable for a removing defendant in a putative class action to make factual assumptions about the frequency of wage and hour violations, and to assume that employees of one subclass were also members of another subclass. 980 F.3d at 702. The court held that where a plaintiff contests the reasonableness of the removing defendant's assumptions regarding the amount of "meal period and rest period damages" at issue, the defendant has the burden of showing by a preponderance of evidence that its assumptions were reasonable. *Id.* at 701. The court explained:

> The preponderance standard does not require a district court to perform a detailed mathematical calculation of the amount in controversy before determining whether the defendant has satisfied its burden. Rather, CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure. The district court should weigh the reasonableness of the removing party's assumptions, not supply further assumptions of its own. After considering any evidence put forth by the parties, and assessing the reasonableness of the defendant's assumptions, the court then decides where the preponderance lies.

*Id.* (internal citations and quotation marks omitted).

If *Harris* was meant to prohibit assumptions about the amount of punitive damages or attorneys' fees, it would have addressed *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020), in which the Ninth Circuit held that by citing several cases in which punitive damages were awarded at a greater than 1 to 1 ratio, the removing defendant met its burden of showing that punitive damages at a ratio of at least 1 to 1 should be included in the amount in controversy. *Harris* would also have addressed *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 796 (9th Cir. 2018), in which the Ninth Circuit declined to limit courts to using only a 25% multiplier in determining the amount of attorneys' fees in controversy. The court in *Fritsch* stated, "a court must include future attorneys' fees

recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Id.* at 794. To the extent *Harris* imposes a retroactive requirement to test the reasonableness of Plaintiff's assumptions that she is entitled to punitive damages in an amount that meets the amount in controversy threshold, the assumption that she is entitled to punitive damages at a 1 to 1.15 ratio, at a minimum, is reasonable based on *Greene* and the cases Plaintiffs cites in which punitive damages were awarded at a ratio of at least 2 to 1. Additionally, Kroger's argument that Plaintiff failed to present any evidence to justify the inclusion of any attorneys' fees in the amount in controversy was not raised earlier,[1] and in any event is contradicted by *Fritsch*. Accordingly, the court declines to alter its order on these grounds.

### B.   *Daubert* Analysis

Kroger also moves the court to reconsider its order granting class certification because the court did not conduct a *Daubert* analysis before relying on the testimony of Dr. Wong and Dr. Golomb. (Doc. No. 282 at 13.) In its February 24, 2020 opposition to class certification, Kroger argued (1) Dr. Golomb's declaration "simply summarizes her own studies regarding the health effects of trans fat; she does not discuss consumers' perceptions regarding trans fat or the impact of trans fat on any class members," and (2) Dr. Wong's declaration is "based on unfounded assumptions and an unexplained methodology that . . . . appears purely speculative and untethered to any scientific, statistical, or economic methods, in addition to [being] highly prejudicial," and "[h]is offhand, conclusory statement that he personally 'believe[s]' the '0g Trans Fat' label was 'misleading' is irrelevant, and [an] improper legal conclusion." (Doc. No. 117 at 33.) On May 18, 2020, Plaintiff also filed a motion to exclude the testimony of Dr. Wong. (Doc. No. 186 at 2.)

---

[1] In opposing the motion for class certification, Kroger made a cursory claim that Plaintiff "could not" obtain attorneys' fees at 25%. (Doc. No. 117 at 19) Kroger acknowledged, however, that "[w]hen evaluating CLRA claims under CAFA, courts have used a theoretical 25% attorneys' fee." (*Id.*; *see also* Doc. No. 227 at 27.)

The court's decision to certify the class did not hinge on the opinions of Dr. Golomb or Dr. Wong, especially not with respect to Dr. Wong's opinion as to whether the "0g Trans Fat" label was misleading. Rather, the court cited their opinions as examples of evidence put forth by Plaintiff showing that trans fat is harmful to human health. As noted in the court's previous order, the Complaint devotes over 50 paragraphs to describing the dangers of trans fat to human health. (*See* Compl. ¶¶ 17-69.) These allegations are not conclusory, and contain citations to numerous scientific journal articles, as well as a list of jurisdictions and statutes banning trans fat in food. Many of these authorities were cited and attached to Plaintiff's motion for class certification. (*See* Doc. No. 89-1 at 10-11.) As a result, multiple courts, including the Ninth Circuit in this case, have explicitly recognized that trans fat is harmful to human health. *See Hawkins v. Kroger Co.*, 906 F.3d 763, 772 (9th Cir. 2018) ("[F]alsely advertising that a food product does not contain trans fat is a health hazard."). This court therefore rejected Kroger's argument that the predominance requirement for class certification was not satisfied because Plaintiff must have derived some value from using the breadcrumbs in her weekly family meatloaf. (Doc. No. 263 at 35-36.) This court determined "it is reasonable to find at this stage in the litigation that Plaintiff has shown that any value she obtained by consuming the breadcrumbs was erased when she found out they contained trans fat, and that any value class members received will be erased when they find out the same." (*Id.*) In reaching this decision, the court cited cases involving falsely advertised vitamins and medicine in which the court agreed that a full restitution theory of damages was allowable. (*Id.* at 35.) The court also relied on the fact that "neither party cite[d] a case in which the court addressed, in deciding a motion for class certification, whether a food product that was alleged to have been falsely advertised as not containing a specific unhealthy substance, such as trans fat, has value that defeats a class action based on a full restitution model." (*Id.*) Kroger's argument with respect to the admissibility of the opinions of Dr. Golomb and Dr. Wong does not address or affect this reasoning. Accordingly, even assuming the entirety of the opinions of Dr. Golomb and Dr. Wong are inadmissible, the court would still conclude that Plaintiff provided sufficient

evidence to support her theory that breadcrumbs advertised as "0g Trans Fat," but contain trans fat, have no value.

Additionally, Kroger's argument that the court was required to conduct a full *Daubert* analysis is overstated. In its opposition, Kroger made only a cursory argument as to the experts' opinions, and these arguments did not directly dispute that trans fat is harmful to human health. Also, Kroger did not move to exclude Dr. Wong's testimony until well after the motion for class certification had been fully briefed, and did not move to exclude Dr. Golomb's testimony. Finally, the authority cited by Kroger does not, as Kroger suggests, require the court to find the entirety of an expert's testimony admissible before granting class certification, especially where the expert testimony is not central to the court's decision. To the contrary, in *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1003 (9th Cir. 2018), *cert. dismissed*, 139 S. Ct. 1651 (2019), the Ninth Circuit held that at the class certification stage, "a district court may not decline to consider evidence solely on the basis that the evidence is inadmissible at trial." In reaching this decision, the court specifically declined to follow *Messner v. Northshore Univ. Health Sys.*, 669 F.3d 802, 812 (7th Cir. 2012), which Kroger cites in support of the instant motion, (Doc. No 282 at 13). Additionally, in *Grodzitsky v. Am. Honda Motor Co.*, 957 F.3d 979, 987 (9th Cir. 2020), upon which Kroger relies, the Ninth Circuit upheld the district court's decision to exclude expert testimony under *Daubert* in denying class certification. *Grodzitsky* is distinguishable from the situation here, however, because this court declined to conduct a full *Daubert* analysis in granting class certification, and the challenged expert testimony was not central to the court's decision. *See Sali*, 909 F.3d at 1006 ("[A]dmissibility must not be dispositive. Instead, an inquiry into the evidence's ultimate admissibility should go to the weight that evidence is given at the class certification stage."). Accordingly, the court declines to alter its order on these grounds.

## IV.   CONCLUSION

Kroger has not shown newly discovered evidence, clear error, or an intervening change in the controlling law. For the foregoing reasons, Kroger's Motion for

1  Reconsideration (Doc. No. 282) of the court's November 9, 2020 Order on Class
2  Certification (Doc. No. 263) is **DENIED**.
3       IT IS SO ORDERED.
4  DATED: December 29, 2020

                                                JEFFREY T. MILLER
                                                United States District Judge