1
2
3
4
5

**THE WESTON FIRM**
GREGORY S. WESTON (239944)
*greg@westonfirm.com*
1405 Morena., Suite 201
San Diego, CA 92110
Telephone:   (619) 798-2006
Facsimile:    (619) 343-2789

6

**Class Counsel**

7
8

**UNITED STATES DISTRICT COURT**

9
10

**SOUTHERN DISTRICT OF CALIFORNIA**

11

12

13

14

15

16

17

18

19

20

SHAVONDA HAWKINS, on behalf of herself and all others similarly situated,

Plaintiff,

v.

THE KROGER COMPANY,

Defendant.

Case No: 3:15-cv-02320-JM-AHG
Pleading Type: Class Action

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Judge: The Honorable Jeffrey T. Miller
Date: June 7, 2021
Time: 10:00 a.m.
Location: Courtroom 5D

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................. 1

II.     FACTUAL AND PROCEDURAL BACKGROUND ......................... 2

III.    TERMS OF THE SETTLEMENT AGREEMENT ........................... 4

   A.   The Class ....................................................................................... 4

   B.   Monetary Relief ............................................................................ 4

   C.   Cy Pres Relief ............................................................................... 5

   D.   Class Notice .................................................................................. 5

   E.   Release .......................................................................................... 6

   F.   Claims Process .............................................................................. 6

   G.   Opportunity to Opt-Out and Object ............................................. 7

   H.   Fees, Costs, and an Incentive Award ........................................... 7

IV.     LEGAL STANDARD FOR PRELIMINARY APPROVAL ............ 7

V.      THE SETTLEMENT WARRANTS PRELIMINARY APPROVAL ...... 8

   A.   Plaintiff and Class Counsel Have Adequately Represented the Class. ............. 8

   B.   The Settlement was Negotiated at Arm's Length. ........................ 9

   C.   The Relief Provided to the Class is Adequate ........................... 10

   D.   The Costs, Risks, and Delay of Trial and Appeal Support Preliminary Approval .. 11

   E.   The Proposed Method of Distributing Relief to the Class Is Effective .................. 12

   F.   The Proposed Fee Award is Fair and Reasonable ..................... 12

   G.   No Side Agreements Were Made in Connection with the Proposed Settlement ..... 13

   H.   The Proposed Settlement Treats Class Members Equitably Relative to Each Other ............ 13

VI.     ADDITIONAL FACTORS SUPPORTING SETTLEMENT ................................. 13

VII.    THE PROPOSED FORM AND METHOD OF CLASS NOTICE IS ADEQUATE AND SATISFIES THE REQUIREMENTS OF RULE 23. ..................................... 15

VIII.   PROPOSED SCHEDULE OF EVENTS ...................................... 16

IX.     CONCLUSION ............................................................................. 16

i

*Hawkins v. The Kroger Company,* Case No. 3:15-cv-02320-JM-AHG
PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF AUTHORITIES

**CASES**

*Carlin v. DairyAmerica, Inc.*,
　　380 F. Supp. 3d 998 (E.D. Cal. 2019) ........................................................ 7

*Caudle v. Sprint/United Mgmt. Co.*,
　　2019 U.S. Dist. LEXIS 216056 (N.D. Cal. Dec. 16, 2019) ...................... 15

*Churchill Vill., L.L.C. v. Gen. Elec.*,
　　361 F.3d 566 (9th Cir. 2004) ............................................................... 8, 11

*Curtis-Bauer v. Morgan Stanley & Co., Inc.*,
　　2008 WL 4667090 (N.D. Cal. Oct. 22, 2008) .......................................... 11

*Graves v. United Indus. Corp.*,
　　2020 U.S. Dist. LEXIS 33781 (C.D. Cal. Feb. 24, 2020) ........................ 11

*Hanlon v. Chrysler Corp.*,
　　150 F.3d 1011 (9th Cir. 1998) .................................................................. 8

*Haralson v. U.S. Aviation Servs. Corp.*,
　　383 F. Supp. 3d 959 (N.D. Cal. 2019) .................................................... 13

*Hawkins v. Kroger Co.*,
　　2020 U.S. Dist. LEXIS 210102 (S.D. Cal. Nov. 9, 2020) .......................... 3

*Hawkins v. Kroger Co.*,
　　2021 U.S. Dist. LEXIS 11346 (S.D. Cal. Jan. 11, 2021) ...................... 3, 14

*Hawkins v. Kroger Co.*,
　　906 F.3d 763 (9th Cir. 2018) .................................................................. 14

*Hawkins v. Kroger*,
　　2019 U.S. Dist. LEXIS 161210 (S.D. Cal. Sep. 16, 2019) ........................ 2

*Hawkins v. Kroger*,
　　2019 U.S. Dist. LEXIS 205496 (S.D. Cal. Nov. 25, 2019) ........................ 2

ii

*Hefler v. Wells Fargo & Co.*,
   2018 WL 6619983 (N.D. Cal. Dec. 18, 2018) ............................................. 8

*Hilsley v. Ocean Spray Cranberries, Inc.*,
   2020 U.S. Dist. LEXIS 16195 (S.D. Cal. Jan. 31, 2020) .......................... 12

*In re Hyundai & Kia Fuel Econ. Litig.*,
   926 F.3d 539 (9th Cir. 2019) ............................................................... 7, 12

*In re Mego Fin. Corp. Sec. Litig.*,
   213 F.3d 454 (9th Cir. 2000) ..................................................................... 8

*In re Omnivision Techs., Inc.*,
   559 F. Supp. 2d 1036 (N.D. Cal. 2008) ...................................................... 9

*In re Wells Fargo & Co. S'holder Derivative Litig.*,
   445 F. Supp. 3d 508 (N.D. Cal. 2020) ........................................................ 1

*Kroessler v. CVS Health Corp.*,
   977 F.3d. 803 (9th Cir. 2020) .................................................................... 1

*Linney v. Cellular Alaska P'ship*,
   151 F.3d 1234 (9th Cir. 1998) .................................................................. 13

*Muliane v. Cent. Hanover Bank & Trust Co.*,
   339 U.S. 306 (1950) ................................................................................. 15

*Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004) .......................................................... 9, 11

*Perdue v. Kenny A. ex rel. Winn*,
   559 U.S. 542 (2010) ................................................................................. 12

*Rodriguez v. Bumblebee Foods, LLC*,
   2018 U.S. Dist. LEXIS 69028 (S.D. Cal. Apr. 24, 2018) .......................... 11

*Rodriguez v. W. Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009) ..................................................................... 9

*Zamora Jordan v. Nationstar Mortg., LLC*,
   2019 WL 1966112 (E.D. Wash. May 2, 2019) ........................................... 7

iii

# OTHER AUTHORITIES

NEWBERG ON CLASS ACTIONS § 13:48 (5th ed.) .................................................. 8

NEWBERG ON CLASS ACTIONS § 13:49 (5th ed.) .................................................. 9

NEWBERG ON CLASS ACTIONS § 13:51 (5th ed.) ................................................ 10

NEWBERG ON CLASS ACTIONS § 13:53 (5th ed.) ................................................ 12

NEWBERG ON CLASS ACTIONS § 13:56 (5th ed.) ................................................ 13

*Hawkins v. The Kroger Company,* Case No. 3:15-cv-02320-JM-AHG
PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

## I.   INTRODUCTION

This case settled following the Parties' second Settlement Conference before the Honorable Allison H. Goddard. The settlement is memorialized in the Class Action Settlement Agreement ("Settlement Agreement"), which is attached as **Exhibit 1** to the concurrently filed Declaration of Gregory S. Weston. Plaintiff respectfully moves the Court for an order granting the Settlement Agreement its preliminary approval.

"The court's task at the preliminary approval stage is to determine whether the settlement falls 'within the range of possible approval.'" *In re Wells Fargo & Co. S'holder Derivative Litig.*, 445 F. Supp. 3d 508, 517 (N.D. Cal. 2020) (citation omitted). This motion shows the settlement, which provides both monetary relief to class members and *cy pres* relief to a relevant and respected charity, is "within the range of possible approval." Specifically, to settle this action Kroger agrees to create cash fund of $780,000 to notify and pay class members and, on top of this, to make a *cy pres* payment of $21,000 to the American Heart Association.

Having litigated this case for over five years, through close of discovery and full briefing of summary judgment and *Daubert* motions, the Class Representative and Class Counsel understand the strengths and weaknesses of their case, and the risks of proceeding through trial and further appeals.

Not only does the settlement serve the interests of both Defendant and the Class, but also the public interests embodied in California's consumer protection laws and the federal Food Drug & Cosmetic Act ("FDCA"). As the Ninth Circuit recently noted, "the FDCA [has a] stated purpose of promoting public policy by retaining parallel avenues for private and public enforcement actions against false or misleading statements." *Kroessler v. CVS Health Corp.*, 977 F.3d. 803, 814 (9th Cir. 2020). Here, a settlement with the largest grocery store company in the United States, after it mounted a vigorous defense over many years, shows the rest of the food industry the continued viability of private enforcement of the FDCA.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Hawkins filed her complaint on October 15, 2015. Dkt. 1. Kroger moved to dismiss, and on March 7, 2016, the Court followed a number of other district court decisions on the same issue, and found Plaintiff's claims to be expressly preempted and that Plaintiff had failed to allege reliance and injury. Dkt 19.

Plaintiff appealed, and on October 4, 2018, the Ninth Circuit reversed the dismissal, but declined to reach some of the issues Kroger raised. *Hawkins v. Kroger Co.,* 906 F.3d 763, 773 (9th Cir. 2018). After remand, Kroger filed a second motion to dismiss dealing with the remanded issues on February 8, 2019. Dkt. 34. On April 4, 2019, the Court denied the motion to dismiss in its entirety. *Hawkins v. Kroger Co*., 2019 U.S. Dist. LEXIS 59249 (S.D. Cal. Apr. 4, 2019).

Plaintiff moved to strike some of Kroger's affirmative defenses on June 21, 2019, and the Court granted the motion in part and denied it in part on November 25, 2019. *Hawkins v. Kroger*, 2019 U.S. Dist. LEXIS 205496, at *8 (S.D. Cal. Nov. 25, 2019).

On July 25, 2019, Plaintiff filed a motion to compel. Dkts. 69 and 69-1. Judge Major largely granted that motion. *Hawkins v. Kroger*, 2019 U.S. Dist. LEXIS 161210, at *56-59 (S.D. Cal. Sep. 16, 2019). Shortly after, discovery matters were reassigned to Judge Goddard, who presided over a number of further discovery status conferences, and who gave Plaintiff leave to file a further motion to compel, which Hawkins did on January 10, 2020. Dkts. 88 and 88-1. That motion was also granted. The Court ordered Kroger to provide further discovery responses and imposed sanctions. Dkt. 140

On May 7, 2020, Kroger and its counsel filed objections to the sanctions order. Dkt. 154. Plaintiff responded to the objections on May 25, Dkt. 198, and Kroger submitted a reply brief on June 2. Dkt. 205. The Court held a hearing on the objections on June 8 and issued an order that overruled Kroger's objections to the order, but sustained in part the objections to the order by Kroger's counsel, finding they had not received adequate notice of the potential for sanctions. Dkt. 260.

Plaintiff filed her Motion for Class Certification on January 21, 2020. Dkts. 89 and

2

89-1. The motion was granted on November 9, 2020. *Hawkins v. Kroger Co.*, 2020 U.S. Dist. LEXIS 210102, at *59 (S.D. Cal. Nov. 9, 2020).

On November 23, 2020 Kroger filed a timely motion to reconsider the class certification order. Dkt. 282. Plaintiff opposed, and the Court issued a detailed order that denied reconsideration on December 29, 2020. Dkt. 323. On January 12, 2021, Kroger filed a timely petition for permission to appeal the certification order. Plaintiff opposed the petition on January 22, 2021. On January 29, 2021, Kroger filed a motion to the Ninth Circuit for permission to file a reply brief in support of its petition for permission to appeal. Plaintiff opposed on February 2, 2021. On March 10, 2021, the Ninth Circuit's Motions Panel granted Kroger's request to file a reply in support of its 23(f) petition, but denied the petition itself.

The parties filed cross motions for summary judgment on November 20, 2020. Dkts. 275 and 277. On January 11, 2021, the Court issued an order granting the motions in part and denying them in part. *Hawkins v. Kroger Co.*, 2021 U.S. Dist. LEXIS 11346, at *32 (S.D. Cal. Jan. 11, 2021). Specifically, the Court granted Kroger's motion "as to Plaintiff's use claim under the unlawful prong of the UCL" but denied the motion as to "Plaintiff's use claim under the unfair prong of the UCL" and "as to Plaintiff's express and implied warranty claims." *Id.*

With respect to Plaintiff's labeling claims, the Court denied Kroger's motion for summary judgement, and granted Plaintiff's motion in part, deciding before trial that the "0g Trans Fat" claim violated 21 C.F.R. §§ 101.13 and 101.62. *Id.* at *18. Finally, the Court granted Plaintiff summary judgment on several of Kroger's affirmative defenses. *Id.* at *33.

On February 12, 2021, the Parties attended a settlement conference before the Honorable Allison H. Goddard. The Parties were unable to reach an agreement during the conference. Immediately following the conference, however, Judge Goddard issued a Mediator's Proposal to settle the case. Dkt. 337. On February 26, the Parties accepted the

3

*Hawkins v. The Kroger Company,* Case No. 3:15-cv-02320-JM-AHG
PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Mediator's Proposal and began preparing a full settlement agreement. On April 19 and 20, 2021, the Parties finalized and executed the Settlement Agreement.

## III.  TERMS OF THE SETTLEMENT AGREEMENT

The terms of the Settlement Agreement, attached as **Exhibit 1** to the concurrently filed Declaration of Gregory S. Weston, are summarized below.

### A.    The Class

The Class is defined as:

All citizens of California who purchased, between January 1, 2010 and December 31, 2015, Kroger Bread Crumbs containing partially hydrogenated oil and the front label claim "0g Trans Fat."

Settlement Agreement § 1.

Excluded from the Class are (a) persons or entities who purchased Kroger Bread Crumbs for the purpose of resale or distribution; (b) persons who timely and properly exclude themselves from the Class, as provided in the Settlement Agreement; (c) Kroger and any of its officers, directors, agents, representatives, employees, or other persons associated with Kroger, and (d) any judicial officer hearing this Litigation. Settlement Agreement §§ 1, 9.

### B.    Monetary Relief

As a result of the Settlement, Kroger agrees to create a $780,000 cash settlement fund for the class. Settlement Agreement § 4. Class members will an estimated $17.50 for claims. Settlement Agreement § 4. Notice and administrative expenses of $79,635 are to be paid out of this $780,000 settlement fund. Settlement Agreement §§ 4, 7. The bulk of this will be for Facebook advertising and printing, postage, and bank fees for settlement checks.

If valid claims exceed the total amount to be paid, the payments will be reduced on a pro-rata basis. If valid claims are below the total amount of the fund, the payments will be increased pro-rata such that the fund is entirely exhausted. Settlement Agreement § 4.

Any funds remaining after the distribution, such as checks that are returned

4

*Hawkins v. The Kroger Company,* Case No. 3:15-cv-02320-JM-AHG
PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

undeliverable, or that are not cashed within 90 days, shall be paid by the Class Action Administrator to the American Heart Association's San Diego office. Settlement Agreement § 4.

### C.     *Cy Pres* **Relief**

Within 90 days of the Effective Date, Kroger will make a one-time payment of $21,000 to the American Heart Association, 9404 Genesee Ave., Suite #240, San Diego, CA 92037. Settlement Agreement § 5. This payment is separate and on top of the payment to be made to the same organization by the Class Action Administrator of leftover funds from class members who make claims, but whose checks are returned by the post office undeliverable, or who fail to cash their check after 90 days.

### D.     **Class Notice**

The Parties have retained settlement and notice expert Gajan Retnasaba of Classaura LLC to prepare a plan and disseminate settlement notice, as well as process and pay claims. *See* Settlement Agreement § 7 and Retnasaba Decl. ¶¶ 1-15; Weston Declaration Exs. 2-3 (Summary Class Notice and Long Form Class Notice).

A class notice website will include a half-page summary class notice and a full and detailed long-form class notice. Class notice will describe the describe how to make a claim, file an objection, and opt-out of the settlement. Retnasaba Decl. ¶ 3. The notice website will also have an online claim form, making claims in this case faster and easier than settlements that require mailing documents. To protect the privacy of class members, the claim form will be secured using 128-bit encryption, which is the commercial standard, and claim data will be stored in a secure database. The website will also allow class members to download claim forms that can be printed and submitted by mail for class members who prefer this method. Retnasaba Decl. ¶¶ 3-5.

The website will provide email, phone, and postal contacts for class members to request further information, hard copies of claim forms or other documents, or help in the claim filing process. For class members who are unwilling or unable to use the website or make claims online, the Notice, in both its long and summary forms, and claim forms will

5

*Hawkins v. The Kroger Company,* Case No. 3:15-cv-02320-JM-AHG
PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

be provided by mail if requested by a toll-free telephone number. Retnasaba Decl. ¶ 5.

The primary method of class notice will be via Facebook, which the Parties and Classaura believe meets Rule 23's standard of best method practicable. Retnasaba Decl. ¶¶ 6-8. First, Facebook is not only the top website in California and the USA, but is also the most popular medium for advertising of any type. Second, Facebook allows for targeted advertising. Here, the notice will be partially targeted toward women over the age of 25. Third, Facebook has a feature that allows advertisers to avoid "duplicates" where the same individual is shown the same advertisement multiple times. *Id.* ¶ 8. This allows for the widest possible distribution of settlement notice.

Classaura will issue a press release containing information about the settlement and the address for the dedicated settlement website via PR Newswire. Retnasaba Decl. ¶¶ 9-10. Press releases sent through PR Newswire usually end up as articles in news media websites such as CNBC.com and Reuters.com, plus local media affiliates of the major television networks ABC, NBC, CBS, and FOX. *Id.*

Finally, in compliance with Cal. Civ. Code § 1781, Classaura will arrange for publication of the summary notice in newspaper of general circulation in San Diego County, once a week for four consecutive weeks. Retnasaba Decl. ¶ 11.

Mr. Retnasaba has frequently prepared class notice plans in consumer class actions that have been approved by the federal District Courts of California. Retnasaba Decl. ¶ 1.

### E.    Release

Upon entry of a final order approving the Settlement Agreement and the favorable resolution of any subsequent appeals, every Class Member who has not filed a Request for Exclusion from the Settlement Class will release all of their economic claims related to Kroger Bread Crumbs. Importantly, the release does not extend to any sort of personal injury claim resulting from either Kroger Bread Crumbs or their packaging. Settlement Agreement § 8.

### F.    Claims Process

The Claims process here is intentionally straightforward, easy to understand, and

6

designed so that Class members can make a claim to their portion of the settlement fund without complication. Class members will make a claim by submitting a valid and timely claim form to the Settlement Administrator. A copy of the Claim Form is attached to the concurrently filed Weston Declaration as Exhibit 4. Claim Forms may be sent in by hard copy or submitted electronically on the settlement website.

### G.    Opportunity to Opt-Out and Object

The settlement provides Class Members who wish to pursue their own claims against Defendant, or are otherwise unhappy with its terms, with the opportunity to opt-out. Settlement Agreement § 9.3. As with the claim form, the opt-out form is simple and can be completed in less than a minute. Class Members can also object to the settlement, with the objection and opt-out procedure is described in the Class Notice and Settlement Agreement §§ 9.1 and 9.2.

### H.    Fees, Costs, and an Incentive Award

The Settlement Agreement permits Plaintiff to apply for an incentive award of $7,000 and for her counsel to seek up to $400,000 in fees and costs. Settlement Agreement § 10. Kroger agrees not to oppose such an application that does not exceed this amount. Settlement Agreement § 10.

## IV.  LEGAL STANDARD FOR PRELIMINARY APPROVAL

Public policy "strong[ly] . . . favors settlements, particularly where complex class action litigation is concerned." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019) (en banc). The "2018 amendment to Rule 23(e) establishes core factors district courts must consider when evaluating a request to approve a proposed settlement." *Jordan v. Nationstar Mortg. Ltd. Liab. Co.*, 2019 U.S. Dist. LEXIS 74833, at *5 (E.D. Wash. May 2, 2019) . In evaluating the 23(e) factors, it "is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness" *Carlin v. DairyAmerica, Inc.*, 380 F. Supp. 3d 998, 1009 (E.D. Cal. 2019) (citation omitted).

Factors that the Ninth Circuit considers include (1) the strength of plaintiffs' case;

7

*Hawkins v. The Kroger Company,* Case No. 3:15-cv-02320-JM-AHG
PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

(2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; and (6) the experience and views of counsel. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998);[1] *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

## V.   THE SETTLEMENT WARRANTS PRELIMINARY APPROVAL

### A.   Plaintiff and Class Counsel Have Adequately Represented the Class.

Rule 23(e)(2)(A) requires the Court to consider whether "the class representatives and class counsel have adequately represented the class." Fed. R. Civ. P. 23(e)(2)(A). This analysis is "redundant of the requirements of Rule 23(a)(4) and Rule 23(g), respectively." 4 NEWBERG ON CLASS ACTIONS § 13:48 (5th ed.). A determination of adequacy of representation requires that "two questions be addressed: (a) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (b) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000), *as amended* (June 19, 2000) (citing *Hanlon*, 150 F.3d at 1020); *see also Hefler v. Wells Fargo & Co.,* 2018 U.S. Dist. LEXIS 213045, at *17-18 (N.D. Cal. Dec. 17, 2018).

Shavonda Hawkins, the class representative in this action, has no conflicts of interest with other class members and has prosecuted this action diligently on behalf of the Class. This has included sitting for a tough deposition, consulting with counsel on other discovery issues and submitting declarations, attending settlement conferences, and staying up to date on the case over five years.

Class Counsel has also competently represented the Class. The Settlement was

---

[1] The Ninth Circuit also instructed district courts to consider "the reaction of the class members to the proposed settlement." *Hanlon*, 150 F.3d at 1026. This factor can only be evaluated at the final approval stage when the Court can review objections, opt-outs, and class member claims.

8

*Hawkins v. The Kroger Company,* Case No. 3:15-cv-02320-JM-AHG
PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

negotiated by counsel experienced in consumer class action litigation. Through the discovery process, Class Counsel obtained sufficient information and documents to evaluate the strengths and weaknesses of the case. *See* 4 NEWBERG ON CLASS ACTIONS § 13:49 (5th ed.) ("if extensive discovery has been done, a court may assume that the parties have a good understanding of the strengths and weaknesses of their respective cases and hence that the settlement's value is based upon such adequate information."). Based on such discovery and extensive experience prosecuting consumer class actions, Class Counsel believes that the Settlement provides strong results for the class while sparing the class from the uncertainties of further protracted litigation. Weston Decl. ¶ 11. *See, e.g., In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2007) ("The recommendations of plaintiffs' counsel should be given a presumption of reasonableness."); *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009) ("Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation.").

## B.   The Settlement was Negotiated at Arm's Length.

Rule 23(e)(2)(B) requires the Court to consider whether "the proposal was negotiated at arm's length." Fed. R. Civ. P. 23(e)(2)(B). Here, the settlement was negotiated at arm's length under the supervision of the Honorable Allison H. Goddard after hard-fought litigation and discovery and multiple prior settlement conferences. Further, the Parties did not settle until after they had briefed class certification, a motion to reconsider class certification, and a Rule 23(f) petition, submitted summary judgment motions, submitted pretrial witness and exhibit lists, and exchanged settlement conference statements. Weston Decl. ¶ 9. Settlement did not occur until after the Parties had exchanged written discovery and documents, which speaks to the fundamental fairness of the process. *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("A settlement following sufficient discovery and genuine arms-length negotiation is presumed fair.").

## C.     The Relief Provided to the Class is Adequate

Rule 23(e)(2)(C) requires that the Court consider whether

the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3).

Fed. R. Civ. P. 23(e)(2)(C). "Before the Rule arrives at the articulation of sub-factors, its general directive asks whether the class's relief is adequate." 4 NEWBERG ON CLASS ACTIONS § 13:51 (5th ed.). "In evaluating the value of the class members' claims, the court need not decide the merits of the case nor substitute its judgment of what the case might be worth for that of class counsel; however, 'the court must at least satisfy itself that the class settlement is within the 'ballpark' of reasonableness.'" *Id.*

As a result of the Settlement, Kroger will establish a non-reversionary settlement fund of $780,000, which includes $79,635 in Notice and administrative expenses. Settlement Agreement §§ 3-5. Class members who submit claims will receive a projected $17.50. Settlement Agreement § 4. This compares favorably to the $2 to $3 purchase price of Kroger Bread Crumbs. The $780,000 aggregate monetary relief also compares favorably to the total California sales of KBC during the class period, which were about $2 million. In lieu of taking this matter to trial with the possibility of obtaining no relief, this is an excellent result for the Class.

Further, unlike some settlements with a complicated claims process, here a claim can be made with a simple online form, though claims can also be made by mail. Settlement Agreement §§ 3-5, 7.

Any funds remaining after the distribution, such as checks that are not cashed within 90 days, will be paid as a *cy pres* payment to the American Heart Association's San Diego office. Settlement Agreement § 4.

Additionally, within 90 days of the Effective Date, Kroger will make a one-time payment of $21,000 to the American Heart Association, 9404 Genesee Ave., Suite 240,

10

San Diego, CA 92037. Settlement Agreement § 5.  This payment is separate and on top of the payment to be made to the same organization by the Class Action Administrator of leftover funds from class members who make claims but whose checks are returned by the post office undeliverable, or who fail to cash their check after 90 days. Settlement Agreement § 5.

**D.    The Costs, Risks, and Delay of Trial and Appeal Support Preliminary Approval**

The costs, risks, and delay of trial and appeal further support preliminary approval. Proceeding in this litigation in the absence of settlement poses various risks. The Settlement provides relief to the Class without the risks, costs, and delays inherent in continued litigation, all of which are important factors in considering the reasonableness of the Settlement. *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575-76 (9th Cir. 2004); *see also Rodriguez v. Bumblebee Foods, LLC*, 2018 U.S. Dist. LEXIS 69028, at *8 (S.D. Cal. Apr. 24, 2018) ("It has been held proper to take the bird in hand instead of a prospective flock in the bush.") (internal quotation marks omitted); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (same).

The risks of proceeding in this litigation include the class losing at trial, the class winning at trial while obtaining less in damages than the settlement, and the risks of further appeals.

Such considerations have been found to weigh heavily in favor of settlement. *See Rodriguez*, 563 F.3d at 966; *Moreno v. Beacon Roofing Supply, Inc.*, 2020 U.S. Dist. LEXIS 122642, at *14 (S.D. Cal. July 13, 2020)  ("Settlement avoids the complexity, delay, risk and expense of continuing with the litigation and will produce a prompt, certain, and substantial recovery for the Plaintiff class."). The Settlement, by contrast, provides a recovery that is "certain and immediate, eliminating the risk that class members would be left without any recovery . . . at all." *Graves v. United Indus. Corp.*, 2020 U.S. Dist. LEXIS 33781, at *21-22 (C.D. Cal. Feb. 24, 2020) (citation omitted)).

11

*Hawkins v. The Kroger Company,* Case No. 3:15-cv-02320-JM-AHG
PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

### E.     The Proposed Method of Distributing Relief to the Class Is Effective

"[T]he goal of any distribution method is to get as much of the available damages remedy to class members as possible and in as simple and expedient a manner as possible." 4 NEWBERG ON CLASS ACTIONS § 13:53 (5th ed.). Here, the claims process is straightforward and allows Class members to make a claim by submitting a valid and timely Claim Form to the Settlement Administrator without complication. *See Hilsley v. Ocean Spray Cranberries, Inc.*, 2020 U.S. Dist. LEXIS 16195, at *19-20 (S.D. Cal. Jan. 31, 2020).

Further, if valid claims are lower than expected and below the total amount of the fund, the payments will be increased pro-rata such that the fund is exhausted.  Settlement Agreement § 4. Any funds remaining after the distribution, such as checks that are returned for incorrect addresses, or that are not cashed within 90 days, shall be paid by the Class Action Administrator as a second *cy pres* payment to the American Heart Association. Settlement Agreement § 4. Accordingly, the Court should find the proposed method of distribution of class funds to be effective.

### F.     The Proposed Fee Award is Fair and Reasonable

As discussed above, the Settlement Agreement provides that Class Counsel may request an award of attorneys' fees and out-of-pocket expenses of up to $400,000. Settlement Agreement § 10. Further, the Settlement is not contingent on an attorney fee award, and any such award will not be paid from the settlement fund. Settlement Agreement § 10.

As the Ninth Circuit and Supreme Court have noted, "the lodestar method yields a fee that is presumptively [reasonable]." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 571 (9th Cir. 2019) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). Here, the fee cap is approximately 40% less than Class Counsel's lodestar to date, and Class Counsel will devote additional work to the action in obtaining final approval of the Settlement. Weston Decl. ¶ 10.

12

*Hawkins v. The Kroger Company,* Case No. 3:15-cv-02320-JM-AHG
PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**G.**   **No Side Agreements Were Made in Connection with the Proposed Settlement**

Rule 23(e)(3) requires that the Parties "must file a statement identifying any agreement made in connection with the [settlement] proposal." Fed. R. Civ. P. 23(e)(3). No agreements were made in connection with the settlement aside from the Settlement Agreement itself. Weston Decl. ¶ 7.

**H.**   **The Proposed Settlement Treats Class Members Equitably Relative to Each Other**

Rule 23(e)(2)(D) requires the Court to consider whether the Settlement Agreement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). "A distribution of relief that favors some class members at the expense of others may be a red flag that class counsel have sold out some of the class members at the expense of others, or for their own benefit." 4 NEWBERG ON CLASS ACTIONS § 13:56 (5th ed.). Here, the settlement treats each class member equally. As discussed above, each class member can make a claim for approximately $17.50 in cash from the settlement fund. Settlement Agreement § 4. Because each class member is treated equally, the Court should approve the settlement as fair, reasonable, and adequate. This equal distribution allows the claims process to be easier for both class members, and also greatly reduces the administrative costs of the settlement distribution.

## VI.   ADDITIONAL FACTORS SUPPORTING SETTLEMENT

In addition to the factors set forth in Rule 23(e), courts may consider additional factors in contemplating preliminary approval, such as the "strength of the plaintiff's case," "the complexity and likely duration of further litigation," "the extent of discovery completed and the stage of the proceedings," and "the experience and views of counsel" *Haralson v. U.S. Aviation Servs. Corp.*, 383 F. Supp. 3d 959, 967 (N.D. Cal. 2019). *See also Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) (same).

13

*Hawkins v. The Kroger Company,* Case No. 3:15-cv-02320-JM-AHG
PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1    For the first additional factor, Plaintiff maintains that her claims are strong and that
2    she would prevail at trial. However, Plaintiff and Class Counsel are mindful of the
3    potential uncertainties of trial and further appeal.

4    For the second factor, discovery was complete before the case was settled. Prior to
5    the close of discovery, the Parties took depositions, produced documents and information,
6    and exchanged expert reports. Further, prior to engaging in serious settlement discussions,
7    the Parties fully briefed summary judgment, and submitted pretrial materials, and the
8    Court entered an order largely denying the Parties' respective summary judgment
9    motions. *See Hawkins v. Kroger Co.*, 2021 U.S. Dist. LEXIS 11346 (S.D. Cal. Jan. 11,
10   2021). Thus, the Parties were well-informed in negotiating the Settlement.

11   Moreover, the settlement comes after more than five years of litigation. Thus, the
12   Parties negotiated the settlement with an understanding of the strengths and weaknesses of
13   the Class's claims.

14   With regard to "the complexity and likely duration of further litigation" factor, the
15   Ninth Circuit's decision in this case repeatedly acknowledged the unusual complexity of
16   the interweaving regulations at issue governing nutrient content claims. The decision used
17   the phrases "somewhat confusingly," "inconsistent and incomprehensive," and "mind-
18   bogglingly complex and confusing," and noting "the degree of difficulty in sorting out and
19   tracking down the applicable regulations" and the resulting "large amount of judicial
20   resources" needed to interpret the FDA regulations before it. *Hawkins v. Kroger Co.,* 906
21   F.3d 763, 766 n.1 and 771-72 (9th Cir. 2018).

22   Further, the likely duration of further litigation weighs in favor of settlement
23   approval. This action was filed on October 15, 2015—more than five years ago—and was
24   the work of substantial pre-filing investigation and a pre-filing demand letter. Dkt. 1. The
25   action has been hard fought, including an appeal, multiple discovery disputes, and
26   extensive class certification briefing. Plaintiff is mindful proceeding with the action may
27   result in further delay in an action which has already been pending for five years.

28   Finally, Class Counsel's experience with trans fat litigation is a factor weighing in

14

favor of settlement approval. Here, he has argued four appeals on trans fat issues, obtained a permanent injunction, and had multiple class action settlements approved. He also represented Professor Fred Kummerow in his lawsuit against the FDA that resulted in the final nationwide ban on trans fat use. *See* Weston Firm resume, Dkt. 89-2, Ex. A (Weston Firm Resume).

## VII. THE PROPOSED FORM AND METHOD OF CLASS NOTICE IS ADEQUATE AND SATISFIES THE REQUIREMENTS OF RULE 23.

Class notice must be "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Caudle v. Sprint/United Mgmt. Co.*, 2019 U.S. Dist. LEXIS 216056, at *12 (N.D. Cal. Dec. 16, 2019) (quoting *Muliane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)); *see also* Fed. R. Civ. P. 23(e)(1). Class notice also must satisfy Rule 23(c)(2)(B), which provides that the notice must clearly and concisely state the following in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

The proposed class notice, modeled on others that have been approved by California federal courts, does each of these. The Parties agreed to and propose that it will be primarily noticed through Facebook advertisements, partially targeted at the demographics most likely to purchase Kroger Bread Crumbs. Settlement Agreement § 7. Class Notice will also be published in a newspaper of general circulation over four consecutive weeks, as required by § 1781 of the Consumer Legal Remedies Act. Retnasaba Decl. ¶ 11.

The Proposed Notice Plan shall further include a class notice website, which will include (1) the Class Notice, (2) the Settlement Agreement, (3) this Motion for

15

*Hawkins v. The Kroger Company,* Case No. 3:15-cv-02320-JM-AHG
PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Preliminary Approval, (4) if and when issued, the Court's Order granting preliminary approval, (5) the fee motion, and (6) instructions on opting out and filing of objections. Retnasaba Decl. ¶¶ 3-8. The Class Notice is written in plain language and contain the information required by Rule 23(c)(2)(B), as well as a user-friendly "Frequently Asked Questions" format. *See* Weston Decl. Ex. 3. Both Class Counsel and Classaura, LLC, an experienced class action settlement administrator, will be available to further explain the settlement to class members. Accordingly, the Notice and Notice Plan should, respectively, be approved.

## VIII.    PROPOSED SCHEDULE OF EVENTS

In connection with preliminary approval of the Settlement Agreement, the Parties propose a schedule described in the table below based on the date the Court sets for the Fairness hearing.

| Event | Date |
|---|---|
| Motion for Final Approval | August 23, 2021 |
| Motion for Attorney Fees and Incentive Award | August 23, 2021 |
| Deadline to Opt-Out or Object | August 30, 2021 |
| Deadline for Responses to Objections | September 13, 2021 |
| Filing of Final List of Timely Requests for Exclusion | September 13, 2021 |
| Certification of Service of CAFA Notice on Government Entities | September 20, 2021 |
| Final Approval Hearing | September 27, 2021 at 10:00 a.m. |

## IX.   CONCLUSION

The proposed Settlement is fair, reasonable, and adequate, and falls well within the range for possible final approval. For these reasons the Court should, respectfully, grant preliminary approval.

1   DATED: April 20, 2021            Respectfully submitted,

2
                                     /s/ Gregory S. Weston
3                                    **THE WESTON FIRM**
                                     GREGORY S. WESTON
4                                    1405 Morena Blvd., Suite 201
                                     San Diego, CA 92110
5

6                                    **Class Counsel**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Hawkins v. The Kroger Company,* Case No. 3:15-cv-02320-JM-AHG
PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT