1 **THE WESTON FIRM**
2 GREGORY S. WESTON (239944)
*greg@westonfirm.com*
3 1405 Morena Blvd., Suite 201
San Diego, CA 92110
4 Telephone:   (619) 798-2006
Facsimile:    (619) 343-2789
5

6 **Class Counsel**
7

8 **UNITED STATES DISTRICT COURT**

9 **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
10

11

12 | | |
|---|---|
| | Case No: 3:15-cv-02320-JM-AHG |
13 SHAVONDA HAWKINS, on behalf of herself and all others similarly situated, | |
| | **DECLARATION OF GREGORY S. WESTON IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
14
15 Plaintiff, | |
16 v. | Judge: The Honorable Jeffrey T. Miller |
17 THE KROGER COMPANY, | Date: June 7, 2020 |
| | Time: 10:00 a.m. |
18 Defendant. | Location: Courtroom 5D |
19
20

21
22
23
24
25
26
27
28

Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

1.     I am a member in good standing of the California Bar and of this Court. I make this Declaration in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement. I could testify to the matters contained herein if called upon to do so.

2.     **Exhibit 1** is a true and correct copy of the Parties' proposed class-wide Settlement Agreement dated April 19, 2021.

3.     **Exhibit 2** is a true and correct copy of the proposed summary or "short form" Class Notice.

4.     **Exhibit 3** is a true and correct copy of the proposed complete or "long form" Class Notice.

5.     **Exhibit 4** is a true and correct copy of the proposed claim form.

6.     Defendant took the deposition of Plaintiff Shavonda Hawkins on January 3, 2020.

7.     No agreements were made in connection with the settlement aside from the Settlement Agreement itself.

8.     Through the discovery process, we obtained sufficient information and documents to evaluate the strengths and weaknesses of the case.

9.     The Parties did not agree to the settlement until after they after they had briefed class certification, a motion to reconsider class certification, and a Rule 23(f) Petition, submitted summary judgment motions, submitted pretrial materials, and exchanged settlement conference statements.

10.     Pursuant to the Settlement Agreement, we may apply for an award of fees and costs of up to $400,000. This capped amount is approximately 40% less than our actual lodestar to date. Further, we will devote additional work to the action in obtaining final approval of the Settlement.

11.     I believe the settlement is fair reasonable.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

1

1    Executed on April 20, 2021 in San Diego, California.

2                                    /s/ Gregory S. Weston
3                                    Gregory S. Weston

4
     DATED: April 20, 2021           Respectfully Submitted,
5
6                                    /s/ Gregory S. Weston
                                     **THE WESTON FIRM**
7
8                                    <u>**Class Counsel**</u>

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Hawkins v. The Kroger Company,* Case No. 3:15-cv-02320-JM-AHG
DECLARATION OF GREGORY S. WESTON

# EXHIBIT 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAVONDA HAWKINS, on behalf of herself and all others similarly situated,<br><br>                  Plaintiff,<br><br>     v.<br><br>THE KROGER COMPANY,<br><br>                Defendant. | Case No: 3:15-cv-2320-JM-AHG<br><br>**CLASS ACTION SETTLEMENT AGREEMENT**<br><br>Judge: The Honorable Jeffrey T. Miller |

This Class Action Settlement Agreement (the "Settlement Agreement") is made and entered into by and between Plaintiff Shavonda Hawkins, on behalf of herself and the Class she was appointed by the Court to represent, and Defendant Kroger Company (hereinafter "Kroger" or "Defendant") (collectively "the Settling Parties").

## RECITALS

## PROCEDURAL BACKGROUND

WHEREAS, this action, entitled *Hawkins v. The Kroger Co.*, 3:15-cv-2320-JM-AHG (C.D. Cal.), was filed in the U.S. District Court for the Southern District of California against Kroger, bringing claims under California's Consumer Legal Remedies Act (Civ. Code § 1750, *et seq.* ["CLRA"]), Unfair Competition Law (Bus. & Prof. Code § 17200, *et seq.* ["UCL"]), and False Advertising Law (*id.* § 17500, *et seq.* ["FAL"]), as well as claims for breach of express and implied warranty, arising from Defendant's marketing and sale of Kroger Bread Crumbs, as defined below (hereinafter "the Litigation");

WHEREAS, based upon extensive discovery, investigation, and evaluation of the facts and law relating to the matters alleged in the pleadings of the Litigation, plus the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, the parties have conducted arm's-length negotiations both before and during a formal mediation, and have agreed to settle the claims asserted in the Litigation pursuant to the provisions of this Settlement Agreement;

**NOW THEREFORE**, subject to the final approval of the Court, the Settling Parties hereby agree, in consideration of the mutual promises and covenants contained herein, and for other good and valuable consideration, that any Released Claims, as defined below, against any Released Parties, as defined below, shall be settled, compromised and forever released upon the following terms and conditions.

## TERMS AND CONDITIONS OF THE SETTLEMENT

## 1. DEFINITIONS

As used herein, the following terms have the meanings set forth below.

"CAFA Notice" means the notice of this Settlement to the appropriate federal and state officials in the United States, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

"Class" means all citizens of California who purchased, between January 1, 2010 and December 31, 2015, Kroger Bread Crumbs containing partially hydrogenated oil and the front label claim "0g Trans Fat," but not Defendant or any of its officers, directors, agents, representatives, employees, or other person affiliated with Defendant.

"Class Counsel" means The Weston Firm.

"Class Member" means members of the Class, which will eventually exclude those who file a timely Request for Exclusion in accordance with the provisions of the Notice Plan.

"Class Period" means January 1, 2010 through December 31, 2015.

"Court" means the U.S. District Court for the Southern District of California.

"Defendant" means The Kroger Company.

"Defense Counsel" means Defendant's counsel of record in the Litigation, Jacob Harper, Heather Canner, and Nicole Phillis of Davis Wright Tremaine LLP.

"Effective Date" means the day the Court grants final approval to this settlement.

"Fairness Hearing" means the hearing that is to take place after entry of the Preliminary Approval Order and after Notice is distributed pursuant to the Notice Plan for purposes of determining (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate, and therefore the Settlement Agreement should be finally approved with entry of the Final Judgment and Order; (2) whether a judgment should be entered dismissing this action with prejudice in accordance with the Settlement Agreement; and (3) whether an order approving of fees, costs and incentive award should be entered.

"Final Judgment and Order" means an order and judgment substantially in the form of Exhibit A to this Agreement, entered by the Court approving this Settlement Agreement as final and binding on the Parties, Class Members, and Released Parties , pursuant to

Federal Rule of Civil Procedure 58(a), dismissing the Litigation with prejudice.

The "Litigation" means the action entitled *Hawkins v. Kroger Co.*, 3:15-cv-2320-JM-AHG (S.D. Cal.).

"Notice" means the "Class Notice," to be disseminated in accordance with Preliminary Approval Order, informing the Class of, among other things, the pendency of the Litigation, the material terms of the Settlement Agreement, and their options with respect thereto.

"Notice Plan" means the method of providing the Class with Notice of the Settlement.

"Personal Injury" means a disease or adverse physical condition.

"Representative Plaintiff" means the named plaintiff in this action, Shavonda Hawkins.

"Plaintiffs" means the Representative Plaintiff and all Class Members.

"Preliminary Approval Order" means an order, providing for, among other things, preliminary approval of the Settlement and dissemination of the Notice to the Class according to the Notice Plan.

"Release," "Released Persons," and "Released Claims" are defined in the separate release section contained in Section 8 of this Settlement Agreement.

"Request for Exclusion" means a timely, written request from a Class Member who does not wish to participate in the Settlement to the Class Action Administrator, stating an intent to be "excluded from" or to "opt-out" of the Settlement.

"Settlement" means the settlement set forth in this Settlement Agreement.

"Settlement Agreement" means this agreement and its Exhibits, attached hereto and incorporated herein, including all subsequent amendments agreed to in writing by the Settling Parties and any exhibits to such amendments.

"Settling Parties" means, collectively, Plaintiffs (except for those Class Members that opt out of the Settlement in the manner provided herein) and Kroger.

## 2. DENIAL OF WRONGDOING AND LIABILITY

Kroger denies the material factual allegations and legal claims asserted in the Litigation, including any and all charges of wrongdoing or liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation. Similarly, this Settlement Agreement provides for no admission of wrongdoing or liability by any of the Released Persons. This Settlement is entered into solely to eliminate the uncertainties, burdens, and expenses of protracted litigation.

**3.  THE BENEFITS OF SETTLEMENT**

Class Counsel and the Representative Plaintiff recognize and acknowledge the expense and length of continued proceedings that would be necessary to prosecute the Litigation through trial and further appeals. Class Counsel also has taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation. Class Counsel is mindful of the challenges it will face in maintaining class certification. Class Counsel is also mindful of the inherent problems of proof related to the claims and defenses to the claims asserted in the Litigation. Class Counsel believes that the proposed Settlement confers substantial benefits upon the Class, as well as a *cy pres* contribution to the American Heart Association that will benefit even Class Members who do not file a claim. Based on their evaluation of all of these factors, following briefing on the sufficiency of the complaint and the evaluation of documents produced, the Representative Plaintiff and Class Counsel have determined that the Settlement is in the best interests of the Class.

**4.  MONETARY RELIEF – SETTLEMENT FUND**

Kroger agrees to pay a $780,000 cash settlement to the class. Class Members will receive an estimated $17.50 for claims not documented by receipts, up to $100 if documented by receipts. Notice costs and settlement administrative expenses associated with distribution of large numbers of small payments not to exceed $79,635 are to be paid out of this $780,000 settlement fund. Kroger will not have any responsibility for the allocation of the settlement proceeds or the review of claims of Class Members.

If valid claims exceed the total amount to be paid from the $780,000 settlement

fund less the settlement administrative expenses, the payments will be reduced on a pro rata basis. If valid claims are below the total amount of the fund, the payments will be increased pro-rata such that the fund is exhausted. Any funds remaining after the distribution, such as checks that are returned for incorrect addresses, or that are not cashed within 90 days, shall be paid by the Class Action Administrator as a *cy pres* payment to the American Heart Association, 9404 Genesee Ave., #240, San Diego, CA 92037.

## 5. MONETARY RELIEF – *CY PRES*

Within 90 days of the Effective Date, Kroger will make a one-time payment of $21,000 to the American Heart Association, 9404 Genesee Ave., #240, San Diego, CA 92037.

This payment is separate from the payment to be made to the same organization by the Class Action Administrator of leftover funds from Class Members who make claims but whose checks are returned by the post office undeliverable, or who fail to cash their check after 90 days.

## 6. SUBMISSION OF THE SETTLEMENT TO THE COURT FOR REVIEW AND APPROVAL

As soon as practicable, within 30 days following the signing of this Settlement Agreement, Class Counsel shall seek preliminary approval of this agreement because it is within the range of reasonableness such that Notice should be provided pursuant to this Settlement Agreement.

## 7. ADMINISTRATION AND NOTICE

Class Counsel shall arrange for providing Notice to the Class in conjunction with the Class Action Administrator. Kroger has agreed to pay a $780,000 cash settlement to the Class. Notice and administrative expenses of $79,635 are to be paid out of this $780,000 settlement fund.

### A.    Appointment and Retention of Class Action Administrator

The Class Action Administrator shall be Classaura LLC.

The Class Action Administrator shall be responsible for providing the Settling

Parties with assistance, as necessary, such as by preparing affidavits of work it has performed with respect to implementing the Notice Plan and providing regular updates to the Settling Parties' counsel. Defendant shall pay $49,635 to the Class Action Administrator within five court days of an order granting preliminary approval to this settlement to cover the expenses associated with Class Notice and processing of claims. Defendant shall pay the balance of $732,000 to the Class Action Administrator, consisting of the $700,365 distribution and $30,000 in costs for postage and check printing, within five court days of the later of (1) an order granting final approval to the settlement, if there are no objections to the settlement; (2) the time to file a timely appeal of the denial of objections has passed, if there are objections; (3) the day the Ninth Circuit affirms the order granting final approval if there are both objections and appeals of the denial of the objections, and the time for further appeals has elapsed.

## B.    Class Settlement Website

The Class Action Administrator will create and maintain a class settlement website (the "Class Settlement Website"), to be activated within seven (7) calendar days of its receipt of the Preliminary Approval Order. The Class Settlement Website will contain Settlement information and case-related documents such as this Settlement Agreement, the Preliminary Approval Order, the Notice, the Petition for Attorneys' Fees, Costs and Incentive Award (as described in Section 10), the Final Approval Motion, and notices from the Court. In addition, the Class Settlement Website will include procedural information regarding the status of the Court-approval process, such as an announcement of the Fairness Hearing date, when the Final Judgment and Order has been entered, and when the Effective Date has been reached, including any appeal(s).

The Class Settlement Website will terminate (be removed from the internet) and no longer be maintained by the Class Action Administrator within ten days of Final Approval if there are no objections, and within ten days of the time to appeal (or further appeal) expiring.

## C.    CAFA Notice

Defendant shall serve notice of the Settlement Agreement that meets the requirements of CAFA, 28 U.S.C. § 1715, on the appropriate federal and state officials no later than ten (10) days following the filing of Plaintiffs' motion for preliminary approval of settlement with the Court.

### D.   Notice Plan

The Notice Plan, attached hereto as **Exhibit B**, shall conform to all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clauses), and any other applicable law, and shall otherwise be in the manner and form agreed upon by the Settling Parties and approved by the Court.

The Class Action Administrator shall commence providing Notice to the Class according to the Notice Plan as attached in **Exhibit B**, as ordered by the Court in its Preliminary Approval Order.

The form of the claim forms or any other documents to be presented to potential Class Members will be agreed upon by the Settling Parties.

The Class Action Administrator shall be responsible for receiving all opt-out and other requests and correspondence from the Class Members to exclude themselves from the Settlement and provide to Class Counsel and Defense Counsel a copy thereof within three (3) days of receipt. The Class Action Administrator shall also receive and maintain all other correspondence from any Class Member regarding the Settlement and promptly provide such correspondence to Class Counsel and Defense Counsel. No later than seven (7) calendar days before the date of the Fairness Hearing, the Class Action Administrator shall provide to the Settling Parties and file with the Court a list of those persons who have submitted a valid Request for Exclusion, as described in Section 12 of this Settlement Agreement.

## 8.   RELEASES AND DISMISSAL OF ACTION

Upon the Effective Date, Plaintiffs, except for those that have opted out, will be deemed to have, and by operation of the Final Judgment and Order will have, fully, finally, and forever released, relinquished, and discharged the Released Persons from all Released

8

Claims, meaning any and all causes of action, claims, suits, debts, damages, judgments, liabilities, demands, and controversies of every nature and description whatsoever—whether now known or unknown, asserted or not asserted, matured or unmatured, liquidated or unliquidated, at law or in equity, for injunctive relief or damages, whether before a local, state or federal court, or state or federal administrative agency, commission, arbitrator(s) or otherwise—that such Plaintiffs now have or may have, and for all times up to and including the Effective Date of the Settlement, for all claims that were or could have been asserted relating to the manufacturing, formulation, preparation, handling, distribution, advertising, marketing, packaging, sale, labeling, promotion, and ingredients of Kroger Bread Crumbs. Plaintiffs (except for those that have opted out in the manner provided for herein) also knowingly, expressly, and voluntarily waives all rights under Section 1542 of the California Civil Code (or similar laws of other States) which states:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

"Released Persons" includes Defendant and its predecessors, successors, assigns, parents, owners, subsidiaries, indemnitees, divisions, affiliates, members, investors (including, but not limited to, affiliated partnerships and joint ventures), agents, agencies, contractors, and any of their past or present directors, officers, employees, insurers, attorneys, and anyone working on their behalf.

This Release includes all claims that such Plaintiffs and their heirs, successors, and assigns have, has, or may have against the Released Persons arising out of, in connection with, or related in any way, directly or indirectly, to the manufacturing, formulation, preparation, handling, distribution, advertising, marketing, packaging, sale, labeling,

promotion, and ingredients of Kroger Bread Crumbs, that have been brought, or could have been brought, in the Litigation against the Released Persons.

After entering into this Settlement Agreement, Plaintiffs may discover facts other than, different from, or in addition to, those that they know or believe to be true with respect to the Released Claims. Plaintiffs expressly waive and fully, finally, and forever settle and release any known or unknown, suspected or unsuspected, contingent or non-contingent claim, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such other, different, or additional facts. Notwithstanding Section 1542 of the California Civil Code, or any other federal or state statute or rule of law of similar effect, this Settlement Agreement shall be given full force and effect according to each and all of its expressed terms and provisions, including those related to any unknown or unsuspected claims, liabilities, demands, or causes of action which are based on, arise from or are in any way connected with the Litigation.

### A.  Continuing Jurisdiction

The Settling Parties shall agree to continued jurisdiction over the Settling Parties to this Settlement with respect to the future performance of the terms of this Settlement Agreement. In the event that any applications for relief are made, such applications shall be made to the Court.

### B.  Sole and Exclusive Remedy

Upon the Effective Date: (a) this Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs (except for those that opt out in the manner provided herein), and (b) Plaintiffs (except for those that opt out in the manner provided herein) stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting against the Released Persons in any federal or state court or tribunal any and/or all Released Claims.

### C.  Personal Injury Exclusion

As the exception to Class Members' broad release, claims of a *Personal Injury* resulting from a defect in Kroger Bread Crumbs or packaging are specifically not included

in the Released Claims.

## 9.  PROCEDURES FOR OBJECTING TO OR REQUESTING EXCLUSION FROM THE SETTLEMENT

Subject to modification by the Court, the Settling Parties agree and stipulate to the following procedures:

### 9.1. Procedures for Objecting to the Settlement

Class Members shall have the right to appear and show cause, if they have any reason why the terms of this Settlement Agreement should not be given final approval, subject to each of the sub-provisions contained in this section. Any objection to the Settlement or Settlement Agreement, including any of its terms or provisions, should be in writing, filed with the Court, with a copy served on Class Counsel, Defense Counsel, and the Class Action Administrator at the addresses set forth in the Notice, and postmarked no later than thirty (30) calendar days prior to the Fairness Hearing date. Class Members may object either on their own or through an attorney hired at their own expense.

If a Class Member hires an attorney to represent him or her at the Fairness Hearing, he or she must do so solely at his or her own expense unless the Court orders otherwise. No Class Member represented by an attorney should be deemed to have objected to the Settlement Agreement unless an objection signed by the Class Member is also filed with the Court and served upon Class Counsel and Defense Counsel at the addresses set forth in the Notice thirty (30) days before the Fairness Hearing.

Any objection regarding or related to the Settlement Agreement should contain (a) the objector's full name, address and telephone number; (b) the name, address, and telephone number of any attorney for the objector with respect to the objection; (c) the factual and legal grounds for the objection(s); (d) documents sufficient to establish the basis for his or her standing as a Class Member, *i.e.*, verification under oath as to the approximate date(s) and location(s) of his or her purchase(s) of Kroger Bread Crumbs; (e) his or her signature or the signature of the objector's counsel, if any; (f) the case name and case number (*Hawkins v. Kroger Co.*, Case No. 3:15-cv-2320-JM-AHG (S.D. Cal.)); and

(g) a list, including case names and numbers, of any other objections by the objector, as well as by the objector's attorney, to any class action settlements submitted to any state or federal court in the previous two years. Any objection should also contain information sufficient to identify and contact the objecting Class Member (or his or her attorney, if any). Any objections not containing the required information and/or not submitted to the Court at least thirty (30) days prior to the Fairness Hearing may be deemed waived and may not be considered by the Court. If an objecting party chooses to appear at the hearing, that party should, in addition to filing his or her objection, file with the Court, at least thirty (30) days before the Fairness Hearing, a notice of intent to appear and that notice must list the name, address and telephone number of the attorney, if any, who will appear on behalf of that party.

### 9.2. Response to Objections

Class Counsel and Defendant may respond to any objection, by filing opposition papers no later than seven calendar days prior to the Fairness Hearing, or on such other date as set forth in the Preliminary Approval Order, or any subsequent Court order(s) modifying the briefing schedule for the Fairness Hearing. The Party responding shall file a copy of the response with the Court, and shall serve a copy to the objector (or counsel for the objector) to the extent the objector or their counsel do not receive notice of electronic filing via the Court's ECF filing system.

### 9.3. Opt-Outs

Any Class Member who does not wish to participate in the Settlement must submit a Request for Exclusion to the Class Action Administrator, stating an intent to be "excluded" from this Settlement. The written Request for Exclusion must be sent via first class United States mail to the Class Action Administrator at the address set forth in the Notice and postmarked no later than thirty (30) calendar days before the date set for the Fairness Hearing ("Opt-Out Date"). The Request for Exclusion must be personally signed by the Class Member and may only be on behalf of such signing Class Member. So-called "mass" or "class" opt-outs shall not be allowed. Members who "opt-out" will not release

their claims pursuant to the Settlement Agreement. Members of the Class who fail to submit a valid and timely Request for Exclusion on or before the date specified in the Notice shall be bound by all terms of the Settlement Agreement and Final Judgment and Order. Every Request for Exclusion must contain his or her (a) full name, (b) current address, (c) a clear statement communicating that he or she elects to be excluded from the Class, (d) his or her signature, and (e) the case name and case number.

Any Class Member who requests exclusion from the Settlement does not have the right to object to the Settlement. If a Class Member submits an objection and a written Request for Exclusion, he or she shall be deemed to have complied with the terms of this opt-out procedure. His or her objection will be considered void and he or she shall not be bound by the Settlement Agreement if approved by the Court. However, any objector who has not submitted a proper Request for Exclusion from the Settlement will be bound by the terms of the Settlement Agreement upon final approval of the Settlement.

**10.    FEES, EXPENSES AND INCENTIVE AWARD**

In accord with Federal Rule of Civil Procedure Rule 23(h) and relevant case law, Plaintiff will petition the Court for fees and expenses, separate from the Settlement Fund, not to exceed $400,000, and a Representative Plaintiff incentive award not to exceed $7,000. Defendant shall not object to or oppose any such petition, provided it does not exceed these limits, nor take any steps to encourage objectors to do so.

Upon a Court order so providing, any award of fees, incentive award, and costs shall be paid by Defendant within 60 calendar days of the Effective Date.

The incentive payment, if awarded, shall be paid separately from fees and costs in the form of a check sent in the care of Class Counsel made payable to the Representative Plaintiff.

**11.    MOTION FOR FINAL APPROVAL AND ORDER**

Defendant shall cooperate in good faith with the preparation of the motion for final approval of the Settlement Agreement.

**12.    CONDITIONS FOR EFFECTIVE DATE; EFFECT OF TERMINATION**

The Effective Date of this Settlement Agreement shall be the date the Court grants final approval of this agreement.

If this Settlement Agreement is not approved by the Court or the Settlement Agreement is terminated or fails to become effective in accordance with the terms of this Settlement Agreement, the Settling Parties will be restored to their respective positions in the Litigation as of the day before the Motion for Preliminary Approval was filed. In such event, except with respect to the Class Action Administrator's fees, the terms and provisions of this Settlement Agreement will have no further force and effect with respect to the Settling Parties and will not be referenced or used in the Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Settlement Agreement will be treated as vacated. If for whatever reason the Settlement Agreement fails to become effective, the Settling Parties will split equally the Class Action Administrator's fees paid prior to that date.

## 13.   MISCELLANEOUS PROVISIONS

A.    The Settling Parties acknowledge that it is their intent to consummate this Settlement Agreement, and they agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement.

B.    The Settling Parties intend the Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement compromises claims that are contested and will not be deemed an admission by any Settling Party as to the merits of any claim or defense.

C.    The Settling Parties agree that the consideration provided to the Class and the other terms of the Settlement were negotiated at arm's-length, in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily, after consultation with competent legal counsel. The Litigation was filed in good faith, was not frivolous and was in compliance with Rule 11 of the Federal Rules of Civil Procedure. This Settlement

Agreement is entered into to eliminate the uncertainties, burdens and expenses of protracted litigation.

D.    Any party to the Litigation or any other Released Person may file this Settlement Agreement and/or the Judgment in any action that may be brought against it in order to support any defense or counterclaim, including without limitation those based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

E.    This Settlement Agreement shall be interpreted and enforced in accordance with the laws of the state of California without regard to its rules regarding conflict of laws.

F.    The waiver by one party of any provision or breach of this Settlement Agreement shall not be deemed a waiver of any other provision or breach of this Settlement Agreement.

G.    This Settlement Agreement is governed by the terms of Federal Rule of Evidence 408 and is for settlement purposes only, and neither the fact of, nor any provision contained in this Settlement Agreement or its attachments, nor any action taken hereunder shall constitute, be construed as, or be admissible in evidence as, any admission of the validity of any claim, defense or any fact alleged by any of the parties in the Litigation or in any other pending or subsequently filed action or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any party, or admission by any party of any claim, defense or allegation made in the Litigation or any other action, nor as an admission by any of Defendant, the Representative Plaintiff, Class Members, or Class Counsel of the validity of any fact or defense asserted against them in the Litigation or any other action. If the Court should for any reason fail to approve this Settlement Agreement in the form agreed to by the parties, decline to enter the Final Judgment substantially in the form of Exhibit A and as agreed to by the parties, or impose any condition to approval of the settlement to which the parties do not consent, or if the Final Judgment and Order is

15

reversed or rendered void, then (a) this Settlement Agreement shall be considered null and void, (b) neither this Settlement Agreement nor any of the related negotiations shall be of any force or effect, and (c) all parties to this Settlement Agreement shall stand in the same position, without prejudice, as if the Settlement Agreement had been neither entered into nor filed with the Court.  Invalidation of any portion of this Settlement Agreement shall invalidate this Agreement in its entirety unless the parties agree in writing that the remaining provisions shall remain in full force and effect. If this Settlement Agreement terminates or is nullified, the Litigation shall revert to the status that existed before the execution of this Settlement Agreement. Upon nullification of this Settlement Agreement, Representative Plaintiff shall be free to pursue any claims available to her, and Defendant shall be free to assert any defenses available to it.

H.     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information will survive this Settlement Agreement.

I.     This Settlement Agreement and exhibits constitute the entire agreement among the Settling Parties, and no representations, warranties, or inducements have been made to any Party concerning this Settlement Agreement or its exhibits other than the representations, warranties, and covenants covered and memorialized in such documents. Except as otherwise provided herein, the Settling Parties will bear their own respective costs.

J.     Class Counsel, on behalf of the Class, is expressly authorized by the Representative Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to this Settlement Agreement to effectuate its terms, and is expressly authorized to enter into any modifications or amendments to this Settlement Agreement on behalf of the Class that Class Counsel deems appropriate.  Each counsel or other person executing this Settlement Agreement hereby warrants that such person has the full authority to do so.

K.     This Settlement Agreement may be executed in one or more counterparts. A faxed or electronic signature shall have the same force and effect as an original signature.

DocuSign Envelope ID: 3B5F8A59-C623-4107-A6D6-A24F64D785DA

1   All executed counterparts and each of them will be deemed to be one and the same

2   instrument. A complete set of original counterparts will be filed with the Court.

3         L.    This Settlement Agreement will be binding upon, and inure to the benefit of,

4   the successors and assigns of the Settling Parties.

5         M.    None of the Settling Parties, or their respective counsel, will be deemed the

6   drafter of this Settlement Agreement or its exhibits for purposes of construing the

7   provisions thereof. The language in all parts of this Settlement Agreement and its exhibits

8   will be interpreted according to its fair meaning, and will not be interpreted for or against

9   any of the Settling Parties as the drafter thereof.

10        N.    Plaintiff and Class Counsel agree not to make disparaging public statements

11  about the Defendant, the Defendant's products, and/or Defense Counsel. Defendant and

12  Defense Counsel agree not to make disparaging public statements about Plaintiff, Class

13  Counsel, or the Settlement.

14        IN WITNESS WHEREOF, the Settling Parties have executed and caused this

15  Agreement to be executed by themselves, approved as to form and content by their

16  respective attorneys, dated as of _April 19, 2021_____, 2021.

17

18  Dated: __4 - 20 - 21__              _____

19                                      Plaintiff Shavonda Hawkins

20

21  Dated: ___4/19/2021___              _____
                                        Steve Prough
                                        FDE3ADBEB95A49F

22                                      Steven J. Prough,

23                                      Vice President—Legal Services
                                        The Kroger Co.

24  APPROVED AS TO FORM AND CONTENT:

25

26  Dated: __4/19/21__                  _____

27                                      Gregory S. Weston

28                                      Class Counsel

1

2

3   Dated: _____4/19/2021_____          _____

4                                          Jacob M. Harper
                                           DAVIS WRIGHT TREMAINE, LLP
5                                          Counsel for The Kroger Co.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

SHAVONDA HAWKINS, on behalf of
herself and all others similarly situated,

        Plaintiff,

    v.

THE KROGER COMPANY,

        Defendant.

Case No: 3:15-cv-02320-JM-AHG

**FINAL JUDGMENT**

Judge: The Honorable Jeffery T. Miller

IT IS on this _____ day of _____, 2021, HEREBY ADJUDGED AND DECREED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 58 THAT:

1.    The settlement of *Hawkins v. Kroger Co.*, Case No. 3:15-cv-2320-JM-AHG, pending in the United States District Court, Southern District of California (the "Litigation"), on the terms set forth in the Parties' Settlement Agreement, with exhibits, and definitions included therein, dated April 20, 2021, and filed with this Court on April 20, 2021 is finally approved.

2.    Pursuant to Rule 58 of the Federal Rules of Civil Procedure ("Rule 58"), the Court hereby approves the form of judgment and sets forth the judgment in this separate document, to be entered into the civil docket, pursuant to Rule 79(a).

3.    The claims in this Litigation are dismissed on the merits and with prejudice pursuant to the terms set forth in the Parties' Settlement Agreement and in the Court's Final Order Approving Class Action Settlement.

4.    The Court will retain continuing jurisdiction over the Parties and the Litigation for the reasons and purposes set forth in the Final Order Approving Class Action Settlement, without affecting the finality of this Final Judgment.

**IT IS SO ORDERED**

DATED: _____, 2021

_____
The Honorable Jeffery T. Miller
United States District Court Judge

# EXHIBIT B

**THE WESTON FIRM**
GREGORY S. WESTON (239944)
*greg@westonfirm.com*
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone:   (619) 798-2006
Facsimile:    (619) 343-2789

**Class Counsel**

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAVONDA HAWKINS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE KROGER COMPANY,<br><br>Defendant. | Case No: 3:15-cv-02320-JM-AHG<br><br>**DECLARATION OF GAJAN RETNASABA IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: The Honorable Jeffrey T. Miller<br>Date: June 7, 2021<br>Time: 10:00 a.m.<br>Location: Courtroom 5D |

I, Gajan Retnasaba, declare:

1.    I am a Partner at Classaura LLC, a class action administration firm. I have been the project lead on cases including *Mason v. Heel*, *Hilsley v. Ocean Spray Cranberries*, and *In re Quaker Oats Labeling Litigation*. I founded the popular class action advocacy website ClassActionRebates.com. My prior experience includes being a litigation associate at Jones Day and a senior associate at McKinsey & Company. I hold a J.D. from Harvard Law School and a Bachelor of Engineering from the University of New South Wales.

2.    I have been asked by Class Counsel in this action to prepare a plan for class notice and distribution, should judgment for a plaintiff class create a common fund for the class.

**SETTLEMENT WEBSITE**

3.    I will create a settlement website which will include both a summary and long-form versions of the settlement notice, that will describe the settlement, describe the process for making claims, for objecting to the settlement, and for opting out of the settlement. It will also give notice that an attorney fee application will be made and describe how class members may obtain a copy of the fee application from the administrator or online, and how they may oppose the application.

4.    The website would allow claims to be made entirely online with a form where class members can file their claim, including uploading proof of purchase if applicable. The claim form will be secured using 128-bit encryption, which is the commercial standard. Claim data will be stored in a secure database. The website will also allow class members to download claim forms that can be printed and submitted by mail.

5.    The website will provide email, phone, and postal contacts for class members to request further information, hard copies of information, or help in the claim filing process. The website will be updated as needed. For class members who are unwilling or unable to use the website or make claims online, the settlement notice, in

both its long and summary forms, and claim forms will be provided via a toll-free telephone number.

**CLASS NOTICE**

6.     Facebook is, by far, the media outlet where Californians spend the most time, with approximately 29 million registered users in the state who use the site at least once per month.

7.     Our Facebook ads will provide a notice that a settlement affects the rights of buyers of Kroger Bread Crumbs and funds are available for online claims. The ads will be published 8,750,000 times on Facebook, limited to adult California users of Facebook, and partially targeted to users who are women and over the age of 25. The notice will also include a link to the class website where consumers can learn more about the lawsuit.

8.     Facebook enables advertising to be published to unique individuals so that duplicate advertisements are not shown to the same person.  Thus, the campaign will reach an estimated 8.75 million California users.

**PRESS RELEASE**

9.     PR Newswire is a national press release service used by journalists as a source for news. Press releases sent through PR Newswire often end up as articles in news media websites such as CNBC.com, MarketWatch.com, Reuters.com, Yahoo.com and local media affiliates of the major television networks ABC, NBC, and CBS. The press release will contain information about the class settlement and the address for the dedicated settlement website. I recommend the publication of a national press release on PR Newswire.

10.     I further recommend that details of the settlement be forwarded to class action advocacy websites (such as TopClassActions.com and ClassActionRebates.com) that are frequently used by members of the public interested in keeping updated on their eligibility for settlements.

*Hawkins v. The Kroger Company,* Case No. 3:15-cv-02320-JM-AHG
DECLARATION OF GAJAN RETNASABA

**CLRA NOTICE**

11.   California's Consumers Legal Remedies Act (CLRA §1781) requires published notice in a newspaper of general circulation in the county of the transaction, once a week for four consecutive weeks. Accordingly, I will arrange the publication of the summary notice in an approved San Diego County newspaper of general circulation.

**METHODS FOR PREVENTING PAYMENT OF ERRONEOUS, DUPLICATIVE, AND FRAUDULENT CLAIMS**

12.   We will use several methods to prevent payment of invalid claims.

13.   To prevent duplication, all online claims will be loaded into an electronic database. Claims received by mail would be manually entered into the same database. An algorithm would then be run to identify duplicate entries, including those that are not exact duplicates, but involve small variations in names or addresses.

14.   One type of erroneous claim is an incomplete claim. To the extent possible, the information contained within the incomplete claims will be used to notify the submitter of the incomplete claim. A second type of erroneous claim is one that does not match with a database of United States addresses. Where possible, these addresses will be corrected, or individuals will be contacted and encouraged to resubmit a correct claim.

15.   Fraudulent claims are less significant in cases such as this where monetary payments are relatively small. Moreover, merely requiring claims forms be submitted under "penalty of perjury" substantially deters fraud. Nonetheless, fraud can be further reduced by utilizing fraud detection techniques and rejecting fraudulent claims. The claims database will be queried to report signs of fraud such as: (1) multiple online claims made from the same Internet Protocol ("IP") address; (2) multiple highly similar claims, (3) claims requesting payment be sent to penal institutions, and (4) requiring claims that request payment be sent to an address outside California provide proof of their residence in California during the class period. Such claims will be subject to further manual review.

3

1       I declare under penalty of perjury of the laws of the United States that the

2  foregoing is true and correct.

3       Executed on April 20, 2021, in Atlanta, GA.

Gajan Retnasaba

DATED: April 20, 2021         Respectfully Submitted,

/s/ Gregory S. Weston

**THE WESTON FIRM**
GREGORY S. WESTON

**Class Counsel**

4

# EXHIBIT 2

# ATTENTION CALIFORNIA BUYERS OF KROGER BREAD CRUMBS

## LEGAL NOTICE OF PROPOSED CLASS LITIGATION SETTLEMENT

### *Hawkins v. Kroger Co.,* No. 3:15-cv-2320-JM-AHG (S.D. Cal.)

If you purchased Kroger Bread Crumbs **in California** between **January 1, 2010 and December 31, 2015**, please read this notice. A class action settlement gives you certain rights, including the right to make a claim for your share of a cash settlement fund, and also has certain deadlines. The class action claims that Kroger Bread Crumbs were falsely advertised in violation of California law. The defendant denies this, and the Court has made no decision on these issues. The case was litigated for more than five years, and rather than continue litigating the case in court, the two sides have agreed to a class action settlement. In addition to the cash relief, the defendant has also agreed to make a donation to the American Heart Association.

You now have the following options. First, the attorney who filed the case and was appointed to represent you recommends that you go to the settlement website (KBCLawsuit.com) and file a claim, and then receive a payment estimated at $17.50 if the Court approves the settlement. Second, you can ignore this notice and do nothing. You will not get a settlement payment, but you will give up the right to sue Kroger over claims related to Kroger Bread Crumbs' labels and advertising, though not for personal injury. Third, you can exclude yourself. If you exclude yourself, you get no settlement payment but keep the right to sue over these claims at your own expense. Finally, you can object to the settlement and tell the judge why you do not want the settlement to be approved.

You can make a claim at **KBCLawsuit.com**, as well as get more detailed information about this case, the settlement, and your options, as this is a summary only. If you need help and cannot access the Internet, you can also ask questions by mail by writing to Kroger Bread Crumbs Litigation, c/o Classaura, 1718 Peachtree St NW #1080, Atlanta, GA 30309 or call 1-833-427-8627. If possible, please consult the website **KBCLawsuit.com**.com before calling. Do not contact Kroger or the Court, except if you are serving and filing an objection. The deadline to file a claim form is August 9, 2021 but your appointed attorney recommends that you file a claim now if you are eligible so you don't forget later, and to help plan the cash distribution and estimate the settlement claims rate.

# EXHIBIT 4

*Hawkins v. The Kroger Co.*

# SETTLEMENT CLAIM FORM

### INSTRUCTIONS FOR CLAIM FORM

To be eligible to receive a payment from the settlement fund in the above-captioned action, you must file a Claim Form as described below.

1.  Please review the Notice of Class Action Settlement (the "Notice"). A copy of the Notice is available at KBCLawsuit.com**.**

2.  Accurately complete and sign the Claim Form. The easiest way is to do it online at KBCLawsuit.com, but you can also print and mail this form.

3.  By signing and submitting this Claim Form, you certify that you are a resident of California who purchased Kroger Bread Crumbs with a front label "0g Trans Fat" claim between January 1, 2010 and December 31, 2015, in California, for your personal and household use, and not for resale or distribution.

4.  You further certify that you have not filed a Request for Exclusion and that you are not excluded from the class by virtue of being (1) a judicial officer presiding over the action, (2) a current or former officer, director, agent, representative, employee of the Kroger Company, or other person affiliated with the Kroger Company, or (3) a legal representative, successor, or assign of any such excluded person.

5.  To receive a cash payment, you must complete and submit a completed form online at **KBCLawsuit.com**. or mail the completed and signed Claim Form by U.S. Mail, postmarked no later than August 9, 2021 to:

    > Kroger Bread Crumbs Litigation
    > c/o Classaura Class Action Administration
    > 1718 Peachtree St #1080
    > Atlanta, Georgia 30309

6.  Your failure to complete and submit the Claim Form online or postmarked mail by August 9, 2021 may preclude you from receiving any payment

*Hawkins v. The Kroger Co.*

## SETTLEMENT CLAIM FORM

**Your Name:** _____

**Your Full Mailing Address, Including Zip Code:**

_____

_____

**Your Phone Number:** _____

**Your Email Address:** _____

**Are you a California citizen who purchased**, between January 1, 2010 and December 31, 2015, Kroger Bread Crumbs with a front label "0g Trans Fat" claim in California, for your personal and household use, and not for resale or distribution?

_____YES                              _____NO

If you have receipt or order confirmation from your purchase of Kroger Bread Crumbs, please attach it. Receipts are not required to make claims, but your payment will be higher if you attach your receipt(s).

I hereby certify under <u>penalty of perjury</u> under the laws of the United States that the foregoing is true and correct.

Signature: _____        Date: _____

# EXHIBIT 3

## <u>NOTICE OF PROPOSED CLASS LITIGATION SETTLEMENT</u>

*Hawkins v. Kroger Co.,* Case No. 3:15-cv-2320-JM-AHG (S.D. Cal.)

United States District Court for the Southern District of California

**THIS NOTICE CONCERNS YOUR LEGAL RIGHTS.
PLEASE READ IT CAREFULLY.**

*A federal court authorized this Notice. It is not a solicitation from a lawyer.*
**YOU ARE NOT BEING SUED.**

_____

**IF YOU ARE A CALFIORNIA RESIDENT WHO** purchased, in California, Kroger Bread Crumbs, between January 1, 2010 and before December 31, 2015 (the "Class Period"), for personal or household use and not for resale or distribution, **YOU MAY BE ENTITLED TO A CASH PAYMENT.**

This settlement resolves a lawsuit against The Kroger Company ("Kroger" or "Defendant") alleging that Kroger Bread Crumbs were falsely advertised.

Kroger denies the allegations and any wrongdoing. Nonetheless, it has agreed to settle to avoid the cost and uncertainty of litigation. The parties have reached a settlement that provides a payment in exchange for a waiver and release of your claims. By participating in the settlement, you waive and release any claims against Kroger concerning the marketing and labeling of Kroger Bread Crumbs.

## Your Legal Rights and Options in this Settlement

| | |
|---|---|
| **Submit a Claim Form by August 9, 2021** | The only way to get a monetary payment. Postmark or submit your claim form online. |
| **Exclude Yourself from the Settlement Class by August 9, 2021** | If you ask to be excluded, you will not get a settlement payment.<br><br>You also will not be bound by this case and keep any right you might have to sue related to the claims in this lawsuit. |
| **Object or Comment by August 30, 2021** | You may file a written objection no later than August 30, 2021 and/or appear at the final approval hearing to tell the Court why you believe the proposed settlement is unfair, unreasonable, or inadequate. If you ask to be excluded, you cannot also file an objection. |
| **Do Nothing** | If you do nothing, you will receive no portion of the settlement fund and, if the settlement is approved, you will also give up any right you maye have to sue regarding any claims that are part of the settlement. |

- These rights and options, and the deadlines to exercise them**,** are further explained in this notice.

- The Court is in charge of this litigation and still has to decide whether to approve the settlement. The settlement benefits will be paid as soon as possible after the Court approves the settlement and after any appeals are resolved.

- If you have any questions, then please read on and visit www.KBCLawsuit.com.

2

**Questions? Call 1-833-427-8627 or visit www.KBCLawsuit.com**

| **1. Why did I receive this notice?** |
|---|

If you are a California resident who purchased Kroger Bread Crumbs in any packaging size or iteration during the Class Period, for personal or household use and not for resale or distribution, then you should know about a settlement in this class action and your options.

You also may have received this notice because you requested more information after reading the summary notice about the settlement.

If the Court approves the settlement, and any objections and appeals are resolved, an administrator approved by the Court will distribute settlement payments.

This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

| **2. What is this lawsuit about?** |
|---|

The lawsuit alleges that Kroger Bread Crumbs were falsely advertised as containing "0g Trans Fat."

Kroger denies these allegations, and the Court has made no decision on their merit.

| **3. What is a class action and who is involved?** |
|---|

In a class action lawsuit, one or more people, called class representatives (in this case Shavonda Hawkins) represent the interests of similarly situated people who have the same claims, but have not filed a lawsuit. Together these people are a class. The person who filed the lawsuit is called the plaintiff and class representative. The company they sue is called the defendant. One court resolves the issues for everyone in the class – except for those people who choose to exclude themselves from the class.

| **4. Why is there a proposed settlement?** |
|---|

The Court has not decided in favor of either side. Kroger denies all allegations in the lawsuit. Kroger is settling simply to avoid the expense, inconvenience, and inherent risk of litigation, as well as the related disruption to its business. The plaintiff and her attorneys assert that the proposed settlement is in the best interests of the class because it provides an appropriate recovery now while avoiding the risk, expense, and delay of pursuing a lawsuit through trial and any appeals. There would be no guarantee of success for either side if the lawsuit were pursued through trial and any appeals, but both sides would have to deal with expenses and delays.

## 5.   How Do I Know If I Am Part of the Proposed Settlement?

You are a part of the settlement class if you are a California resident who purchased in California Kroger Bread Crumbs during the Class Period of January 1, 2010 to December 31, 2015. The product must have been purchased for personal or household use and not for resale or distribution.

You are not a part of the settlement class if you are (1) any judicial officer presiding over the lawsuit, (2) officers, directors, and employees of Kroger, or (3) any person who properly executes and files a timely request for exclusion.

If you are unsure whether you are included in the settlement class, you can go to www.KBCLawsuit.com, or you can call 1-833-427-8627, and ask for free help.

### THE PROPOSED SETTLEMENT BENEFITS

## 6.   What does the proposed settlement provide?

### Settlement Fund

The proposed settlement will provide for $780,000.00 to be paid into a settlement fund. Notice and administrative expenses of $79,635 are to be paid out of this $780,000 settlement fund. The remaining $700,365 will be split between individuals who submit valid claim forms.

### Payments to settlement class members who submit a valid claim form

Settlement class members who submit a timely and valid claim will receive an estimated $17.50 total if their claims are not documented by receipts, and up to $100 if documented by receipts.

The amount will be adjusted upward or downward so the whole amount is paid out to class members who submit valid claims.

Class members who submit valid claims, but who do not cash the settlement check within 90 days, will have the funds donated to the American Heart Association. In addition to these unclaimed funds, Kroger will make a separate donation of $21,000 to the American Heart Association.

### Incentive Award to the Plaintiff

Subject to Court approval, class counsel is seeking a $7,000 incentive award for the class representative, Shavonda Hawkins.

4

Questions? Call 1-833-427-8627 or visit www.KBCLawsuit.com

## HOW TO GET A PAYMENT- SUBMITTING A CLAIM FORM

| **7.   How can I obtain a portion of the settlement?** |
|---|

Settlement class members who wish to receive a portion of the settlement fund must fully complete and submit a claim form, along with any supporting documentation, August 9, 2021.

You can obtain a claim form on the internet at www.KBCawsuit.com

Read the instructions carefully, fully complete the form, and submit it online at www.KBCLawsuit.com.

Alternatively, you may submit your claim form by mailing it to the following address:

> Kroger Bread Crumbs Litigation
> c/o Classaura Class Action Administration
> 1718 Peachtree St NW #1080,
> Atlanta, GA 30309

| **8.   How Can I Obtain a Claim Form?** |
|---|

You can obtain a claim form in one of three ways:

  i.   Online: You can make a claim entirely online. Most people use this method. You can also download and print out a claim form at www.KBCLawsuit.com.

  ii.  By phone: Call toll-free, 1-833-427-8627 to arrange for a claim form to be sent to you by either U.S. mail or e-mail.

  iii. By U.S. Mail: You may write to Kroger Bread Crumbs Litigation, c/o Classaura Class Action Administration, 1718 Peachtree St NW #1080, Atlanta, GA 30309. Be sure to include your name and mailing address.

### YOUR RIGHTS AND CHOICES - EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT

If you do not want to receive the settlement payment and wish to preserve the right you may have to sue about the labeling of Kroger Bread Crumbs on your own, then you must take affirmative steps to opt out of the settlement.

| **9.   How do I exclude myself from the settlement?** |
|---|

To exclude yourself from the settlement class, you must either: (1) send a written request for exclusion that must be received no later than August 9, 2021 to: Kroger Bread Crumbs Litigation, c/o Classaura Class Action Administration, 1718 Peachtree St NW #1080, Atlanta, GA 30309, or (2) submit a request for exclusion online through the settlement website.

Your Request for Exclusion must contain: (1) the name of the lawsuit, *Hawkins v. Kroger Co.*, Case Number 3:15-cv-2320-JM-AHG"; (2) your full name, current address, and telephone number; (3) a clear statement of intention to exclude yourself such as "I wish to be excluded from the Settlement Class"; and (4) your signature. You may also get an exclusion request form at www.KBCLawsuit.com. You cannot exclude yourself by telephone or by e-mail.

Your request for exclusion must be on behalf of yourself. You may not include multiple persons on a single request for exclusion.

If you ask to be excluded, you will not get a settlement payment and cannot object to the settlement. You may be able to sue (or continue to sue) Kroger in the future.

### 10. If I don't exclude myself, can I sue Kroger later?

If you do not properly and timely submit a Request for Exclusion, you waive your right to opt out, you will be deemed to be a member of the settlement class, you give up any right you may have to sue for the claims the settlement resolves, and you will be bound by the terms of the settlement agreement. If you have a pending lawsuit against Kroger, other than this lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from this settlement class to continue your own lawsuit. Remember, any request for exclusion must be signed, mailed, and postmarked or submitted online by no later than August 9, 2021. Excluded from the settlement and release is anything to do with a personal injury claim.

### 11. If exclude myself, can I get a payment from the settlement fund?

No. If you exclude yourself, you will not receive a payment from the settlement fund.

#### YOUR RIGHTS AND CHOICES - OBJECTING TO THE PROPOSED SETTLEMENT

### 12. How do I tell the court that I object to the settlement?

If you are a member of the Class, you may object to the settlement. In doing so, you must give reasons why you think the Court should not approve it, and the Court will consider your views.

The objection must contain the following:

(i) a reference, to the name and number of the lawsuit, which is *Hawkins v. Kroger Co.*, Case Number 3:15-cv-2320-JM-AHG;

(ii) your full, legal name, residential address, telephone number, and email address (and your lawyer's name, business address, telephone number and email address if you are objecting through counsel);

(iii)   a statement describing your membership in the settlement class, including a verification under oath as to the time and place of your purchase, and name of the retailer from whom you purchased Kroger Bread Crumbs;

(iv)   a written statement of all grounds for the objection, accompanied by any legal support for such objection;

(v)   copies of any documents upon which the objection is based and exhibits you will offer at the final approval hearing;

(vi)   a statement of whether you intend to appear at the final approval hearing, and if you are objecting through counsel, you must also state the identity of all attorneys who will appear at the final approval hearing on your behalf;

(vii)   a list of any other objections you or your counsel have submitted to class actions, whether in state or federal court, in the previous two years; and

(viii) your signature.

If you do not have access to Electronic Case Filing ("ECF"), your objection must be signed and submitted to the Court, along with any supporting documents, so that it is received no later than August 30, 2021 by the Court. Information on how to file case documents is at the Court website at www.casd.uscourts.gov.

A copy of your objection ***must*** also be signed and mailed, along with any supporting documents to the settlement administrator and each of the following two addresses, so that it is ***received by*** August 30, 2021.

Class Counsel

Gregory S. Weston
**THE WESTON FIRM**
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Email: *greg@westonfirm.com*

Counsel for The Kroger Company.

Jacob M. Harper
**DAVIS WRIGHT TREMAINE, LLP**
865 South Figueroa St., Suite 2400
Los Angeles, CA 90017
Email: *jharper@dwt.com*

| **13. What's the difference between objecting and excluding?** |
| --- |

Objecting is explaining to the Court why it should deny approval to the settlement, while keeping you a part of the Class.

Excluding yourself simply removes you from the Class. If you exclude yourself, you will not be eligible to file an objection or to appear at the final approval hearing.

**Questions? Call 1-833-427-8627 or visit www.KBCLawsuit.com**

**14. What happens if I do nothing at all?**

If you do nothing, you will get no payment from the settlement fund. But unless you timely excluded yourself, you also will not be able to start a new lawsuit, continue with a lawsuit, or be part of any other lawsuit against Kroger about the subject matter of this lawsuit ever again.

THE LAWYERS REPRESENTING YOU

**15. Do I have a lawyer in this case?**

The Court has appointed The Weston Firm as legal counsel for the settlement class. The law firm is called Class Counsel.

**16. How will the lawyers be paid?**

Class Counsel has not yet received any payment for prosecuting this lawsuit, nor been reimbursed for expenses like expert witness and filing fees. When they ask the Court to approve the settlement, Class Counsel will also make a motion to the Court to approve and award fees and expenses of up to $400,000. This amount, if the Court approves it, will be paid by the Defendant. No matter what the Court decides, the attorneys will not be asking you to pay them money. Class counsel will seek final approval of the settlement on behalf of all members of the settlement class. You may hire your own lawyer to represent you in this lawsuit if you wish, but it will be at your own expense.

THE COURT'S FINAL APPROVAL HEARING

**17. When and where will the court decide whether to approve the settlement?**

The Court overseeing this case will hold a final approval hearing at the federal courthouse located at the U.S. District Court for the Southern District of California, 221 W. Broadway, San Diego, CA 92101 in Courtroom 5D on September 27, 2021 to decide whether the settlement is fair, reasonable, and adequate, as well as to determine the amount of attorney fees and costs and incentive award. If there are objections, the Court will consider them at the final approval hearing. After the final approval hearing, the Court will decide whether to approve the settlement and whether to grant class counsel's request for fees and expenses. We do not know how long it will take the Court to make these decisions.

**18. Do I Have to Come to the Hearing?**

You are not required to attend the hearing, but you are welcome to attend at your own expense. If you support the settlement, the best way to show this is by submitting a valid claim for a settlement payment on the settlement website.

8

If you send an objection, you do not have to appear in Court to present it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend.

### FINAL SETTLEMENT APPROVAL

### 19. What is the effect of final settlement approval?

If the Court grants final approval of the settlement and all appeals have been exhausted, the Released Parties (as defined in the Settlement Agreement) will be released of and from any and all claims asserted or which could have been asserted in the litigation, including all claims relating to the manufacturing, preparation, handling, distribution, advertising, marketing, packaging, sale, labeling, promotion, and ingredients of Kroger Bread Crumbs. Class Members' claims of a *personal injury* resulting from a defect in Kroger Bread Crumbs or their packaging are specifically not included in the Released Claims.

If the Court does not approve the settlement, this lawsuit will proceed as if no settlement had been attempted.

If the settlement is not approved and litigation resumes, there is no guarantee of payment to the settlement class.

### GETTING MORE INFORMATION

### 20. Are there more details about the settlement?

This Notice is only intended to provide a summary of the proposed Settlement. You may obtain the complete text of the settlement agreement at www.KBCLawsuit.com.

The settlement website located at www.KBCLawsuit.com also has the settlement payment claim form, the request for exclusion form, and several of the key documents from the case such as the Class Action Complaint.

You may also contact the Settlement Administrator by email at: Contact@KBCLawsuit.com, or by writing to Kroger Bread Crumbs Litigation, c/o Classaura Class Action Administration, 1718 Peachtree St NW #1080, Atlanta, GA 30309.

**PLEASE DO NOT CALL OR DIRECT ANY INQUIRIES TO THE COURT.**

**This notice is given with the approval and at the direction of the Court.**

9

Questions? Call 1-833-427-8627 or visit www.KBCLawsuit.com