UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAVONDA HAWKINS,<br><br>                       Plaintiff,<br><br>v.<br><br>THE KROGER COMPANY,<br><br>                       Defendant. | Case No.: 15cv2320 JM (AHG)<br><br>**ORDER ON JOINT MOTION TO REVISE NOTICE PLAN** |

      Presently before the court is Plaintiff Shavonda Hawkins and Defendant The Kroger Company's "Joint Stipulation to Revise Notice Plan in Conformity to Court's Order Conditionally Approving Class Action Settlement." (Doc. No. 347). For the reasons set forth below, the Court **GRANTS** the Parties' Joint Motion **AS MODIFIED.**

## BACKGROUND

      The present case is a class action involving the labeling of Kroger Bread Crumbs from January 1, 2010 to December 31, 2015. On April 20, 2021, Plaintiff filed a Motion for Preliminary Approval of Class Settlement. (Doc. No. 343). In the Motion, the Parties agreed to notify potential class members through: (1) a class settlement website; (2) Facebook ads limited to adult California users, partially targeting women over the age of 25; (3) a press release through PR Newswire; (4) settlement details forwarded to class action advocacy websites (e.g., TopClassActions.com and ClassActionRebates.com); and

(5) publication in a newspaper of general circulation in San Diego County for four consecutive weeks. (Doc. No. 343 at 10-11; Settlement Agreement at ¶¶ 3-11).[1]

On June 21, 2021, the court held a hearing on Plaintiff's Motion. (Doc. No. 345). On July 2, 2021, the court issued an Order conditioning its preliminary approval of the class action settlement on the Parties submitting a revised joint notice plan. (Doc. No. 346 at 10). At both the hearing and in its subsequent Order, the court expressed concern the Parties' "primary method" of notification would be through partially targeted Facebook advertisements despite a lack of evidence potential class members: (1) use Facebook; or (2) are women over the age of 25. *Id.* at 9. The court was also unconvinced publication in a single local newspaper would be sufficient to reach a statewide class. *Id.* at 10.

For these reasons, the court instructed the Parties to meet and confer regarding the submission of a Revised Notice Plan addressing these concerns and to devise further appropriate means of distributing class notice through the websites and customer contact information Kroger maintains in connection with its various customer loyalty programs. *Id.* On July 21, 2021, the Parties filed the instant Motion for approval of their Revised Notice Plan. (Doc. No. 347).

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), "[f]or any class certified under Rule 23(b)(3) . . . the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."

In the instant Motion, Kroger states it does not possess records of customers who purchased Kroger Bread Crumbs through the entire class period, but *does* possess records of more recent purchasers. (Doc. No. 347 at 2). Based on this information, the Parties

---

[1] Document numbers and page references to those assigned by the CM/ECF.

stipulate they will mail or e-mail notice to "Kroger's California-based 'club card' members who purchased Kroger Bread Crumbs within the last twelve months." *Id.* at 2.

Because Kroger does not maintain records of all individuals who have purchased Kroger Bread Crumbs through the entire class period, the court acknowledges actual notice to each individual class member is likely impossible. Notice plans however, are not expected to reach every class member. Instead, Rule 23 requires the best notice "practicable"; not perfect notice. *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1129 (9th Cir. 2017) (Rule 23 "does not insist on actual notice to all class members in all cases and recognizes it might be *impossible* to identify some class members for purposes of actual notice.") (quotations omitted).

Under the circumstances, the court finds the Parties' proposed method of directly mailing or e-mailing Kroger Club Card members who have recently purchased Kroger Bread Crumbs a reasonably effective means of distributing notice. The court also directs the Parties to use reasonable efforts to ensure e-mails sent to Kroger Club Card members are not directed to "junk" or "spam" folders. The Class Administrator shall track returned e-mails. If an e-mail is returned, the Class Administrator shall re-send the notice via mail, if a physical address is available.

The Parties have not, however, adequately addressed the court's concerns regarding the reasonableness of targeting women over the age of twenty-five through Facebook. Although there is some evidence in the record to support the proposition that Facebook is widely used in California (Doc. No. 343-3 at 3), there is no evidence (in the form of market research or otherwise) that women over the age of twenty-five are more likely to purchase Kroger Bread Crumbs. *See Hilsley v. Ocean Spray Cranberries, Inc.*, No. 17CV2335-GPC(MDD), 2019 WL 718807, at *3 (S.D. Cal. Feb. 5, 2019) ("Class notice via social media may satisfy Rule 23 as long as it is targeted and the proponent provides details on the 'proposed use and reasoning behind use of a particular social media method as part of a notice plan.'") (citing 1 McLaughlin on Class Actions § 5:81). Absent evidence of how the Parties came to this conclusion, the court finds it more appropriate

for the Parties' Facebook advertisements to target adult consumers over the age of eighteen, regardless of their gender.

Finally, the Parties have also not addressed the court's concerns regarding how publication in a newspaper of general circulation in San Diego County alone, would notify potential members of a statewide class. Instead, the Parties cite to the "relatively high cost of newspaper ads" in comparison to their "small reach[.]" (Doc. No. 347 at 2). Cost alone, however, "is not necessarily a relative consideration under Rule 23(b)(3)." *Logan v. City of Pullman Police Dep't*, No. CV-04-214-FVS, slip. op. at 3 (E.D. Wash. Apr. 24, 2006). Notably, the Parties have not provided any concrete evidence this cost would be overly burdensome given the potential of reaching additional class members outside San Diego County. For these reasons, the Parties are directed to publish notice through at least one additional newspaper with statewide circulation for four consecutive weeks.

In sum, the court preliminary approves the Parties' Revised Notice Plan, subject to the modifications set forth above.

**IT IS SO ORDERED.**

Dated: July 28, 2021

JEFFREY T. MILLER
United States District Judge